NANCY A. MITCHELL *(pro hac vice pending)*  GREGORY E. GARMAN, NV Bar # 6654
MARIA J. DICONZA *(pro hac vice pending)*  THOMAS H. FELL, NV Bar # 3717
GREENBERG TRAURIG, LLP  TERESA M. PILATOWICZ, NV Bar #9605
The MetLife Building  GORDON SILVER
200 Park Avenue  3960 Howard Hughes Parkway, 9th flr.
New York, New York 10166  Las Vegas, Nevada 89169
Telephone: 212-801-9200  Telephone: 702-796-5555
Facsimile: 212-801-6400  Facsimile: 702-369-2666
Email: mitchelln@gtlaw.com  Email: ggarman@gordonsilver.com
         diconzam@gtlaw.com          tfell@gordonsilver.com
                                     tpilatowicz@gordonsilver.com

*Proposed Counsel for the Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| In re: | Case No.: BK-S-14-12524-abl |
|---|---|
| TELEXFREE, LLC, | Chapter 11 |
| ☐ Affects this Debtor | **[PROPOSED]**<br>**Jointly Administered with:** |
| ☒ Affects all Debtors | 14-12525-abl   TelexFree, Inc.<br>14-12526-abl   TelexFree Financial, Inc |
| ☐ Affects TELEXFREE, INC. | |
| ☐ Affects TELEXFREE FINANCIAL, INC | Date: OST REQUESTED<br>Time: OST REQUESTED |

## EMERGENCY APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT FOR DEBTORS

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")[1] hereby submit this emergency application (the "**Application**") for an order pursuant to 28 U.S.C. § 156(c), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Guidelines (as defined herein), substantially in the form attached hereto as **Exhibit "1,"** authorizing the retention and employment of Kurtzman Carson Consultants LLC ("**KCC**") as the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: TelexFree, LLC (0853), TelexFree, Inc. (1309) and TelexFree Financial, Inc (7555). The Debtors' business address is 225 Cedar Hill Street, Suite 200, Marlborough, Massachusetts 01752.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

official claims and noticing agent for the Debtors *nunc pro tunc* to the Petition Date (as defined herein).

This Application is made and based on the memorandum of points and authorities provided herein, the *Declaration of Evan J. Gershbein in Support of Emergency Application for Order Authorizing the Employment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent for Debtors* (the "**Gershbein Declaration**") filed contemporaneously herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Application.

## I.
## STATUS OF THE CASE

1. On April 13, 2014 (the "**Petition Date**"), the Debtors commenced the above-captioned cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**").

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these Chapter 11 Cases.

## II.
## JURISDICTION, VENUE, AND STATUTORY PREDICATES

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are 28 U.S.C. §156(c), and Bankruptcy Rules 2002 and 2014.

6. Pursuant to LR 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

2

States Constitution.

### III.
### BACKGROUND

7.  TelexFree, LLC, a Nevada limited liability company ("**TelexFree Nevada**"), TelexFree, Inc., a Massachusetts corporation ("**TelexFree Massachusetts**") and TelexFree Financial, Inc, a Florida corporation ("**TelexFree Florida**" and together with TelexFree Massachusetts and TelexFree Nevada, "**TelexFree**," the "**Debtors**" or the "**Company**") are a telecommunications business that uses multi-level marketing to assist in the distribution of voice over internet protocol ("**VoIP**") telephone services. TelexFree's retail VoIP product, 99TelexFree, allows for unlimited international calling to approximately seventy countries for a flat monthly rate of $49.90. Customers of the Debtors' VoIP product ("**Customers**") used approximately 11 million minutes of the 99TelexFree VoIP service in February 2014. Since 99TelexFree was introduced in 2012, Customer usage increased on a monthly basis until March 2014.

8.  TelexFree is operated as a multi-level marketing company, and currently has over 700,000 associates or promoters (the "**Promoters**") worldwide. Prior to the filing of these Chapter 11 Cases, TelexFree compensated Promoters for the sales of the VoIP product, the placing of advertisements and the recruitment of other Promoters down line. Because questions were raised about its compensation plan, the Company on March 9, 2014, discontinued its original compensation plan (the "**Original Comp Plan**") and replaced the Original Comp Plan with a revised compensation plan (the "**Revised Comp Plan**" and together with the Original Comp Plan, the "**Pre-Petition Comp Plans**"). At the time of the roll-out of the Revised Comp Plan, the Company decided to honor certain discretionary payments to Promoters under the Original Comp Plan. These discretionary payments quickly became a substantial drain on the Company's liquidity. The Company discontinued the Pre-Petition Comp Plans and ceased making discretionary payments under the Original Comp Plan prior to the Petition Date.

9.  The Company believes the sales of the 99TelexFree product, the TelexFree "app," and other new products will ultimately prove successful and profitable. The Company is

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

3

struggling, however, with several factors that required it to seek chapter 11 protection by filing these Chapter 11 Cases. First, the Company experienced exponential growth in revenue between 2012 and 2013 (from de minimus amounts to over $1 billion), which put tremendous pressure on the Company's financial, operational and management systems. Second, although the Company revised its Original Comp Plan in order to address certain questions that were raised regarding such plan, the Company believes that the Pre-Petition Comp Plans need to be further revised. Finally, the trailing liabilities arising from the Original Comp Plan are difficult to quantify and have resulted in substantial asserted liabilities against the Company, a number of which may not be valid.

10. As a result, the Company filed these Chapter 11 Cases to obtain the breathing room to address its operational and regulatory issues, revise the Pre-Petition Comp Plans, and quantify and address the claims against it. The Company believes that a restructuring of its debt, adoption of a post-petition revised compensation plan, unveiling of new products (including the TelexFree app), and return to growing its Customer base will allow the Company to realize its full potential and generate significant value for its constituents.

11. A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Omnibus Declaration of William H. Runge III in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [ECF No. 13], filed contemporaneously herewith and incorporated herein by reference.

## IV.
## RELIEF REQUESTED

12. 28 U.S.C. § 156(c), which governs the staffing and expenses of a bankruptcy court, expressly authorizes the Court to use "facilities" or "services" other than the Clerk's Office for administration of bankruptcy cases. It states:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

4

not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c). Complementing 28 U.S.C. § 156(c), Bankruptcy Rule 2002, which generally regulates the notices that must be provided to creditors and other parties-in-interest in a bankruptcy case, provides that the Court may direct that a person other than the Clerk of the Court give notice of the various matters described therein. *See* Fed. R. Bankr. P. 2002.

13. Pursuant to 28 U.S.C. § 156(c), Bankruptcy Rule 2002, and the Guidelines discussed below, this Court has previously approved the retention of claims and noticing agents in Chapter 11 cases with large numbers of creditors and parties-interest. *See e.g., In re Global Axcess Corp.*, Case No. 13-51562-MKN, ECF No. 310 (Bankr. D. Nev. March 21, 2014); *In re Ahern Rentals, Inc.*, Case No. 11-53860-BTB, ECF No. 31 (Bankr. D. Nev. December 23, 2011).

14. Thus, the Debtors' retention and employment of KCC as claims and noticing agent is expressly authorized under 28 U.S.C. § 156(c) and Bankruptcy Rule 2002, and the Debtors believe that engaging KCC in such capacity will expedite the service of Bankruptcy Rule 2002 notices, streamline the claims administration process, and permit the Debtors to focus on operating their business and consummating a successful sale of their assets. Accordingly, on or about April 13, 2014, the Debtors and KCC entered into the KCC Agreement For Services (the "**Engagement Agreement**"), a true and correct copy of which is attached to the Gershbein Declaration as **Exhibit "1."** *See* Gershbein Decl. ¶ 3.

15. The Debtors request the Court enter an order, pursuant to 28 U.S.C. 156(c), Bankruptcy Rule 2002, and the Guidelines, authorizing the retention and employment of KCC as Debtors' claims and noticing agent in the Chapter 11 Cases. The Debtors respectfully submit that the fees and expenses that would be incurred by KCC under the Engagement Agreement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

5

# V.
# SCOPE OF SERVICES

16. The "Guidelines For A Claims Agent"[2] (the "**Guidelines**") issued by the Bankruptcy Court in this District provide that the appointment of a claims, noticing, and balloting agent, pursuant to 28 U.S.C. §156(c), is required if there are 1,000[3] or more creditors in a case and may be required by the Court in other circumstances. Under the Guidelines, the claims and noticing agent shall:

   a. Relieve the Clerk's office of all noticing under any applicable Bankruptcy Rules and processing of claims.

   b. At any time, upon request, satisfy the Court that the claims and noticing agent has the capability to efficiently and effectively notice, image proofs of claim, docket in the Court's CM/ECF system and the claims agent's computer system, and securely maintain the proofs of claim.

   c. Prepare and serve required notices in the bankruptcy cases, including but not limited to: (i) notice of all creditors of the filing of the bankruptcy petition and of the setting of the first meeting of creditors, pursuant to Section 341(a), under the proper provision of the Bankruptcy Code; (ii) notice of the claims bar date; (iii) notices of objections to claim; (iv) notices of any hearings on a disclosure statement and confirmation of a plan of reorganization; (v) notice of judgments or orders pursuant to Administrative Order 2011-02; and (vi) notice any other matters as required by the order retaining the claims agent.

   d. Furnish a last date for the filing of a proof of claim and a form for filing a proof of claim to each creditor notified of the filing.

   e. Maintain an up-to-date copy of the debtor's schedules that list the creditors and the amounts owed, and maintain an accurate and up-to-date-mailing list.

   f. Provide creditors with their scheduled amount and classification, and

---

[2] Available at: www.nvb.uscourts.gov/downloads/cm-ecf/guidelines-claims-agent.pdf.

[3] The Debtors anticipate that they will be required to provide notice of the Chapter 11 Cases to several thousand persons and/or entities, each of which could conceivably file a proof of claim.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

6

which debtor they are scheduled under.

g. File with the Clerk a certificate of service within 10 days, which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order by last name or company name), and the date mailed.

h. Image the proofs of claim and all attachments in PDF format (not to exceed 4 MG in size per image), make the electronic docket entry into the Court's CM/ECF docketing system and the claims agent's docketing system of each proof of claim including the entry of the creditor's name and address, if necessary, and attach that image to the appropriate proof of claim docket entry to enable the electronic viewing of the documents by court personnel, counsel, and the public.

i. Cause to be forwarded all proofs of claim and transfers of claims from the Clerk to the claims agent through a messenger service or postage paid envelopes.

j. Once imaged, maintain any hard copies of proofs of claim originally received in paper format for the life of the case, or until otherwise ordered by the Court: (i) in correct claim number order; and (ii) in an environmentally secure area to protect the integrity of these original documents from theft and/or alteration.

k. Maintain an official claims register in CM/ECF and the claims agent's computer docketing system by docketing all proofs of claim on a claims register, including but not limited to, the following information: (i) the name and address of the claimant and the agent; (ii) the date received; (iii) the claim number assigned; and (iv) the amount and classification asserted by such claimant.

l. Have the option to send at the discretion of debtor or Clerk, an acknowledgment letter to the creditor when its claim is processed.

m. Maintain a telephone staff to handle inquiries related to procedures about filing proofs of claim.

n. Ensure electronic filing and processing of all assignments and transfers of claims pursuant to Bankruptcy Rule 3001(e) by: (i) electronically filing and docketing all transfers of claim in the Court's CM/ECF docketing system; (ii) providing notice of the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

7

transfer as required by Bankruptcy Rule 3001(e) and electronically filing and docketing the notice of transfer; and (iii) after said electronic docketing, writing the document number in the lower right hand corner of the document, and delivering the original document to the Clerk's office by hand delivery or by mail for filing with other original non-proof of claim paper documents.

    o.    Make changes in the claims register pursuant to Court order.

    p.    Make all original documents available to the Clerk on an expedited immediate basis.

    q.    Not employ any past or present employees of the debtor for work on the particular case involving the debtor.

    r.    Provide notices, at the expense of the debtor's estate, to any entities, not limited to creditors, that the debtor or the Court deems necessary for an orderly administration of the bankruptcy cases.

    s.    At the close of the bankruptcy cases, case conversion, or when the claims agent is terminated for any reason: (i) file a notice of termination, using the approved local form available on the Court's website; (ii) allow for the Clerk's office to assume responsibility of the claims register using the claims register functionality in CM/ECF, including making formatting modifications to the claims register before turning over to the Clerk's office for uploading; (iii) send the Court the final version of the claims register in PDF format to be docketed in CM/ECF; and (iv) box and ship all original documents in proper format, as provided by the Clerk's office, to the office address of the Clerk of the Court.

    t.    Ensure that no notices or forms are sent on behalf of the debtor without prior approval of the Clerk.

    u.    Be responsible for regular contact with the debtor's counsel to ensure any changes in the claims that appear on the docket, i.e., withdrawals, transfers, etc., are transmitted to the claims agent for electronic recordation on the claims register and the case docket, as appropriate.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

8

17. In addition to complying with the Guidelines set forth above, and subject to Court approval, KCC will perform some or all of the following services:

    a. provide the Debtors with consulting services regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and any other services agreed upon by the parties or otherwise required by applicable law, government regulations or court rules or orders;

    b. provide (i) computer software support and training in the use of the support software as needed, (ii) KCC's standard reports as well as consulting and programming support for the Debtors' requested reports, (iii) program modifications, (iv) database modifications, and/or (v) other features and services in accordance with the fees outlined in the pricing schedule provided to the Debtors; and

    c. without limiting the generality of the foregoing, KCC may, upon request by the Debtors, (i) provide a communications plan including, but not limited to, preparation of communications materials, dissemination of information and a call center staffed by KCC and/or (ii) provide confidential on-line workspaces or virtual data rooms and publish documents to such workspaces or data rooms.

See Gershbein Decl. ¶ 4.

18. The scope of KCC's services may be expanded from time to time, provided that KCC and the Debtors mutually agree in writing to any such expansion and any corresponding increase in fees. See id. ¶ 5.

19. Subject to this Court's approval of the Application, KCC is willing to serve as the Debtors' claims and noticing agent and to perform the services described above. KCC will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services. See id. ¶ 6.

## VI.
## QUALIFICATIONS

20. KCC is a bankruptcy administrator that specializes in providing comprehensive Chapter 11 administrative services including noticing, claims processing, balloting, and other

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

Case 14-40987    Doc 16    Filed 04/14/14    Entered 04/14/14 16:05:34    Desc Main
                        Document      Page 10 of 13

related services critical to the effective administration of chapter 11 cases. KCC has developed efficient and cost-effective methods to properly handle the voluminous mailings associated with the noticing, claims processing, and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders, and all parties-in-interest. Further, KCC will work with the Clerk's office to ensure that such methodology conforms with all of the Court's procedures, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered by this Court. *See id.* ¶ 7.

21. KCC has substantial experience in matters of this size and complexity, and has acted as the official claims, noticing, and balloting agent in many large bankruptcy cases in this District and throughout the nation. *See, e.g., In re Global Axcess Corp.*, Case No. 13-51562-MKN (Bankr. D. Nev. 2014); *In re Ahern Rentals, Inc.*, Case No. 11-53860-BTB (Bankr. D. Nev. 2011); *In re Black Gaming, LLC*, Case No. 10-13301 (Bankr. D. Nev. 2010); *In re Consolidated Resorts, Inc.*, Case No. 09-22035 (Bankr. D. Nev. 2009); *Stations Casinos, Inc.*, 09-52477-GWZ (Bankr. D. Nev. 2009); *In re Lake at Las Vegas Joint Venture, LLC*, Case No. 08-17814-LBR (Bankr. D. Nev.); *In re NewPage Corporation, et al.*, Case No. 11-12804 (Bankr. D. Del. Sept. 7, 2011); *In re DSI Holdings, Inc., et al.*, Case No. 11-11941 (Bankr. D. Del. 2011); *In re Nebraska Book Co., Inc., et al.*, Case No. 11-12005 (Bankr. D. Del. 2011); *In re Caribe Media, Inc., et al.*, Case No. 11-11387 (Bankr. D. Del. 2011); *In re Barnes Bay Development, Ltd., et al.*, Case No. 11-10792 (Bankr. D. Del. 2011); *In re New Stream Secured Capital, Inc., et al.*, Case No. 11-10753 (Bankr. D. Del. 2011); *In re Ultimate Acquisition Partners, LP*, Case No. 11-10245 (Bankr. D. Del. 2011); *In re Javo Beverage Co., Inc.*, Case No. 11-10212 (Bankr. D. Del. 2011); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (Bankr. D. Del. 2011); *In re Marco Polo Seatrade B.V., et al.*, Case No. 11-13634 (Bankr. S.D.N.Y. 2011); *In re MSR Resort Golf Course LLC, et al.*, Case No. 11-10372 (Bankr. S.D.N.Y. 2011); *In re Vertis Holdings, Inc.*, Case No. 10-16170 (Bankr. S.D.N.Y. 2010); *In re American Media, Inc.*, Case No. 10-16140 (Bankr. S.D.N.Y. 2010); *In re Loehmann's Holdings, Inc.*, Case No. 10-16077 (Bankr. S.D.N.Y. 2010); *In re Archdiocese of Milwaukee*, Case No. 11-20059 (Bankr. E.D. Wisc. 2011); *In re Ecoly Int'l, Inc., et al. (a/k/a Sexy Hair Concepts, LLC)*, Case

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc                                    10

No. 10-25922 (Bankr. C.D. Cal. 2010). *See* Gershbein Decl. ¶ 8.

22. The Debtors potentially have approximately 700,000 creditors and parties-in-interest and are seeking a number of expedited timelines, and therefore, the Debtors require a well-qualified and experienced noticing and claims agent. As demonstrated by KCC's experience in large chapter 11 cases, it is qualified and competent to serve as claims and noticing agent for the Debtors in these Chapter 11 Cases. *See id.* ¶ 9.

## VII.
## DISINTERESTEDNESS

23. Although the Debtors do not propose to retain KCC under section 327 of the Bankruptcy Code, based upon the disclosures in the Engagement Agreement and the Gershbein Declaration, KCC: (a) is a "disinterested person" as that term is defined in section 101(14), except that KCC was employed by the Debtors prior to the Petition Date as allowed by section 1107(b) of the Bankruptcy Code; and (b) does not hold or represent an interest materially adverse to these Debtors' bankruptcy estates and does not have any connection with the Debtors, their creditors, any other parties-in-interest in the Chapter 11 Cases, or with the Office of the United States Trustee or any person employed in the Office of the United States Trustee. *See id.* ¶ 10.

24. The following supplemental disclosures are made with respect to KCC's disinterestedness:

    a. KCC is not and was not a creditor, an equity security holder, or an insider of any of the Debtors;

    b. KCC is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors; and

    c. KCC has no interest materially adverse to the interests of the bankruptcy estates or of any class of creditors or equity security holders, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

*See id.* ¶ 11.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

11

25. In connection with its retention as claims and noticing agent, KCC represents, among other things, that: (a) KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in this Bankruptcy Case; (b) by accepting employment in these Chapter 11 Cases, KCC waives any rights to receive compensation from the United States government in its capacity as the claims and noticing agent in these Chapter 11 Cases; (c) in its capacity as the claims and noticing agent in these Chapter 11 Cases, KCC will not be an agent of the United States and will not act on behalf of the United States; and (d) KCC will not employ any past or present employees of the Debtors in connection with its work as the claims and noticing agent in these Chapter 11 Cases. *See id.* ¶ 12.

26. To the extent the Debtors and/or KCC discover during the period of KCC's employment any material facts bearing upon the matters described herein, the Debtors and/or KCC promptly will inform the Court. *See id.* ¶ 13.

27. Finally, KCC does not hold or represent any interest that would impair KCC's ability to objectively perform the services contemplated herein. See id. ¶ 14.

## VIII.
## COMPENSATION

28. The fees to be charged by KCC in connection with these Chapter 11 Cases are set forth in the Engagement Agreement. The Debtors propose that the cost of KCC's services be paid from the Debtors' estates as provided by 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A). Debtor respectfully submits that KCC's rates for its services in connection with the notice, claims processing, and solicitation services are competitive and comparable to the rates charged by their competitors for similar services.

29. The Debtors further submit that the fees and expenses incurred by KCC are administrative in nature and, therefore, should not be subject to the standard fee application procedures for professionals. The Debtors request authorization to compensate KCC on a monthly basis, in accordance with the terms and conditions set forth in the Engagement Agreement, upon KCC's submission to the Debtors of invoices summarizing in reasonable detail

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497.doc

12

the services rendered and expenses incurred in connection with services provided by KCC to the Debtors.

## IX.
## CONCLUSION

WHEREFORE, the Debtors respectfully request the Court enter an order, substantially in the form attached hereto as **Exhibit 1,** authorizing the Debtors to employ KCC as their claims and noticing agent to perform the claims and noticing services described above pursuant to 28 U.S.C. § 156(c), Bankruptcy Rule 2002, and the Guidelines. The Debtors also request such other and further relief as is just and proper.

DATED this 14th day of April, 2014.

GORDON SILVER

By: _____
GREGORY E. GARMAN, ESQ.
THOMAS H. FELL, ESQ.
TERESA M. PILATOWICZ, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169

AND

NANCY A. MITCHELL *(pro hac vice pending)*
MARIA J. DICONZA *(pro hac vice pending)*
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166

*Proposed Counsel for the Debtors
and Debtors in Possession*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2261497

13