NANCY A. MITCHELL *(pro hac vice pending)*
MARIA J. DICONZA *(pro hac vice pending)*
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: 212-801-9200
Facsimile: 212-801-6400
Email: mitchelln@gtlaw.com
    diconzam@gtlaw.com

GREGORY E. GARMAN, NV Bar # 6654
THOMAS H. FELL, NV Bar # 3717
TERESA M. PILATOWICZ, NV Bar # 9605
GORDON SILVER
3960 Howard Hughes Parkway, 9th flr.
Las Vegas, Nevada 89169
Telephone: 702-796-5555
Facsimile: 702-369-2666
Email: ggarman@gordonsilver.com
    tfell@gordonsilver.com
    tpilatowicz@gordonsilver.com

*Proposed Counsel for the Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br><br>☐ Affects this Debtor<br><br>☒ Affects all Debtors<br><br>☐ Affects TELEXFREE, INC.<br><br>☐ Affects TELEXFREE FINANCIAL, INC | Case No.: BK-S-14-12524-abl<br>Chapter 11<br><br>**[PROPOSED]**<br>**Jointly Administered with:**<br><br>14-12525-abl  TelexFree, Inc.<br>14-12526-abl  TelexFree Financial, Inc<br><br>Date: OST REQUESTED<br>Time: OST REQUESTED |

**EMERGENCY MOTION OF THE DEBTORS FOR ENTRY OF AN INTERIM ORDER (A) AUTHORIZING THE MAINTENANCE OF ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS, (B) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES & (C) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POST PETITION INTERCOMPANY CLAIMS**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")[1] hereby move the Court (the "**Motion**") pursuant to sections 105, 345, 363, 364 and 553 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 6003

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: TelexFree, LLC (0853), TelexFree, Inc. (1309) and TelexFree Financial, Inc (7555). The Debtors' business address is 225 Cedar Hill Street, Suite 200, Marlborough, Massachusetts 01752.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2015-2(a) and (b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (the "**Local Rules**"), and the investment and deposit guidelines (the "**Guidelines**") promulgated by the Office of the United States Trustee, for entry of an order: (a) authorizing the maintenance of accounts, the continued use of the primary operating account, and the continued use of existing business forms and checks; (b) waiving certain of the investment and deposit Guidelines established by the United States Trustee for the District of Nevada; (c) granting administrative expense status to postpetition intercompany claims; and (d) providing any additional relief as is necessary to effectuate the foregoing. In support of this Motion, the Debtors respectfully state as follows:

## I.
## STATUS OF THE CASE

1. On April 13, 2014 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these Chapter 11 Cases.

## II.
## JURISDICTION, VENUE, AND STATUTORY PREDICATES

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are sections 105(a), 345, 363, 364 and 553 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004(h), and Local Rules 2015-2(a) and (b).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

6.  Pursuant to Local Rule 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## III.
## BACKGROUND

7.  TelexFree, LLC, a Nevada limited liability company ("**TelexFree Nevada**"), TelexFree, Inc., a Massachusetts corporation ("**TelexFree Massachusetts**") and TelexFree Financial, Inc, a Florida corporation ("**TelexFree Florida**" and together with TelexFree Massachusetts and TelexFree Nevada, "**TelexFree**," the "**Debtors**" or the "**Company**") are a telecommunications business that uses multi-level marketing to assist in the distribution of voice over internet protocol ("**VoIP**") telephone services. TelexFree's retail VoIP product, 99TelexFree, allows for unlimited international calling to approximately seventy countries for a flat monthly rate of $49.90. Customers of the Debtors' VoIP product ("**Customers**") used approximately 11 million minutes of the 99TelexFree VoIP service in February 2014. Since 99TelexFree was introduced in 2012, Customer usage increased on a monthly basis until March 2014.

8.  TelexFree is operated as a multi-level marketing company, and currently has over 700,000 associates or promoters (the "**Promoters**") worldwide. Prior to the filing of these Chapter 11 Cases, TelexFree compensated Promoters for the sales of the VoIP product, the placing of advertisements and the recruitment of other Promoters down line. Because questions were raised about its compensation plan, the Company on March 9, 2014, discontinued its original compensation plan (the "**Original Comp Plan**") and replaced the Original Comp Plan with a revised compensation plan (the "**Revised Comp Plan**" and together with the Original Comp Plan, the "**Pre-Petition Comp Plans**"). At the time of the roll-out of the Revised Comp Plan, the Company decided to honor certain discretionary payments to Promoters under the Original Comp Plan. These discretionary payments quickly became a substantial drain on the Company's liquidity. The Company discontinued the Pre-Petition Comp Plans and ceased

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

making discretionary payments under the Original Comp Plan prior to the Petition Date.

9. The Company believes the sales of the 99TelexFree product, the TelexFree "app," and other new products will ultimately prove successful and profitable. The Company is struggling, however, with several factors that required it to seek chapter 11 protection by filing these Cases. First, the Company experienced exponential growth in revenue between 2012 and 2013 (from de minimus amounts to over $1 billion), which put tremendous pressure on the Company's financial, operational and management systems. Second, although the Company revised its Original Comp Plan in order to address certain questions that were raised regarding such plan, the Company believes that the Pre-Petition Comp Plans need to be further revised. Finally, the trailing liabilities arising from the Original Comp Plan are difficult to quantify and have resulted in substantial asserted liabilities against the Company, a number of which may not be valid.

10. As a result, the Company filed these Cases to obtain the breathing room to address its operational and regulatory issues, revise the Pre-Petition Comp Plans, and quantify and address the claims against it. The Debtors believe that a restructuring of its debt, adoption of a post-petition revised compensation plan, unveiling of new products (including the TelexFree app), and return to growing its Customer base will allow the Company to realize its full potential and generate significant value for its constituents.

11. A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Declaration of William H. Runge III in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed on the Petition Date and incorporated herein by reference.

A. **The Debtors' Cash Management System**

12. Prior to the commencement of the Chapter 11 Cases, and in the ordinary course of their businesses, the Debtors maintained approximately 16 bank, brokerage or other accounts (collectively, the "**Accounts**"). A list of the Accounts is attached hereto as **Exhibit 1**. As indicated herein, a number of the Accounts have been closed, but still contain cash or other

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

property of the estates.

13. The Debtors' Interim Chief Executive Officer and Chief Financial Officer are working with Alvarez & Marsal, the Debtors' restructuring consultant, to consolidate the Debtors' cash resources and rationalize the Debtors' cash management system. The process is on-going and the Debtors expect that it will be completed in the next few weeks. Until that time, the Debtors are seeking interim approval to use only the funds currently in the primary operating account at PNC Bank (the "**PNC Account**") to fund the Debtors' ordinary course operating expenses and the costs of administration of these Chapter 11 Cases. The Debtors also seek approval to maintain the balance of the Accounts pending further order of this Court. Once the Debtors complete the on-going process of revising the cash management system, the Debtors anticipate seeking a further order of this Court to implement any revisions.

**B.    The Accounts**

14. TelexFree Florida maintains an account with PNC Bank (the "**PNC Account**"). The PNC Account is used as the general disbursement account for the Debtors. TelexFree Florida funds the operations of TelexFree Nevada and TelexFree Massachusetts from the PNC Account. The Debtors record these transactions and book journal entries to record each entities intercompany liabilities. As of the Petition Date, approximately $2.4 million is available in the PNC Account.

15. Other than the PNC Account, the Debtors hold cash in 15 Accounts. A brief description of each of those Accounts is set forth on **Exhibit 2** attached hereto. By this Motion, the Debtors seek authority to maintain those Accounts but not to use any funds contained therein without further order of this Court.

16. The Debtors are currently in the possession of several cashier's checks in amounts that are approximately $38 million. These cashier's checks are currently stored in a secure safety deposit box controlled by the Debtors. The Debtors' Interim CEO and CFO control access to the safety deposit box. The Debtors intend to deposit these cashier's checks into an escrow account that is to be established by the Debtors after seeking authorization from the Court.

17. The Debtors' transition into chapter 11 will be significantly less disruptive if the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

Accounts are maintained following the commencement of the Chapter 11 Cases with the same account numbers until the Debtors can rationalize their cash management system. The Debtors further request authority to deposit funds in and withdraw funds from the PNC Account postpetition, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, ACH, electronic funds transfers, and other debits and to treat the Accounts for all purposes as debtor-in-possession accounts.

B. **Existing Business Forms and Checks**

18. In the ordinary course of business, the Debtors use pre-printed check stock with the relevant Debtor's name printed thereon. In addition, the Debtors maintain pre-printed correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials, and other business forms (collectively, along with the Debtors' checks, the "**Business Forms**"). To minimize administrative expense and delay, the Debtors request authority to continue to use their Business Forms substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' "Debtor-in-Possession" status.

C. **Intercompany Transactions**

19. As referenced herein, *supra*, the Debtors' use of the funds in the PNC Account give rise to intercompany claims (the "**Intercompany Transactions**").

20. The Debtors maintain records of their Intercompany Transactions, including fund transfers, and thus can ascertain, trace and account for Intercompany Transactions. The Debtors will continue to maintain records and appropriately reconcile all Intercompany Transactions postpetition.

## IV.
## RELIEF REQUESTED

21. By this Motion, the Debtors seek an order: (a) authorizing the maintenance of the Accounts, the continued use of the primary operating account, and the continued use of existing Business Forms; (b) waiving certain of the investment and deposit Guidelines set forth by the United States Trustee for the District of Delaware; (c) granting administrative expense status to post-petition intercompany claims; and (d) providing any additional relief required in

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

order to effectuate the foregoing. The relief requested herein will help ensure the Debtors' smooth transition into chapter 11, continue to comply with some essential operational contracts, and avoid the possible disruptions and distractions that could otherwise divert the Debtors' attention from more pressing matters during the initial days of these Chapter 11 Cases.

22. The Debtors reserve the right, in their sole discretion, to close or otherwise modify the terms of certain of the Accounts and open new debtor-in-possession accounts as may be necessary to facilitate the Chapter 11 Cases and operations, or as may otherwise be necessary to comply with the requirements of any order entered in these Chapter 11 Cases.

## V.
## BASIS FOR RELIEF REQUESTED

**A.     The Court Has the Authority to Grant the Relief Requested.**

23. Bankruptcy courts routinely grant chapter 11 debtors authority to continue utilizing existing bank accounts, treating such request as a relatively simple matter. *See e.g., Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 618 (11th Cir. 1985) (affirming bankruptcy court's order authorizing the debtor and its subsidiaries to continue using their cash management systems, even though such relief was "entirely consistent" with applicable provisions of the Bankruptcy Code); *In re Columbia Gas Sys., Inc.*, 997 F.2d 1039, 1061 (3d Cir. 1993) (Third Circuit emphasized that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient."); *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987) (court noted that fierce hostility between the creditors therein even made difficult "seemingly simple matters such as [the debtor's] motion to continue existing bank accounts and cash management system . . .").

24. Indeed, the purpose of section 363(c)(1) is to provide a debtor-in-possession with the flexibility to engage in those ordinary course transactions necessary to operate its business without unnecessary oversight by its creditors or the court. *See In re Lavigne*, 114 F.3d 379, 384 (2d Cir. 1997); *In re Enron Corp.*, 2003 WL 1562202, *15 (Bankr. S.D.N.Y. 2003). Included within the scope of section 363(c)(1) is a debtor-in-possession's ability to continue "routine

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

transactions" required by such debtor's cash management system. *See In re Amdura Corp.*, 75 F.3d 1447, 1453 (10th Cir. 1996).

25.     Moreover, section 105(a) of the Bankruptcy Code provides that "(t)he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." *See* 2 Collier on Bankruptcy, ¶105.01, at 105-5 to 105-6 (15th ed. rev. 2001). Thus, section 105 essentially codifies the bankruptcy court's inherent equitable powers. *See In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996) (*citing In re Courtesy Inns, Ltd. (Jones v. Bank of Santa Fe)*, 40 F.3d 1084, 1089 (10th Cir. 1994) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991)) (stating that section 105 is intended to give the bankruptcy court the inherent power recognized by the Supreme Court in *Chambers*; *see also Management Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D. N.J. 1985) (noting that the court's equitable power is derived from section 105 of the Bankruptcy Code). Thus, a court's power to approve the continuation of a debtor's cash management system is provided by the statutory authority of section 105 and the court's equitable powers. The authority for, and wisdom of, approving the continuation of a debtor's cash management system is so well established that courts generally enter orders approving the continuation of a debtor's cash management system in a first day order or shortly after the beginning of a bankruptcy case. See, e.g., In re Lehman Brothers Holdings, Inc., 2008 WL 4902202, *2 (Bankr. S.D.N.Y. 2008) (court authorized the debtor to continue using its prepetition cash management system and bank accounts pursuant to Sections 105(a) and 363(c)).

26.     Numerous courts have used section 105's equitable powers under the "necessity of payment doctrine" to authorize payment of a debtor's prepetition obligations in order to preserve and maximize the value of the debtor's estates. *See Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987); *see also Miltenberger v. Logansport, C.& S.W.R. Co.*, 106 U.S. 286, 311-312 (1882) (recognizing the existence of judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

payment is essential to the continued operation of the debtor); *see also In re Lehigh & New England Rv. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *Ionosphere Clubs*, 98 B.R. at 176-77 (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)); *In re Penn Central Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824-845 (D. Del. 1999) (noting that in the Third Circuit, debtors may pay prepetition claims that are essential to the continued operation of business); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same).

27.   This Court has previously authorized debtors' continued use of its cash management systems. *See, e.g., In re Jerry's Nugget, Inc.*, Case No. 12-19387-mkn, ECF No. 53 (Bankr. D. Nev. August 17, 2012); *In re Ahern Rentals, Inc.*, Case No. 11-53860-btb, ECF No. 35 (Bankr. D. Nev. February 6, 2012); *In re 155 East Tropicana, LLC*, 11-22216-bam, ECF No. 55 (Bankr. D. Nev. August 8, 2011).

**B.   The Debtors Should be Permitted to Maintain the Accounts**

28.   As previously discussed, the Debtors maintain 16 different Accounts and conduct numerous financial transactions utilizing these Accounts every day. It would cause a significant and unnecessary disruption to force the Debtors to open new bank accounts and close the existing accounts. Such disruption would provide no benefit to the Debtors' estates. Therefore, on an interim basis, the Debtors should be authorized to (a) continue to fund their businesses and operations by payments made from the PNC Account and (b) continue to maintain the Accounts listed on **Exhibit 2** to this Motion, and should be excepted from certain of the Guidelines[2]

---

[2]   The Guidelines were issued in order to assist the U.S. Trustee in supervising the administration of chapter 11 cases. Such Guidelines require chapter 11 debtors to, among other things, unless the Court requires otherwise:

   a.  Close all existing bank accounts and open new accounts which must be designated debtor-in-possession bank accounts;

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

established by the United States Trustee for the District of Nevada.[3]

29. To the extent the Accounts are held at banks that have not executed a uniform depository agreement with the Office of the United States Trustee for the District of Nevada, the Debtors request that the Court authorize, but not require, the Debtors to attempt to cause such bank or banks to execute a uniform depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of entry of an order authorizing this Motion, subject to the full reservation of rights of the United States Trustee if a uniform depository agreement is not executed.

30. As part of the requested relief, the Debtors also seek a waiver of the requirement to establish specific bank accounts for tax payments. The Debtors believe that tax obligations can be paid most efficiently out of the PNC Account, that the United States Trustee can adequately monitor the flow of funds into, among, and out of the PNC Account, and that the creation of new debtor-in-possession accounts designated solely for tax obligations would be unnecessary and inefficient.

31. Subject to section 553 of the Bankruptcy Code, all banks that maintain the Accounts should be prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds deposited in the Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of the Court.

**C.    The Debtors Should be Permitted to Continue Using Existing Business Forms**

32. The Debtors request that this Court authorize them to use all correspondence and

───────────── (continued)
b. Establish and maintain separate debtor-in-possession accounts for the payment of taxes and separate debtor-in-possession accounts for cash collateral; and
c. Obtain and utilize new checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession" and contain certain other information related to the chapter 11 case.

[3] One provision of the Guidelines requires a chapter 11 debtor-in-possession to open new bank accounts and close all existing accounts. This requirement, designed to provide a clear line of demarcation between prepetition and postpetition claims and payments, helps to protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date. The Guidelines also require that the new bank accounts only be opened in certain financial institutions designated as authorized depositories by the United States Trustee.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

Business Forms existing immediately before the Petition Date without reference to the Debtors' status as "debtors-in-possession." As of the Petition Date, the Debtors had a large stock of Business Forms that they used in the ordinary course of business. Reprinting their Business Forms to indicate that the Debtors are "Debtors-in-Possession" would impose an unnecessary burden and expense on the Debtors. There is little doubt that the parties with whom the Debtors do business shortly will become aware that they are chapter 11 debtors-in-possession. In any event, the Debtors will add such "Debtors-in-Possession" designation to any checks that they obtain or create postpetition.

### D. The Debtors Should be Permitted to Continue Intercompany Transactions from the PNC Account and such Intercompany Transactions Should be Granted Administrative Priority Expense Status

33. As described above, the use of the PNC Account gives rise to certain Intercompany Transactions in the ordinary course of their business. If these Intercompany Transactions are discontinued, the Debtors' operations would be disrupted causing irreparable harm to the Debtors. It is imperative that the Debtors maintain the ability, as debtors-in-possession, to maintain the Debtors' current intercompany transactions between the Debtors related to the PNC Account.

34. The Debtors seek authority to continue to enter into such Intercompany Transactions in the ordinary course of their business. The Debtors maintain records of substantially all such Intercompany Transactions and can ascertain, trace and account for such Intercompany Transactions at all times. The Debtors will continue to maintain such records postpetition.

35. As a result of the Intercompany Transactions, at any given time, an individual Debtor can be rendered a net lender or net borrower. To ensure that each individual Debtor will not fund, at the expense of its creditors, the operations of another entity, the Debtors respectfully request that, pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, all Intercompany Transactions be granted administrative priority expense status. Administrative expense treatment for intercompany claims has been granted in other multi-debtor chapter 11 cases in this

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

District. *See, e.g., In re ATLS Acquisition, LLC*, Case No. 13-10262 (PJW) (Bankr. D. Del. Feb. 20, 2013); *In re Chem Rx Corporation*, 10-11567 (MFW) (Bankr. D. Del. May 13, 2010); *In re Stant Parent Corp.*, 09-12647 (BLS) (Bankr. D. Del. July 29, 2009); *In re Smurfit-Stone Container Corp.*, Case No. 09-10235 (BLS) (Bankr. D. Del. Feb. 23, 2009).

36. The Debtors request this authority, subject to the rights, if any, of the parties-in-interest in these Chapter 11 Cases to challenge the validity of such claims and Intercompany Transactions, provided that each Debtor shall forbear from exercising, and shall not be entitled to exercise, any remedy relating to any Intercompany Transaction including, without limitation, seeking relief from the automatic stay, or seeking any sale, foreclosure, realization upon, repossession or liquidation of any property of another Debtor, or taking any position with respect to any disposition of the property, business operations, or the reorganization of another Debtor, absent further order of this Court. Out of an abundance of caution, the Debtors request that this Court clarify that this relief will not limit the Debtors' ability to reconcile amounts owed between and among any Debtor and any affiliate, including netting and setting off obligations arising from Intercompany Transactions, whether arising pre or postpetition, in the ordinary course of business, between a particular Debtor and any other Debtor.

### E. **Bankruptcy Rule 6003 Satisfied and Request for Waiver of Stay**

37. The Debtors further submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein and in the First Day Declaration, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

38. Specifically, Bankruptcy Rule 6003 provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following: . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001.

Fed. R. Bankr. P. 6003.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

39.     One court in the Ninth Circuit has, in an unpublished opinion, addressed the "immediate and irreparable harm" language in the context of Bankruptcy Rule 6003. That court noted "that Rule 6003 allows the court to authorize payments on prepetition debt if necessary to avoid immediate and irreparable harm, but does not require that such harm be to the bankruptcy estate. The court finds that a delay in payment would result in immediate and irreparable harm to both the dairy farmers and the debtor, and for this reason authorizes payment now." *In re Humboldt Creamery, LLC*, 2009 Bankr. LEXIS 2477, 3 n. 3 (Bankr. N.D. Cal. Apr. 23, 2009). The harm must be shown to be actual and imminent, not speculative or unsubstantiated. *See, e.g., Acierno v. New Castle County*, 40 F.3d 645, 653-55 (3d Cir. 1994).

40.     The Debtors further seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Rule 6004(h) of the Bankruptcy Rules, "[an] order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." As set forth above, the relief requested herein is essential to prevent irreparable damage to the Debtors' operations, going-concern value, and their efforts to pursue a sale or restructuring of their assets and liabilities.

41.     Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rule 6003 and 6004(h).

## VI.
## NOTICE

42.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Nevada; (b) creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (c) those parties requesting notice pursuant to Rule 2002; (d) the Office of the United States Attorney General for the District of Nevada; (e) the Internal Revenue Service; (f) the Massachusetts Securities Division; (g) Nevada Department of Taxation, Bankruptcy Section; (h) Dept. of Employment, Training & Rehab, Employment Security Division; (i) the Securities and Exchange Commission; and (j) each of the banks holding the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

Accounts set forth in **Exhibit 1** hereto. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given. As the Motion is seeking "first day" relief, within two (2) business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion in accordance with the Local Rules.

## VII.
## NO PRIOR REQUEST

43. No prior request for the relief sought in this Motion has been made to this or any other court.

## VIII.
## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

DATED this 14 day of April, 2014.

GORDON SILVER

By: _____
GREGORY E. GARMAN, ESQ.
THOMAS H. FELL, ESQ.
TERESA M. PILATOWICZ, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169

AND

NANCY A. MITCHELL *(pro hac vice pending)*
MARIA J. DICONZA *(pro hac vice pending)*
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166

*Proposed Counsel for the Debtors
and Debtors in Possession*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736