# Exhibit 1

## List of Accounts

| Bank | Account # | Entity | Type |
|---|---|---|---|
| Propay Inc.<br>3400 N. Ashton Blvd.<br>Suite 200<br>Lehi, UT 84043 | ****97 | TelexFREE, LLC | Merchant |
| Phoenix Payments LLC<br>7910 South Kyrene Rd,<br>Suite 106. Tempe,<br>Arizona 85284 | ****1700 | TelexFREE, Inc. | Merchant |
| I-Payout<br>2500 E Hallandale<br>Beach Blvd Hallandale<br>Beach, FL 33009 | ****88 | TelexFREE, LLC | Merchant |
| Allied Wallet<br>9000 Sunset BLVD Suite<br>820 West Hollywood,<br>CA 90069 | ****5156 | TelexFREE, Inc. | Merchant |
| Argus Payments<br>19749 Dearborn Street<br>Chatsworth, CA 91311 | ****4417 | TelexFREE, Ltd. | Merchant |
| Vantage Payments<br>8300 N. Hayden Rd.<br>Suite# A207<br>Scottsdale, AZ85258 | ****7c81 | TelexFREE, Inc. | Merchant |
| Fidelity Bank<br>465 Shrewsbury Street,<br>Worcester, MA 01604 | ****44 | TelexFREE, LLC | Brokerage |
| Fidelity Bank<br>465 Shrewsbury Street,<br>Worcester, MA 01604 | ****39 | TelexFREE, LLC | Brokerage |
| Waddell & Reed, Inc.<br>300 Trade Center Drive<br>Suite 1500 Woburn, MA<br>01801 | ****03 | TelexFREE, LLC | Brokerage |
| Middlesex Savings Bank<br>6 Main St Natick, MA<br>01760 | ****6997 | TelexFREE, LLC | Brokerage |
| PNC Bank<br>2300 North Federal<br>Highway Pompano<br>Beach, FL 33062 | ****1813 | TelexFREE Financial, Inc. | Checking |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

| | | | | |
|---|---|---|---|---|
| 1 | Wells Fargo<br>800 N. Magnolia Ave.,<br>8th Floor Orlando, FL<br>32803 | ****3716 | TelexFREE, LLC | Brokerage |
| 4 | Wells Fargo<br>800 N. Magnolia Ave.,<br>8th Floor Orlando, FL<br>32803 | ****4252 | TelexFREE Financial, Inc. | Checking |
| 6 | Wells Fargo<br>800 N. Magnolia Ave.,<br>8th Floor Orlando, FL<br>32803 | ****3387 | TelexFREE Financial, Inc. | Checking |
| 8 | Bank of New England<br>31 Pelham Rd Salem,<br>NH 03079 | ****1850 | TelexFREE, LLC | Checking |
| 10 | First Citizens | Account recently opened – Do not have detail as of filing date | TelexFREE, LLC | Checking |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736

## Exhibit 2

### Description of Accounts

1.      <u>First Citizens</u>: TelexFree Nevada opened an account with First Citizens Bank prior to the Petition Date in order to establish a relationship with First Citizens Bank. The First Citizens Bank account contains a de minimis balance.

2.      <u>Bank of New England</u>: TelexFree Nevada maintains an operating account with the Bank of New England. TelexFree Nevada established this account in early April of 2014 with the intention of treating this account as the Debtors' main operating cash account. As of the Petition Date, approximately $100,000 is available in the Bank of New England account.

3.      <u>International Payout Systems, Inc.</u>: After August of 2013, TelexFree Nevada began to utilize services by International Payout Systems, Inc. ("**I-Payout**") as a third-party provider of cash management systems to receive payments for the retail VoIP products and membership fees. The I-Payout system allows TelexFree Nevada to receive payment for its VoIP products and membership fees from credit card processors, checks, money orders, wire transfer or other valid cash payment mediums. TelexFree Nevada also uses the I-Payout system to credit Promoters for commissions and other fees owed to the Promoters. The Promoters are able to access those funds through an e-wallet program maintained by I-Payout for the benefit of the Promoters. TelexFree Nevada has the ability to transfer excess cash from the I-Payout system to the Company, but has only made such transfers rarely prior to the Petition Date.

4.      <u>Allied</u>: TelexFree Massachusetts a maintains an account with Allied Wallet, Ltd. ("**Allied**") to collect payments for retail VoIP products and membership fees. The account with Allied is linked to TelexFree Nevada's account with I-Payout. Allied collects fees and holds a portion of the funds received from the sale of the retail VoIP product and the sale of memberships until the six (6) month charge back period expired.

5.      <u>Argus</u>: A non-debtor affiliate, TelexFree, Ltd maintains an account with Argus Payments, Inc. ("**Argus**") to collect credit card payments for membership fees and the sale of retail VoIP products for the benefit of the Debtors. The Argus account is linked to TelexFree Nevada's account with I-Payout. Argus collects fees and holds a portion of the funds received from the sale of TelexFree Nevada's retail VoIP product and the sale of memberships until the six (6) month charge back period expires. As TelexFree, Ltd recently established the Argus account, the Debtors have not yet received funds from Argus; however, the Debtors anticipate that funds will be collected from Argus upon the expiration of the charge back period.

6.      <u>Fidelity Bank</u>: TelexFree Nevada maintains two brokerage accounts with Fidelity Bank to invest its cash not currently required to fund its operations (the "**Cash Reserve**"). The Cash Reserves are invested in a variety of assets,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736_4

17

including but not limited to, cash, certified deposits, money market funds, municipal bonds and corporate bonds.

7. <u>Waddell & Reed</u>: TelexFree Nevada maintains a brokerage account with Waddell & Reed, Inc. ("**Waddell**") to invest certain cash reserves. The cash reserves are invested in a variety of assets, including but not limited to, cash, certified deposits, money market funds, municipal bonds and corporate bonds.

8. <u>MFS</u>: TelexFree Nevada maintains a brokerage account with Middlesex Savings Bank ("**MFS**") to invest certain cash reserves. The cash reserves are invested in a variety of assets, including but not limited to, cash, certified deposits, money market funds, municipal bonds and corporate bonds.

9. <u>Propay</u>: Until June of 2013, TelexFree Nevada utilized an account with Propay Inc. ("**Propay**") to collect payments from Promoters and Customers for the Debtors' retail VoIP products and membership fees. Propay collected fees and held a portion of the funds received from the sale of the retail VoIP product and the sale of memberships until the six (6) month charge back period expired. As funds became available, TelexFree Nevada would periodically log into their account and transfer funds to other bank accounts maintained by the Debtors. TelexFree no longer uses Propay. As of the Petition Date, approximately $4.5 million of funds remain with Propay and approximately $1.5 million is unrestricted and available to TelexFree Nevada.

10. <u>Phoenix</u>: From June of 2013 through August of 2013, TelexFree Massachusetts utilized an account with Phoenix Payments LLC ("**Phoenix**") to collect payments from Promoters and Customers for the Debtors' retail VoIP products and membership fees. Phoenix collected fees and held a portion of the funds received from the sale of the retail VoIP product and the sale of memberships until the six (6) month charge back period expired. As funds became available, TelexFree Massachusetts would wire funds to other bank accounts maintained by the Debtors on a daily basis. TelexFree Massachusetts no longer uses Phoenix. As of the Petition Date, approximately $8.6 million of funds remain with Phoenix.

11. <u>Vantage</u>: TelexFree Massachusetts maintained an account with Vantage Payments ("**Vantage**") to collect credit card payments for membership fees and the sale of retail VoIP products. Although TelexFree Massachusetts is no longer engaged in collecting membership fees or selling retail VoIP products, the funds helf by Vantage remain subject to a six (6) month charge back period.

12. <u>Wells Fargo</u>: Katia H. Barbosa Wanzeler f/b/o TelexFree Nevada maintained a brokerage account with Wells Fargo ("**Wells Fargo**"). Approximately $1.5 million remains in that account. In addition, TelexFree Florida maintained two (2) checking accounts with Wells Fargo. All of the Wells Fargo accounts were closed prior to the Petition Date. As of the Petition Date the Debtors believe approximately $673 thousand remain in those three accounts.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736_4

18

**Exhibit 3**

NANCY A. MITCHELL *(pro hac vice pending)*
MARIA J. DICONZA *(pro hac vice pending)*
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: 212-801-9200
Facsimile: 212-801-6400
Email: mitchelln@gtlaw.com
       diconzam@gtlaw.com

GREGORY E. GARMAN, NV Bar # 6654
THOMAS H. FELL, NV Bar # 3717
TERESA M. PILATOWICZ, NV Bar #9605
GORDON SILVER
3960 Howard Hughes Parkway, 9th flr.
Las Vegas, Nevada 89169
Telephone: 702-796-5555
Facsimile: 702-369-2666
Email: ggarman@gordonsilver.com
       tfell@gordonsilver.com
       tpilatowicz@gordonsilver.com

*Proposed Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| In re:<br><br>TELEXFREE, LLC,<br><br>☐ Affects this Debtor<br><br>☒ Affects all Debtors<br><br>☐ Affects TELEXFREE, INC.<br><br>☐ Affects TELEXFREE FINANCIAL, INC | Case No.: BK-S-14-12524-abl<br>Chapter 11<br><br>**[PROPOSED]**<br>**Jointly Administered with:**<br><br>14-12525   TelexFree, Inc.<br>14-12526   TelexFree Financial, Inc<br><br>Date:<br>Time: |
|---|---|

**INTERIM ORDER (A) AUTHORIZING THE MAINTENANCE OF ACCOUNTS, THE CONTINUED USE OF THE PRIMARY OPERATING ACCOUNT, AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS, (B) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES & (C) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION INTERCOMPANY CLAIMS,**

Upon the motion (the "**Motion**") filed by the above-captioned debtors and debtors-in-

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736_4

19

possession (collectively, the "**Debtors**") seeking entry of an order: (a) authorizing the maintenance of the Debtors' existing bank accounts, the continued use of the primary operating account, and the continued use of existing business forms and checks; (b) waiving certain of the investment and deposit Guidelines promulgated by the Office of the United States Trustee; and (c) granting administrative expense status to postpetition intercompany claims; and upon the *Declaration of William H. Runge Emergency Motion of the Debtors for Entry of an Interim Order (A) Authorizing the Maintenance of Accounts and Continued Use of Existing Business Forms and Checks, (B) Waiving Certain Investment and Deposit Guidelines & (C) Granting Administrative Expense Status to Post-Petition Intercompany Claims* (the "**Runge Declaration**"); and it appearing that this Court has jurisdiction to consider the Motion[4] pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.　For the reasons set forth on the record, the Motion is GRANTED as set forth herein.

2.　The Debtors are authorized to maintain the existing Accounts listed on **Exhibit 1** to the Motion in the name and with the account numbers existing immediately prior to the Petition Date.

3.　The Debtors are authorized to maintain and use the PNC Accounts in the name and with the account numbers existing immediately prior to the Petition Date.

4.　The requirement in the Guidelines that the Debtors establish a specific new bank account for tax payments is waived.

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736_4

20

5. The Debtors are authorized to deposit funds in and withdraw funds from the PNC Account by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits and to treat the PNC Account for all purposes as debtor-in-possession accounts.

6. The Debtors are authorized to continue to use their pre-printed checks, correspondence, and business forms and checks, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor-in-possession status, provided that the Debtors will add the "Debtor-in-Possession" designation to any new checks that they obtain or create post-petition.

7. The banks listed on **Exhibit 1** to the Motion and any and all other financial institutions receiving or transferring funds from the Debtors are hereby authorized and directed to continue to service and administer the Accounts of the relevant Debtor as a debtor-in-possession without interruption and in the usual and ordinary course.

8. PNC Bank is authorized to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the PNC Account by the holders or makers thereof, provided that nothing contained herein shall authorize PNC Bank any such bank to honor any check issued or dated prior to the date of the commencement of these Chapter 11 Cases, except as otherwise provided by further order of this Court. In no event shall PNC Bank be required to honor overdrafts or to pay any check, wire or other debit against any the PNC Account that is drawn against uncollected funds.

9. The Debtors may continue to pay, and the banks may continue to charge and collect, all customary and usual fees arising from or related to the Accounts.

10. For banks at which the Debtors hold accounts that are not party to a uniform depository agreement with the Office of the United States Trustee for the District of Nevada, the Debtors are authorized, but not required, to use their good-faith efforts to attempt to cause the banks to execute a uniform depository agreement in a form prescribed by the Office of the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736_4

21

United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a uniform depository agreement in a form prescribed by the U.S. Trustee are fully reserved.

11. Subject to section 553 of the Bankruptcy Code, all banks that maintain the Accounts are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

12. In connection with the ongoing utilization of Intercompany Transfers, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

13. Intercompany loans and other claims created through Intercompany Transactions are hereby granted administrative priority status pursuant to 11 U.S.C. § 507(a)(2); *provided, however*, that each Debtor shall forbear from exercising, and shall not be entitled to exercise, any remedy relating to any Intercompany Transaction including, without limitation, seeking relief from the automatic stay, or seeking any sale, foreclosure, realization upon, repossession or liquidation of any property of another Debtor, or taking any position with respect to any disposition of the property, business operations, or the reorganization of another Debtor, absent further order of this Court; *provided further, however*, that nothing herein shall limit or be construed to limit the Debtors' ability to reconcile amounts owed between and among any Debtors, including netting and setting off obligations arising from Intercompany Transactions, whether arising pre or postpetition, in the ordinary course of business, between a Debtor and another Debtor.

14. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736_4

22

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Submitted by:

GORDON SILVER

By: _____
GREGORY E. GARMAN, ESQ.
THOMAS H. FELL, ESQ.
TERESA M. PILATOWICZ, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169

AND

NANCY A. MITCHELL (pro hac vice pending)
MARIA J. DICONZA (pro hac vice pending)
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166

*Proposed Counsel for the Debtors
and Debtors in Possession*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104590-002/2260736_4

23