FRANK C. HUNTINGTON (MA State Bar No. 544045)
DEENA R. BERNSTEIN (MA State Bar No. 558721)

Attorney for:
U.S. SECURITIES & EXCHANGE COMMISSION
Boston Regional Office
Paul Levenson, Regional Director
33 Arch Street, 23rd Floor
Boston, MA 02110-1424
Telephone: (617) 573-8900
Facsimile: (617) 573-4590
E-mail: huntingtonf@sec.gov
E-mail: bernsteind@sec.gov

SANDRA W. LAVIGNA (CA State Bar No. 117965)

Attorney for:
U. S. SECURITIES & EXCHANGE COMMISSION
Los Angeles Regional Office
Michele Wein Layne, Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-4530
E-mail: lavignas@sec.gov

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 2:14-bk-12524-abl |
| TELEXFREE, LLC, | Chapter 11 |
| ☐ Affects this Debtor | **[PROPOSED]** **Jointly Administered with:** |
| ☒ Affects all Debtors | 2:14-bk-12525-abl   TelexFree, Inc. |
| ☐ Affects TELEXFREE, INC. | 2:14-bk-12526-abl   TelexFree Financial, Inc |
| ☐ Affects TELEXFREE FINANCIAL, INC. | Date: May 2, 2014  Time: 9:30 a.m. |

**U. S. SECURITIES AND EXCHANGE COMMISSION'S OBJECTION TO DEBTORS' MOTION FOR ORDER DETERMINING THAT: (I) PORTIONS OF THE TEMPORARY RESTRAINING ORDER . . . VIOLATE THE AUTOMATIC STAY, ETC.**

The U. S. Securities and Exchange Commission ("Commission") objects to the Motion for an Order Determining that: (i) Portions of the Temporary Restraining Order Entered at the Request of the Securities and Exchange Commission Violate the Automatic Stay of 11 U.S.C. § 362(a); (ii) Portions of the Temporary Restraining Order are Void; and (iii) The Debtors are Entitled to Use Their Assets in the Ordinary Course of Their Business ("Motion") filed by the Debtors. The Motion is frivolous as it misapprehends the facts and fails to analyze the current version of the controlling statute.

1.  **The Debtors Rely on Outdated Law**.

The Commission and other governmental units utilize their police and regulatory powers in the public interest. Because of the importance of their public mission, Congress has granted governmental units an exception from certain of the prohibitions of the Bankruptcy Code's automatic stay provisions pursuant to 11 U.S.C. § 362(a). Specifically, Section 362(b)(4) of the Bankruptcy Code provides, in relevant part, as follows:

> (b) The filing of a petition under section 301, 302, or 303 of this title, . . . does not operate as a stay—
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

Subsection (3) of Section 362(a), which otherwise prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," is specifically excepted from the reach of the automatic stay under the police and regulatory exception set forth in section 362(b)(4) of the Bankruptcy Code. This iteration of section 362(b)(4), which encompasses acts by a governmental unit to obtain possession or to exercise control over property of the estate was enacted in 1998. See SEC v. Wolfson, 309 B.R. 612, 618 (D. Utah 2004) ("In 1998, Congress amended section 362(b)(4) to make clear that governmental police and

2

regulatory actions are excepted from section 362(a)(3) of the Bankruptcy Code, which stays 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.'").

The Debtors inexplicably fail to address this controlling statute, and instead base their argument on pre-1998 statutory language. On page 23 of the Motion, the Debtors state:

> The Freeze and Turnover Provisions violate Section 362(a)(3), which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control of property of the estate." See 11 U.S.C. § 362(a)(3). These provisions do not fall within Section 362(b)(4)'s exception. See Continental [1991], First Alliance [2001], and Co Petro [1983]. See also Brennan [2000] . . . See Schwartz [1992]...[1]

The law is clear: the automatic stay does not prohibit the Commission from "any act to obtain possession of property of the estate or of property from the estate or to exercise control of property of the estate[.]" 11 U.S.C. § 362(b)(4). Even prior to enactment of the 1998 amendment, courts, including the Ninth Circuit Court of Appeals, recognized that governmental units had the power to enter orders that had the effect of controlling estate property. *CFTC v. Co Petro Marketing Grp.*, 700 F.2d 1279, 1284 (9th Cir. 1983) (affirming district court's jurisdiction to enforce injunction relating to estate property after bankruptcy case filed); *SEC v. First Fin. Grp. of TX*, 645 F.2d 429 (5th Cir. 1981) (appointment of receiver in Commission enforcement action after bankruptcy case filed). Congress have recognized that regulatory agencies, such as the Commission, must have the power to summarily halt illegal activities to prevent further harm to the public and to preserve assets from further dissipation or removal where scheme participants have actively concealed or mischaracterized their wrongful actions. The Debtors' argument that the TRO violates the automatic stay is frivolous. *Wolfson*, 309 B.R. 612, 618.

---

[1] Although the Debtors quote the current version of Section 362(b)(4) on page 15, lines 2-9 of the Motion, they ignore the actual language of the current law in their argument to the Court.

### 2. The Debtors Misunderstand the Status of the Commission's Case and the Purpose and Effect of the TRO.

Throughout the Motion, and especially on pages 15-17, it appears that Debtors believe the TRO is equivalent to a money judgment against the defendants in the Commission's action, and that provisions of the TRO constitute "enforcement of a money judgment." (Motion, p. 15, ll. 23-25) This is incorrect. The TRO is an injunction that is intended to halt the wrongdoing, preserve assets, and aid the Commission's investigative steps to determine the course of events. The Commission has not yet obtained a money judgment against any of the defendants or relief defendants in its case. In other words, the Commission does not have a money judgment to enforce. Therefore, there is no basis for the Debtors' argument that, through the TRO, the Commission is trying to enforce a money judgment. *See SEC v. Brennan*, 230 F.3d 65, 72 (2d Cir. 2000) ("[U]p to the moment when liability is definitively fixed by entry of judgment, the government is acting in its police or regulatory capacity.").

### 3. The Debtors' Additional Claims that the TRO Violates the Automatic Stay

The Debtors also claim that a court-ordered accounting and order against further solicitation of investors violate the automatic stay. They are incorrect. First, as the Debtors have recognized, an accounting is merely an expedited form of civil discovery. (Motion, p. 24.) Section 362(b)(4) clearly allows a governmental agency to litigate, which by necessity includes civil discovery. The cases cited by Debtors are not to the contrary and, in fact, do not address a court-ordered accounting. *CFTC v. Co Petro Mfg.*, 700 F.2d 1983 (9th Cir. 1983) (pre-amendment case addressing only the transfer of an asset); *Missouri v. U.S. Bankruptcy Court for Eastern District of Arizona*, 647 F.2d 768 (8th Cir. 1981) (pre-amendment case only dealing with disposition of an asset). Moreover, by allowing governmental entities to litigate, Section 362(b)(4) explicitly recognizes that such entities are not limited to the discovery tools (such as Rule 2004 examinations) available through a bankruptcy proceeding.

Second, as to the court-ordered injunction against solicitation of investors, the Debtors baldly state without any legal support that Section 362(b)(4) does not exempt such an order from the

4

automatic stay. Instead, they argue that, because under normal circumstances they are obligated to obtain assets pursuant to Section 541, the solicitation provision violates Section 362(a). Such an argument is nonsensical. Section 362(b)(4) is designed to allow governmental entities to use litigation to exercise their police and regulatory power, which includes by necessity stopping violations of the law. The District Court merely ordered the Debtors to stop soliciting investors in what the Commission has alleged is an ongoing securities fraud.

### 4. In Their Abstention Argument, the Debtors Fail to Consider Recent Ninth Circuit Law and to Fairly Describe the Powers of the District Court.[2]

The Debtors argue against abstention on pages 25-29 of the Motion. A major segment of the Debtors' argument focuses on the avoiding powers of a debtor-in-possession or bankruptcy trustee. However, the Debtors fail to acknowledge the substantial limitation on entry of a final judgment in avoidance actions against a non-claimant, such as the individual defendants in the Commission's action or their transferees. *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012), *cert. granted,* 133 S.Ct. 2880, 186 L.Ed.2d 908 (2013). This limitation favors either dismissal of these cases or suspension of the proceedings pursuant to 11 U.S.C. § 305(a). Alternatively, as presented in the Commission's Motion for Change of Venue, *Bellingham* favors transfer of these cases to the District of Massachusetts so that the bankruptcy court and the district court can more easily coordinate. As the Commission will set forth in more detail in its brief responding to the Court's request for briefing on abstention, the Debtors' claim that their "invocation of this Court's jurisdiction is not only in their best interest, but also in the best interests of the Debtors' creditor [sic] and the SEC" (Motion, p. 29) is flat out wrong.

---

[2] The Commission will be submitting its brief more fully addressing abstention in response to the court's Notice of Hearing Regarding Abstention Pursuant to 11 U.S.C. § 305(a) entered April 25, 2014.

5

5. **Conclusion**

In sum, for the reasons set forth above, the Debtors' motion is frivolous and should be denied.

April 29, 2014                                      Respectfully submitted,


/s/ Sandra W. Lavigna
Sandra W. Lavigna
Senior Bankruptcy Counsel
U.S. Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5670 Wilshire Blvd., 11th Floor, Los Angeles, California 90036-3648.

A true and correct copy of the foregoing document described as **U.S. SECURITIES AND EXCHANGE COMMISSION'S OBJECTIONS TO DEBTORS' MOTION FOR ORDER DETERMINING THAT: (1) PORTIONS OF THE TEMPORARY RESTRAINING ORDER…VIOLATE THE AUTOMATIC STAY, ETC.**, will be served or was served in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2014, the Attorney of record checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT DELIVERY**:

On April 29,m 2014, served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SERVED VIA OVERNIGHT DELIVERY**

THE HONORABLE AUGUST B. LANDIS
Judge, United States Bankruptcy Court
District of Nevada (Las Vegas)
Foley Federal Building
300 Las Vegas Boulevard South
Las Vegas, NV 89101

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 29, 2014 | Louie M. Adame | /s/ Louie M. Adame |
|---|---|---|
| Date | Type Name | Signature |

# Mailing Information for Case 14-12524-abl

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **CRAIG S. DUNLAP**    cdunlap@fclaw.com, cdunlap7@gmail.com;tnealon@fclaw.com
- **THOMAS H. FELL**    BANKRUPTCYNOTICES@GORDONSILVER.COM;bknotices@gordonsilver.com
- **GREGORY E GARMAN**    bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com
- **MATTHEW HINKER**    hinkerm@gtlaw.com
- **KURTZMAN CARSON CONSULTANTS LLC**    tvandell@kccllc.com
- **SANDRA W. LAVIGNA**    lavignas@sec.gov
- **EDWARD M. MCDONALD**    edward.m.mcdonald@usdoj.gov
- **DAVID L NEALE**    dln@lnbyb.com
- **TERESA M. PILATOWICZ**    Bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com
- **U.S. TRUSTEE - LV - 11**    USTPRegion17.lv.ecf@usdoj.gov
- **MARK M. WEISENMILLER**    MWEISENMILLER@GORDONSILVER.COM, bknotices@gordonsilver.com
- **ROGER W WENTHE**    roger.wenthe@usdoj.gov, mary.booker@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

    **JOSEPH P. DAVIS**
    GREENBERG TRAURIG, LLP
    ONE INTERNATIONAL PLACE
    BOSTON, MA 02110

    **MARIA J. DICONZA**
    GREENBERG TRAURIG, LLP
    METLIFE BUILDING, 200 PARK AVE
    NEW YORK, NY 10166

    **NANCY A. MITCHELL**
    GREENBERG TRAURIG, LLP

METLIFE BUILDING, 200 PARK AVE
NEW YORK, NY 10166

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.