# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 11 |
| TELEXFREE, LLC, TELEXFREE, INC. and TELEXFREE FINANCIAL, INC., | Case Nos. 14-40987-MSH, 14-40988-MSH, and 14 -40989-MSH |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JOSEPH P. DAVIS III IN SUPPORT OF APPLICATION OF THE DEBTORS, PURSUANT TO SECTIONS 327(a), 328(a), AND 1107(b), BANKRUPTCY RULES 2014(a), 2016(b), AND 5002 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE LAW FIRM OF GREENBERG TRAURIG, LLP AS COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* AS OF THE PETITION DATE**

I, Joseph P. Davis III, declare under penalty of perjury:

1.      I am a shareholder at the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), which maintains offices throughout the world, including the office in which I am resident located at One International Place, Boston, Massachusetts 02110.

2.      I am admitted in, practicing in, and a member in good standing of the bar of the Commonwealth of Massachusetts.  I also am a member in good standing of the bars of the United States District Courts for the District of Massachusetts and the Eastern District of Michigan, Court of Appeals for the First, Third and Ninth Circuits, and the Supreme Court.

3.      I submit this supplemental declaration (the "**Supplemental Declaration**") on behalf of Greenberg Traurig in support of the application (the "**Application**") of the above-captioned debtors and debtors-in-possession pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order authorizing the retention and employment of the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**") as counsel to the Debtors, *nunc pro tunc* as of the Petition Date.

4.      Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[1]

5.      Pursuant to Part D1 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the *"Revised UST Guidelines")*, Greenberg Traurig hereby provides the responses set forth below:

| Questions Required by Part D1 of 2013 UST Guidelines | Answer |
| --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference | As more fully discussed in the Application, Greenberg Traurig represented the client beginning in February 2014. The material financial terms for the prepetition engagement remains the same, as the engagement was hourly-based. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | No. The budgeting process was disrupted by, among other intervening events, the expediency required for filing these Chapter 11 Cases, the expedited motions (including to transfer venue and for a chapter 11 trustee) in the Chapter 11 Cases, the expedited proceedings to freeze the |

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Greenberg Traurig.

*BOS 47467543v2*

| Questions Required by Part D1 of 2013 UST Guidelines | Answer |
|---|---|
| | Debtors' assets that took place in the case against the Debtors entitled *SEC v. TelexFree, Inc., et al.*, Case No. 1:14-cv-11858-NMG (D. Mass.), the issues associated with the seizure of the Debtors' servers and books and records on April 15, 2014, the transfer of the Chapter 11 Cases to Massachusetts and the subsequent appointment of a chapter 11 trustee.  Greenberg Traurig and the Debtors were still developing a budget at the commencement of the cases.  In light of the above-described events, the Debtors and Greenberg Traurig did not complete that process. |

6.      Greenberg Traurig will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Greenberg Traurig also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines, both in connection with this application and the interim and final fee applications to be filed Greenberg Traurig in these chapter 11 cases.

7.      Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Dated:  May 30, 2014

                                        */s/ Joseph P. Davis III*                    
                                        Joseph P. Davis III

*BOS 47467543v2*