**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC ,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

**SUPPLEMENT TO MOTION BY CHAPTER 11 TRUSTEE TO ESTABLISH OMNIBUS**
**PROCEDURES FOR THE RESOLUTION OF**
**DISPUTED PARTICIPANT CLAIMS**

To the Honorable Melvin S. Hoffman, Chief United States Bankruptcy Judge:

Stephen B. Darr, the duly appointed Chapter 11 trustee of the bankruptcy estates of

TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc., respectfully submits this

Supplement to the Motion by Chapter 11 Trustee to Establish Omnibus Procedures for the

Resolution of Disputed Participant Claims in accordance with the Order of the Court dated

December 19, 2017. The Supplement includes a revised proposed order and exhibits.

> STEPHEN B. DARR,
> CHAPTER 11 TRUSTEE,
> By his attorneys,
>
> */s/ Andrew G. Lizotte*
> Harold B. Murphy (BBO #362610)
> Andrew G. Lizotte (BBO #559609)
> Murphy & King, Professional Corporation
> One Beacon Street
> Boston, MA 02108
> Telephone: (617) 423-0400
> Facsimile: (617) 423-0498
> Email: ALizotte@murphyking.com

Dated: December 22, 2017
737172

1

CLEAN VERSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| TELEXFREE, LLC , | ) | Case No. 14-40987-MSH |
| TELEXFREE, INC., | ) | Case No. 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | ) | Case No. 14-40989-MSH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

ORDER APPROVING MOTION BY CHAPTER 11 TRUSTEE TO ESTABLISH
OMNIBUS PROCEDURES FOR THE RESOLUTION OF
DISPUTED PARTICIPANT CLAIMS

A continued hearing having been held on this 19th day of December, 2017 on the Motion by Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the "Debtors" or "TelexFree") to Establish Omnibus Procedures for the Resolution of Disputed Participant Claims (the "Motion"), and notice of the Motion having been given to all parties in interest in accordance with the order of the Court, and an objection having been filed by Frantz Balan, Marco Puzzarini, and Sandro Paulo Freitas, as class representatives of the domestic and international classes of defendants in Adv. Proc. Nos. 16-4006 and 16-4007 (the "Class Representatives" and the "Objection", respectively),

THE COURT HEREBY FINDS THAT:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      Service of the Motion was appropriate.

C.      The establishment of the claims procedures will expedite the administration of the Debtors' estates and is in the best interest of creditors and parties in interest.

**NOW THEREFORE,** taking into consideration the foregoing findings and all of the evidence before the Court, it is **HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      The Objection is hereby overruled, and the Motion is hereby GRANTED, as modified herein.

**I.      Proposed Claim Allowance.**

2.      The Trustee is authorized to send Participants[1] who filed claims through the Portal established by the Trustee (the "Participant Claimants") a Proposed Claim Allowance substantially in the form annexed as Exhibit "A" to the Order.

3.      Participant Claimants shall have thirty (30) days from the date of receipt of the Proposed Claim Allowance to file a response ("Claim Response") to the Proposed Claim Allowance.  The Claim Response to a Proposed Claim Allowance shall be sent to the Trustee but not filed with the Court.

4.      If a Participant Claimant fails to send to the Trustee a timely Claim Response, the Trustee shall be authorized to file with the Court a Notice of Claim Allowance ("Notice"), substantially in the form annexed as Exhibit "B" to the Order, that will constitute the Participant Claimant's allowed claim, unless the Participant Claimant files a response within fourteen (14) days of the filing of the Notice and demonstrates good cause for failure to timely file a Claim Response.

5.      If a Participant Claimant timely sends a Claim Response to the Proposed Claim Allowance and the Trustee is unable to resolve the claim dispute with the Participant Claimant,

---

[1] Terms not otherwise defined herein shall have the meanings ascribed in the Motion.

the Trustee may file an objection to the claim with the Court, which shall comport with the omnibus claims procedures set forth in Section II below.

6.      If a Participant Claimant timely sends a Claim Response to the Proposed Claim Allowance and the Trustee is able to reach a consensual resolution of the claim with the affected Participant Claimant, the Trustee may file with the Court an Affidavit of Claim Allowance (an "Affidavit"), substantially in the form annexed as Exhibit "C" to the Order, which shall establish the allowed amount of the Participant Claim without further notice or order.

II.   **Omnibus Objections to Claims**

7.      In connection with the filing of any omnibus objections to Participant claims, in addition to the list of common objections set forth in FRBP 3007(d), the Trustee shall be authorized to include as an objection that the Claim does not comport with the Net Equity calculation for one or more of the following reasons:

a.   Multiple Participant Claimants claimed ownership of one or more of the same User Accounts;

b.   Participant Claimants deleted User Accounts associated with them by the Debtors' records without adequate explanation or documentation;

c.   Participant Claimants added User Accounts that were not associated with them by the Debtors' records without adequate explanation or documentation;

d.   Participant Claimants added or deleted a transaction or adjusted a transaction amount in a User Account without adequate explanation or documentation;

e.    Participant Claimants adjusted the amount of their claim based on transactions not consistent with the Net Equity formula, without adequate explanation or documentation;

3

f.   Participant Claimants asserted claims in foreign currencies or asserted punitive

claims or other claims that do not qualify for allowance under the Net Equity

formulation approved by the Court; and

g.   The claims are objectionable under Sections 502(d) of the Bankruptcy Code.

8.   The Trustee shall be authorized to categorize Participant claims in the omnibus

claims objections based upon the Participant Claimant's country of origin.  The maximum

number of Participant claims permitted in each omnibus objection shall be 250.

9.   Claim Responses to omnibus objections to claims shall be filed with the Court

and served upon the Trustee and Trustee's counsel.

**III.   Electronic Noticing**

10.   The Trustee shall be authorized to serve the Proposed Claims Allowance and

objections to claims on Participant Claimants by electronic mail using the electronic mail address

provided by Participant Claimants in their Claim.

11.   The Trustee shall be authorized to provide customized notices to Participant

Claimants, in lieu of attaching complete exhibits to an omnibus objection, where the use of such

customized notices will, in the Trustee's judgment, provide superior notice to Participant

Claimants and/or cost savings to the Debtors' estates

**IV.   Service of Proposed Claim Allowance, objections to claims, and Claim
Response.**

12.   The Trustee shall serve the Proposed Claim Allowance and omnibus objections to

claims upon Participant Claimants in English, Spanish, and Portuguese.

13.   If a Claim Response is sent to the Trustee in a foreign language, the Participant

Claimant shall provide with the Claim Response a certified translation into English prepared by

an interpreter certified by the Administrative Office of the United States Courts.

4

14.    In accordance with the order of the Court dated June 2, 2016 [docket 749], all pleadings and notices filed with the Court, if sent in a foreign language, shall be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.

**V.    Resolution of Participant Claims filed using Standard Claim Form.**

15.    The Trustee shall be authorized to send Participants who filed a Standard Claim form a Notice substantially in the form annexed as <u>Exhibit "D"</u> to the Order advising Participants that they need to file a Participant Claim form within thirty (30) days of the date of the Notice, failing which the Participant's claim shall be disallowed without further Court order.

**VI.    Closure of the Portal**

16.    The Trustee shall be authorized to terminate access to the Portal at any time after the expiration of forty-five (45) days from the date of this Order.

**VII.    Miscellaneous**

17.    In connection with sending Proposed Claims Allowances and omnibus objections to claims, if a Participant Claimant did not identify their name in the "Name" column of their Claim, the Trustee may use the name indicated in the "Signature" column of the Claim form. If a Participant listed a name in a format other than the Latin alphabet, the Trustee may rely solely upon the Participant Claim number in communications with Participant Claimants and filings with the Court.

18.    The foregoing Procedures shall apply with respect to the determination of Participant Claims. The Trustee reserves all rights with respect to the procedures to be established and implemented in connection with the resolution of Claims other than Participants.

## VIII.  Resolution of Class Representatives' Objections

19.   The Trustee shall provide a notice (the "Net Winner Bar Date Notice") to all Participants who are alleged to be members of the Defendant net winner class in either the domestic class action (Adv. Proc. No. 16-4006) or the foreign class action (Adv. Proc. No. 16-4007 and, collectively, the "Adversary Proceedings") (the "Participant Net Winners"), which notice shall provide a link ("Hyperlink") for the Participant Net Winner to view a list of User Accounts attributed to that Participant Net Winner (the "Attributed User Accounts").  The Net Winner Bar Date Notice shall be transmitted in English, Spanish, and Portuguese to the electronic mail address used by the Participant Net Winner when establishing User Accounts with TelexFree.

20.   The Participant Net Winners who assert ownership of User Accounts in addition to the Attributed User Accounts (the "Additional User Accounts") shall have not less than thirty (30) days from transmission of the Net Winner Bar Date Notice (the "Bar Date") to identify the Additional User Accounts by providing the User Account (or login) and the Participant's name and address.  For purposes of establishing ownership of the Additional User Accounts, the Hyperlink will request additional identifying information such as the Participant Net Winner's phone number, password, or other information used when establishing the Participant Net Winner's Additional User Accounts.

21.   Except with respect to Additional User Accounts identified by a Participant Net Winner on or before the Bar Date using the Hyperlink, no Participant Net Winner shall be entitled to assert a claim of ownership as to any Participant Claimant's User Account(s).  This bar order shall not preclude Participant Net Winners from asserting a claim of ownership of User Accounts other than Participant Claimant User Accounts in connection with the determination of

liability of such Participant Net Winners in the Adversary Proceedings. A Participant Net Winner's designation or failure to designate Additional User Accounts by the Bar Date shall not be used as evidence in the Adversary Proceedings.

22.     The Trustee shall defer resolution of that portion of a claim of a Participant Claimant that is based upon an Additional User Account or an Attributed User Account pending determining of ownership of such account. The Trustee is authorized to seek a determination of the balance of a Participant Claimant's claim. Following the expiration of the Bar Date, the Trustee may request that the Court establish further procedures respecting the resolution of disputes pertaining to those Additional User Accounts or Attributed User Accounts.

23.     Participant Net Winners who have filed Claims in these cases shall be subject to the provisions of paragraph 20 herein provided, however, that such Claims shall otherwise be determined in the Adversary Proceedings and provided further that the Trustee may seek to estimate for distribution purposes in the Chapter 11 cases the claims of those Participant Net Winners who timely asserted a net loss claim. No Participant Net Winner other than those who filed a timely net loss claim shall be entitled to receive any distribution in the bankruptcy cases by or through the Trustee or other estate representative. The amount of the net loss claim timely filed by a Participant Net Winner shall be determined in the Adversary Proceedings or in the Chapter 11 cases through a motion to estimate the claim filed by the Trustee.

24.     The class action proofs of claim filed by the Class Representatives on behalf of the Participant Net Winners, claims numbered 132229-24113, 132229-24114, and 132229-24115 shall be adjudicated in the Adversary Proceedings and shall not be entitled to receive any distribution in the bankruptcy cases made by or through the Trustee or other estate representative.

7

Dated: _____ __, 201_

The Honorable Melvin S. Hoffman
United States Bankruptcy Judge

737163

REDLINE VERSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 11 |
| ) | |
| TELEXFREE, LLC , ) | Case No. 14-40987-MSH |
| TELEXFREE, INC., ) | Case No. 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., ) | Case No. 14-40989-MSH |
| ) | |
| Debtors. ) | Jointly Administered |

**ORDER APPROVING MOTION BY CHAPTER 11 TRUSTEE TO ESTABLISH
OMNIBUS PROCEDURES FOR THE RESOLUTION OF
DISPUTED PARTICIPANT CLAIMS**

A continued hearing having been held on this 19th day of December, 2017 on the Motion

by Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "Trustee") of the bankruptcy

estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the

"Debtors" or "TelexFree") to Establish Omnibus Procedures for the Resolution of Disputed

Participant Claims (the "Motion"), and notice of the Motion having been given to all parties in

interest in accordance with the order of the Court, and an objection having been filed by Frantz

Balan, Marco Puzzarini, and Sandro Paulo Freitas, as class representatives of the domestic and

international classes of defendants in Adv. Proc. Nos. 16-4006 and 16-4007 (the "Class

Representatives" and the "Objection", respectively),

THE COURT HEREBY FINDS THAT:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408

and 1409, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.    Service of the Motion was appropriate.

1

C.    The establishment of the claims procedures will expedite the administration of the Debtors' estates and is in the best interest of creditors and parties in interest.

**NOW THEREFORE,** taking into consideration the foregoing findings and all of the evidence before the Court, it is **HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.    The Objection is hereby overruled, and the Motion is hereby GRANTED, as modified herein.

**I.    Proposed Claim Allowance.**

2.    The Trustee is authorized to send Participants[1] who filed claims through the Portal established by the Trustee (the "<u>Participant Claimants</u>") a Proposed Claim Allowance substantially in the form annexed as <u>Exhibit "A"</u> to the Order.

3.    Participant Claimants shall have thirty (30) days from the date of receipt of the Proposed Claim Allowance to file a response ("<u>Claim Response</u>") to the Proposed Claim Allowance.  The Claim Response to a Proposed Claim Allowance shall be sent to the Trustee but <u>not</u> filed with the Court.

4.    If a Participant Claimant fails to send to the Trustee a timely Claim Response, the Trustee shall be authorized to file with the Court a Notice of Claim Allowance ("<u>Notice</u>"), substantially in the form annexed as <u>Exhibit "B"</u> to the Order, that will constitute the Participant Claimant's allowed claim, unless the Participant Claimant files a response within fourteen (14) days of the filing of the Notice and demonstrates good cause for failure to timely file a Claim Response.

5.    If a Participant Claimant timely sends a Claim Response to the Proposed Claim Allowance and the Trustee is unable to resolve the claim dispute with the Participant Claimant,

---

[1] Terms not otherwise defined herein shall have the meanings ascribed in the Motion.

the Trustee may file an objection to the claim with the Court, which shall comport with the omnibus claims procedures set forth in Section II below.

6.     If a Participant Claimant timely sends a Claim Response to the Proposed Claim Allowance and the Trustee is able to reach a consensual resolution of the claim with the affected Participant Claimant, the Trustee may file with the Court an Affidavit of Claim Allowance (an "Affidavit"), substantially in the form annexed as Exhibit "C" to the Order, which shall establish the allowed amount of the Participant Claim without further notice or order.

II.     **Omnibus Objections to Claims**

7.     In connection with the filing of any omnibus objections to Participant claims, in addition to the list of common objections set forth in FRBP 3007(d), the Trustee shall be authorized to include as an objection that the Claim does not comport with the Net Equity calculation for one or more of the following reasons:

a.     Multiple Participant Claimants claimed ownership of one or more of the same User Accounts;

b.     Participant Claimants deleted User Accounts associated with them by the Debtors' records without adequate explanation or documentation;

c.     Participant Claimants added User Accounts that were not associated with them by the Debtors' records without adequate explanation or documentation;

d.     Participant Claimants added or deleted a transaction or adjusted a transaction amount in a User Account without adequate explanation or documentation;

e.     Participant Claimants adjusted the amount of their claim based on transactions not consistent with the Net Equity formula, without adequate explanation or documentation;

3

     f.    Participant Claimants asserted claims in foreign currencies or asserted punitive claims or other claims that do not qualify for allowance under the Net Equity formulation approved by the Court; and

     g.    The claims are objectionable under Sections 502(d) of the Bankruptcy Code.

8.    The Trustee shall be authorized to categorize Participant claims in the omnibus claims objections based upon the Participant Claimant's country of origin. The maximum number of Participant claims permitted in each omnibus objection shall be 250.

9.    Claim Responses to omnibus objections to claims shall be filed with the Court and served upon the Trustee and Trustee's counsel.

**III.   Electronic Noticing**

10.    The Trustee shall be authorized to serve the Proposed Claims Allowance and objections to claims on Participant Claimants by electronic mail using the electronic mail address provided by Participant Claimants in their Claim.

11.    The Trustee shall be authorized to provide customized notices to Participant Claimants, in lieu of attaching complete exhibits to an omnibus objection, where the use of such customized notices will, in the Trustee's judgment, provide superior notice to Participant Claimants and/or cost savings to the Debtors' estates

**IV.   Service of Proposed Claim Allowance, objections to claims, and Claim Response.**

12.    The Trustee shall serve the Proposed Claim Allowance and omnibus objections to claims upon Participant Claimants in English, Spanish, and Portuguese.

13.    If a Claim Response is sent to the Trustee in a foreign language, the Participant Claimant shall provide with the Claim Response a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.

14.     In accordance with the order of the Court dated June 2, 2016 [docket 749], all pleadings and notices filed with the Court, if sent in a foreign language, shall be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.

**V.     Resolution of Participant Claims filed using Standard Claim Form.**

15.     The Trustee shall be authorized to send Participants who filed a Standard Claim form a Notice substantially in the form annexed as Exhibit "D" to the Order advising Participants that they need to file a Participant Claim form within thirty (30) days of the date of the Notice, failing which the Participant's claim shall be disallowed without further Court order.

**VI.    Closure of the Portal**

16.     The Trustee shall be authorized to terminate access to the Portal at any time after the expiration of forty-five (45) days from the date of this Order.

**VII.   Miscellaneous**

17.     In connection with sending Proposed Claims Allowances and omnibus objections to claims, if a Participant Claimant did not identify their name in the "Name" column of their Claim, the Trustee may use the name indicated in the "Signature" column of the Claim form. If a Participant listed a name in a format other than the Latin alphabet, the Trustee may rely solely upon the Participant Claim number in communications with Participant Claimants and filings with the Court.

18.     The foregoing Procedures shall apply with respect to the determination of Participant Claims. The Trustee reserves all rights with respect to the procedures to be established and implemented in connection with the resolution of Claims other than Participants.

5

## VIII.  Resolution of Class Representatives' Objections

19.     The Trustee shall provide a notice (the "Net Winner Bar Date Notice") to all Participants who are alleged to be members of the Defendant net winner class in either the domestic class action (Adv. Proc. No. 16-4006) or the foreign class action (Adv. Proc. No. 16-4007 and, collectively, the "Adversary Proceedings") (the "Participant Net Winners"), which notice shall provide a link ("Hyperlink") for the Participant Net Winner to view a list of User Accounts attributed to that Participant Net Winner (the "Attributed User Accounts").  The Net Winner Bar Date Notice shall be transmitted in English, Spanish, and Portuguese to the electronic mail address used by the Participant Net Winner when establishing User Accounts with TelexFree.

20.     The Participant Net Winners who assert ownership of User Accounts in addition to the Attributed User Accounts (the "Additional User Accounts") shall have not less than thirty (30) days from transmission of the Net Winner Bar Date Notice (the "Bar Date") to identify the Additional User Accounts by providing the User Account (or login) and the Participant's name and address.  For purposes of establishing ownership of the Additional User Accounts, the Hyperlink will request additional identifying information such as the Participant Net Winner's phone number, password, or other information used when establishing the Participant Net Winner's Additional User Accounts.

21.     Except with respect to Additional User Accounts identified by a Participant Net Winner on or before the Bar Date using the Hyperlink, no Participant Net Winner shall be entitled to assert a claim of ownership as to any Participant Claimant's User Account(s). This bar order shall not preclude Participant Net Winners from asserting a claim of ownership of User Accounts other than Participant Claimant User Accounts in connection with the determination of

6

**Deleted:** 's

**Deleted:** by

**Deleted:** provided, however, that such bar

**Deleted:** of non-Participant Claimant

**Formatted:** Not Highlight

liability of such Participant Net Winners in the Adversary Proceedings.  A Participant Net

Winner's designation or failure to designate Additional User Accounts by the Bar Date shall not

be used as evidence in the Adversary Proceedings.

22.    The Trustee shall defer resolution of that portion of a claim of a Participant

Claimant that is based upon an Additional User Account or an Attributed User Account pending

determining of ownership of such account.  The Trustee is authorized to seek a determination of

the balance of a Participant Claimant's claim.  Following the expiration of the Bar Date, the

Trustee may request that the Court establish further procedures respecting the resolution of

disputes pertaining to those Additional User Accounts or Attributed User Accounts.

23.    Participant Net Winners who have filed Claims in these cases shall be subject to

the provisions of paragraph 20 herein provided, however, that such Claims shall otherwise be

determined in the Adversary Proceedings and provided further that the Trustee may seek to

estimate for distribution purposes in the Chapter 11 cases the claims of those Participant Net

Winners who timely asserted a net loss claim.  No Participant Net Winner other than those who

filed a timely net loss claim shall be entitled to receive any distribution in the bankruptcy cases

by or through the Trustee or other estate representative.  The amount of the net loss claim timely

filed by a Participant Net Winner shall be determined in the Adversary Proceedings or in the

Chapter 11 cases through a motion to estimate the claim filed by the Trustee.

24.    The class action proofs of claim filed by the Class Representatives on behalf of

the Participant Net Winners, claims numbered 132229-24113, 132229-24114, and 132229-24115

shall be adjudicated in the Adversary Proceedings and shall not be entitled to receive any

distribution in the bankruptcy cases made by or through the Trustee or other estate

representative.

7

| Deleted: main |

| Deleted: Excepting only those net losses established in the Adversary Proceeding or through estimation of claims on account of timely filed net loss claims, n |

| Deleted: |

Dated: _____, 201_

735795

_____
The Honorable Melvin S. Hoffman
United States Bankruptcy Judge

8

**EXHIBIT A**

CLEAN VERSION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**NOTICE OF PROPOSED CLAIM ALLOWANCE**

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.*

Dear Participant:

You are receiving this Notice because you purchased one or more membership or phone plans from TelexFree (thereby making you a "Participant" for purposes of these Procedures) and you filed a claim in the TelexFree bankruptcy cases.  The Trustee has reviewed the claim and determined that there are certain deficiencies in your claim, and the Trustee has proposed allowance of the claim in an amount different from the amount in the claim that you filed.  Set forth below is a summary of the Trustee's determination and your rights.

Stephen B. Darr, the Chapter 11 bankruptcy trustee (the "Trustee") of TelexFree LLC, TelexFree Inc., and TelexFree Financial Inc. (together, "TelexFree") has reviewed the claim (the "Claim") that you filed with the electronic claims portal (the "Portal") hosted by the internet site **telexfreeclaims.com**.  Based upon this review, the Trustee has concluded that your Claim does not fully comply with the Net Equity formula[1] as approved by the Court for one or more reasons and proposes an adjustment to the Claim.  Exhibit "A" to this Notice provides a description of the types of objections that may apply and information or documentation that may assist in

---

[1] The Net Equity formula provided for the following:

    (i)   in determining the amount of a Participant's claim, any claim or portion of claim based upon accumulated credits in a Participant's User Accounts as of the Petition Date shall be disallowed;

    (ii)  Participant Claims shall be computed as follows: the amount invested by the Participant into the Debtors' scheme, including amounts paid pursuant to Triangular Transactions, less amounts received by the Participant from the Debtors' scheme, including amounts received pursuant to Triangular Transactions;

    (iii) In determining the amount of a claim of a Participant who has more than one User Account, the activity in all of the Participant's User Accounts shall be aggregated and netted against one another.

1

resolving the objections. Exhibit "A-1" identifies the proposed allowed amount of your Claim and the specific objections that apply to your Claim.   Included as part of Exhibit A-1 is a schedule translating headings into English, Spanish, and Portuguese.

THE "PROPOSED ALLOWED AMOUNT OF CLAIM" AS SET FORTH ON EXHIBIT A-1 DOES NOT REPRESENT THE AMOUNT YOU WILL RECEIVE ON ACCOUNT OF YOUR CLAIM; IT REPRESENTS THE AMOUNT OF YOUR CLAIM THAT WILL PARTICIPATE IN A DISTRIBUTION WITH OTHER ALLOWED PARTICIPANT CLAIMS. THE AMOUNT THAT YOU ACTUALLY RECEIVE IN A DISTRIBUTION WILL BE BASED UPON THE TOTAL AMOUNT OF FUNDS THAT THE TRUSTEE HAS AVAILABLE TO DISTRIBUTE AS WELL AS THE TOTAL AMOUNT OF ALLOWED PARTICIPANT CLAIMS.

**Your Right to Object.**

The Trustee's determination is based upon the Trustee's current information and the information you submitted in your Claim.   You have the right to object to this determination.   If you disagree with the Proposed Claim Allowance, you must file a written response (a "Claim Response") in the manner described below within thirty (30) days of the date of this Notice.   The Claim Response should be sent electronically to the Trustee but should NOT be filed with the Bankruptcy Court.  To object, you must: (i) identify your Name and Claim Number as set forth above; (ii) provide a statement of the reasons for your objection to this Proposed Claim Allowance and match your statement to the specific Reference Numbers on Exhibit A-1; (iii) submit copies of any documents that you rely upon that were not previously uploaded as part of your Claim; and (iv) identify your Name and Claim number and how to contact you by telephone and electronic mail.

If you file a timely objection, the Trustee will review the information that you have provided and will take one of three actions:

(i)     The Trustee may accept your response and documents and propose to allow your claim in the amount submitted through the Portal;

(ii)    The Trustee may propose a different amount to be allowed as your claim; or

(iii)   The Trustee may reject your explanation and documents and file a formal objection with the Bankruptcy Court.  In such event, you will have an opportunity to file a response with the Court and have an opportunity to be heard.

If you do not file a timely Claim Response, the Trustee will request that the Court approve the Proposed Allowed Amount of Claim.

**If you Agree with the Claim Determination.**

If you agree with this determination, you may either notify the Trustee at the electronic mail address listed below or take no further action.

If, at the conclusion of this process, you have an allowed Participant claim, you will be notified at the appropriate time when funds are available for distribution.

2

Respectfully Submitted,
STEPHEN B. DARR,
CHAPTER 11 TRUSTEE,
By his counsel,


_____
Andrew G. Lizotte (BBO #559609)
MURPHY & KING, P.C.
One Beacon Street
Boston, MA  02108-3107
Telephone:  (617) 423-0400
Facsimile:  (617) 423-0498
ALizotte@murphyking.com

Dated: _____, 2017
737165

3

EXHIBIT "A"
**Objection Codes (see Exhibit A-1 for list of those objections that apply to your claim).**

| Objection Code | Explanation of Objection | Documents or Information to Provide in Response to Objection |
|---|---|---|
| A | <u>Multiple Participants Claimed Same User Account</u><br>Multiple Participants have claimed ownership of 1 or more of the same User Accounts (a User Account is the account established in the TelexFree recordkeeping system when a Participant purchased a membership or phone plan). | Provide documentation that shows that you are the owner of the User Account identified on Exhibit A-1. Documentation may include correspondence to or from TelexFree regarding the User Accounts or payment records from the purchase of the User Accounts. |
| B | <u>User Account(s) Deleted Without Adequate Explanation or Documentation</u><br>Participant entered information into the Portal (e.g., name, phone number, email address, etc.) which resulted in certain User Accounts being associated with Participant based on TelexFree's records. Participant deleted one or more of those User Account without adequate explanation or documentation. | Provide evidence that the deleted User Account does not belong to the Participant. The deleted User Accounts are itemized on Exhibit A-1. |
| C | <u>User Account(s) Added Without Adequate Explanation or Documentation</u><br>Participant added User Account(s) not associated with them in TelexFree records. Participant did not provide adequate explanation or documentation to support the addition of the User Account(s). | Provide documentation that shows that Participant is the owner of the User Account(s). Documentation may include correspondence to or from TelexFree regarding the User Account(s) or payment records from the purchase of the User Accounts. Also supply as many identifiers as possible that were used by you when opening the User Account(s) to establish that the User Account(s) belongs to you. Added User Account(s) are itemized on Exhibit A-1. |

4

| D | <u>Transactions Modified Without Adequate Explanation or Documentation</u><br>The Portal required Participants to identify all User Accounts belonging to the Participant. The Participant was then presented with all Net Equity transactions associated with those User Account(s) in TelexFree's records. Participant changed the amount of transaction(s) without adequate explanation or documentation. | Provide documents showing amounts paid or received to support the transaction adjustment(s) and the User Account to which it relates. The modified transaction(s) are itemized on Exhibit A-1. |
|---|---|---|
| E | <u>Transactions Added Without Adequate Explanation or Documentation</u><br>The Portal required Participants to identify all User Accounts belonging to the Participant. The Participant was then presented with all Net Equity transactions associated with those User Account(s) in TelexFree's records. Participant added a transaction not reflected in TelexFree's records without providing adequate explanation or documentation. | Provide documents supporting the added transaction and the User Account to which it relates. The added transaction(s) are itemized on Exhibit A-1. |
| F | <u>Additional Claim Component Added Without Adequate Explanation or Documentation</u><br>Participant adjusted the amount of claim based on transactions not consistent with the Net Equity formula without providing adequate explanation or documentation. | Documents evidencing payment(s) to TelexFree or to another Participant for the purchase of a membership or phone plan and any associated User Account. The additional claim components are itemized on Exhibit A-1. |
| G | <u>Damages Not Included in Net Equity</u><br>Participant asserted other damages not included in Net Equity formula. | If claims are not based on Net Equity formula, this portion of the Claim will be disallowed. The asserted damages are itemized on Exhibit A-1. |

Sample Form

TelexFree LLC, et al.
Exhibit A-1 to Notice of Proposed Claim Allowance

| Name of Creditor: | [Creditor Name] | Amount of Claim Filed with Portal: | $ |
| Claim Number: | [Claim Number] | Proposed Allowed Amount of Claim: | $ |
| | | Basis of Reduction in Claim: | [Objection Code(s)] |

**Objection Code**

**A**    **User Account(s) Claimed by Other Participant(s)**

| Ref. # | User Account |
|---|---|
| 1 | [User Account] |
| 2 | [User Account] |
| 3 | [User Account] |
| 4 | [User Account] |

**B**    **User Account(s) Deleted Without Adequate Explanation or Documentation**

| Ref. # | User Account |
|---|---|
| 5 | [User Account] |

**C**    **User Account(s) Added Without Adequate Explanation or Documentation**

| Ref. # | User Account |
|---|---|
| 6 | [User Account] |

**D**    **Transactions Modified Without Adequate Explanation or Documentation**

| Ref. # | User Account | Transaction Date | TelexFree Records | Amount of Adjustment | Amount Claimed |
|---|---|---|---|---|---|
| 7 | [User Account] | 01/27/14 | $ (49.90) | $ 49.90 | $ |
| 8 | [User Account] | 01/27/14 | $ (49.90) | $ 49.90 | $ |

**E**    **Transactions Added Without Adequate Explanation or Documentation**

| Ref. # | User Account | Transaction Date | Transaction Amount |
|---|---|---|---|
| 9 | [User Account] | 01/31/14 | $53,957.40 |

**F**    **Additional Claim Components  Added Without Adequate Explanation or Documentation**

| Ref. # | Claim Amount | User Account | Participant Description |
|---|---|---|---|
| 10 | $ 39,985.93 | [User Account] | [Text of Participant Description] |
| 11 | $ 43,400.00 | [User Account] | [Text of Participant Description] |
| 12 | $ 2,734.90 | [User Account] | [Text of Participant Description] |

**G**    **Damages Not Included in Net Equity**

| Ref. # |
|---|
| 13    [Trustee description of basis for proposed disallowance] |

Note:    Supporting explanations and documentation must identify the reference number (Ref. #) of the related item.

REDLINE VERSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| TELEXFREE, LLC, | ) | Case No. 14-40987-MSH |
| TELEXFREE, INC., | ) | Case No. 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | ) | Case No. 14-40989-MSH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF PROPOSED CLAIM ALLOWANCE

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.*

Dear Participant:

You are receiving this Notice because you purchased one or more membership or phone plans from TelexFree (thereby making you a "Participant" for purposes of these Procedures) and you filed a claim in the TelexFree bankruptcy cases.  The Trustee has reviewed the claim and determined that there are certain deficiencies in your claim, and the Trustee has proposed allowance of the claim in an amount different from the amount in the claim that you filed.  Set forth below is a summary of the Trustee's determination and your rights.

Stephen B. Darr, the Chapter 11 bankruptcy trustee (the "Trustee") of TelexFree LLC, TelexFree Inc., and TelexFree Financial Inc. (together, "TelexFree") has reviewed the claim (the "Claim") that you filed with the electronic claims portal (the "Portal") hosted by the internet site **telexfreeclaims.com**.  Based upon this review, the Trustee has concluded that your Claim does not fully comply with the Net Equity formula[1] as approved by the Court for one or more reasons and proposes an adjustment to the Claim.  Exhibit "A" to this Notice provides a description of the types of objections that may apply and information or documentation that may assist in

---

[1] The Net Equity formula provided for the following:

    (i)   in determining the amount of a Participant's claim, any claim or portion of claim based upon accumulated credits in a Participant's User Accounts as of the Petition Date shall be disallowed;

    (ii)  Participant Claims shall be computed as follows: the amount invested by the Participant into the Debtors' scheme, including amounts paid pursuant to Triangular Transactions, less amounts received by the Participant from the Debtors' scheme, including amounts received pursuant to Triangular Transactions;

    (iii) In determining the amount of a claim of a Participant who has more than one User Account, the activity in all of the Participant's User Accounts shall be aggregated and netted against one another.

1

resolving the objections. Exhibit "A-1" identifies the proposed allowed amount of your Claim and the specific objections that apply to your Claim. Included as part of Exhibit A-1 is a schedule translating headings into English, Spanish, and Portuguese.

THE "PROPOSED ALLOWED AMOUNT OF CLAIM" AS SET FORTH ON EXHIBIT A-1 DOES NOT REPRESENT THE AMOUNT YOU WILL RECEIVE ON ACCOUNT OF YOUR CLAIM; IT REPRESENTS THE AMOUNT OF YOUR CLAIM THAT WILL PARTICIPATE IN A DISTRIBUTION WITH OTHER ALLOWED PARTICIPANT CLAIMS. THE AMOUNT THAT YOU ACTUALLY RECEIVE IN A DISTRIBUTION WILL BE BASED UPON THE TOTAL AMOUNT OF FUNDS THAT THE TRUSTEE HAS AVAILABLE TO DISTRIBUTE AS WELL AS THE TOTAL AMOUNT OF ALLOWED PARTICIPANT CLAIMS.

**Your Right to Object.**

The Trustee's determination is based upon the Trustee's current information and the information you submitted in your Claim. You have the right to object to this determination. If you disagree with the Proposed Claim Allowance, you must file a written response (a "Claim Response") in the manner described below within thirty (30) days of the date of this Notice. The Claim Response should be sent electronically to the Trustee but should NOT be filed with the Bankruptcy Court. To object, you must: (i) identify your Name and Claim Number as set forth above; (ii) provide a statement of the reasons for your objection to this Proposed Claim Allowance and match your statement to the specific Reference Numbers on Exhibit A-1; (iii) submit copies of any documents that you rely upon that were not previously uploaded as part of your Claim; and (iv) identify your Name and Claim number and how to contact you by telephone and electronic mail.

If you file a timely objection, the Trustee will review the information that you have provided and will take one of three actions:
(i)    The Trustee may accept your response and documents and propose to allow your claim in the amount submitted through the Portal;
(ii)   The Trustee may propose a different amount to be allowed as your claim; or
(iii)  The Trustee may reject your explanation and documents and file a formal objection with the Bankruptcy Court. In such event, you will have an opportunity to file a response with the Court and have an opportunity to be heard.

If you do not file a timely Claim Response, the Trustee will request that the Court approve the Proposed Allowed Amount of Claim.

**If you Agree with the Claim Determination.**

If you agree with this determination, you may either notify the Trustee at the electronic mail address listed below or take no further action.

If, at the conclusion of this process, you have an allowed Participant claim, you will be notified at the appropriate time when funds are available for distribution.

2

Respectfully Submitted,
STEPHEN B. DARR,
CHAPTER 11 TRUSTEE,
By his counsel,

_____

Andrew G. Lizotte (BBO #559609)
MURPHY & KING, P.C.
One Beacon Street
Boston, MA  02108-3107
Telephone:  (617) 423-0400
Facsimile:  (617) 423-0498
ALizotte@murphyking.com

Dated: _____, 2017
737164

3

**EXHIBIT "A"**

**Objection Codes (see Exhibit A-1 for list of those objections that apply to your claim).**

| Objection Code | Explanation of Objection | Documents or Information to Provide in Response to Objection |
|---|---|---|
| A | <u>Multiple Participants Claimed Same User Account</u><br>Multiple Participants have claimed ownership of 1 or more of the same User Accounts (a User Account is the account established in the TelexFree recordkeeping system when a Participant purchased a membership or phone plan). | Provide documentation that shows that you are the owner of the User Account identified on Exhibit A-1. Documentation may include correspondence to or from TelexFree regarding the User Accounts or payment records from the purchase of the User Accounts. |
| B | <u>User Account(s) Deleted Without Adequate Explanation or Documentation</u><br>Participant entered information into the Portal (e.g., name, phone number, email address, etc.) which resulted in certain User Accounts being associated with Participant based on TelexFree's records. Participant deleted one or more of those User Account without adequate explanation or documentation. | Provide evidence that the deleted User Account does not belong to the Participant. The deleted User Accounts are itemized on Exhibit A-1. |
| C | <u>User Account(s) Added Without Adequate Explanation or Documentation</u><br>Participant added User Account(s) not associated with them in TelexFree records. Participant did not provide adequate explanation or documentation to support the addition of the User Account(s). | Provide documentation that shows that Participant is the owner of the User Account(s). Documentation may include correspondence to or from TelexFree regarding the User Account(s) or payment records from the purchase of the User Accounts. Also supply as many identifiers as possible that were used by you when opening the User Account(s) to establish that the User Account(s) belongs to you. Added User Account(s) are itemized on Exhibit A-1. |

4

| D | **Transactions Modified Without Adequate Explanation or Documentation** The Portal required Participants to identify all User Accounts belonging to the Participant.  The Participant was then presented with all Net Equity transactions associated with those User Account(s) in TelexFree's records.  Participant changed the amount of transaction(s) without adequate explanation or documentation. | Provide documents showing amounts paid or received to support the transaction adjustment(s) and the User Account to which it relates.  The modified transaction(s) are itemized on Exhibit A-1. |
|---|---|---|
| E | **Transactions Added Without Adequate Explanation or Documentation** The Portal required Participants to identify all User Accounts belonging to the Participant.  The Participant was then presented with all Net Equity transactions associated with those User Account(s) in TelexFree's records.  Participant added a transaction not reflected in TelexFree's records without providing adequate explanation or documentation. | Provide documents supporting the added transaction and the User Account to which it relates.  The added transaction(s) are itemized on Exhibit A-1. |
| F | **Additional Claim Component Added Without Adequate Explanation or Documentation** Participant adjusted the amount of claim based on transactions not consistent with the Net Equity formula without providing adequate explanation or documentation. | Documents evidencing payment(s) to TelexFree or to another Participant for the purchase of a membership or phone plan and any associated User Account. The additional claim components are itemized on Exhibit A-1. |
| G | **Damages Not Included in Net Equity** Participant asserted other damages not included in Net Equity formula. | If claims are not based on Net Equity formula, this portion of the Claim will be disallowed.  The asserted damages are itemized on Exhibit A-1. |

5

Sample Form

TelexFree LLC, et al.
Exhibit A-1 to Notice of Proposed Claim Allowance

| Name of Creditor: | [Creditor Name] | Amount of Claim Filed with Portal: | $ | |
|---|---|---|---|---|
| Claim Number: | [Claim Number] | Proposed Allowed Amount of Claim: | $ | |
| | | Basis of Reduction in Claim: | [Objection Code(s)] | |

**Objection Code**

**A**  User Account(s) Claimed by Other Participant(s)

| Ref. # | User Account |
|---|---|
| 1 | [User Account] |
| 2 | [User Account] |
| 3 | [User Account] |
| 4 | [User Account] |

**B**  User Account(s) Deleted Without Adequate Explanation or Documentation

| Ref. # | User Account |
|---|---|
| 5 | [User Account] |

**C**  User Account(s) Added Without Adequate Explanation or Documentation

| Ref. # | User Account |
|---|---|
| 6 | [User Account] |

**D**  Transactions Modified Without Adequate Explanation or Documentation

| Ref. # | User Account | Transaction Date | TelexFree Records | Amount of Adjustment | Amount Claimed |
|---|---|---|---|---|---|
| 7 | [User Account] | 01/27/14 | $ (49.90) | $ 49.90 | $ - |
| 8 | [User Account] | 01/27/14 | $ (49.90) | $ 49.90 | $ - |

**E**  Transactions Added Without Adequate Explanation or Documentation

| Ref. # | User Account | Transaction Date | Transaction Amount |
|---|---|---|---|
| 9 | [User Account] | 01/31/14 | $53,957.40 |

**F**  Additional Claim Components  Added Without Adequate Explanation or Documentation

| Ref. # | Claim Amount | User Account | Participant Description |
|---|---|---|---|
| 10 | $ 39,985.93 | [User Account] | [Text of Participant Description] |
| 11 | $ 43,400.00 | [User Account] | [Text of Participant Description] |
| 12 | $ 2,734.90 | [User Account] | [Text of Participant Description] |

**G**  Damages Not Included in Net Equity

| Ref. # |
|---|
| 13 | [Trustee description of basis for proposed disallowance] |

Note:    Supporting explanations and documentation must identify the reference number (Ref. #) of the related item.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |

### NOTICE OF CLAIM ALLOWANCE

In accordance with the order ("Order") dated _____ approving the
*Motion by Chapter 11 Trustee to Establish Omnibus Procedures for the Resolution of Disputed
Participant Claims*, Stephen B. Darr, the duly appointed Chapter 11 trustee (the "Trustee") of the
bankruptcy estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc.
(collectively, the "Debtors" or "TelexFree"), transmitted Notices of Proposed Claims Allowance
to the Participants set forth on Exhibit "A" hereto (the "Exhibit A Participants"). The Exhibit A
Participants did not file Claim Responses to the Notices of Proposed Claims Allowance within
thirty (30) days as required by the terms of the Order.

The Exhibit A Participant claims shall be allowed in the amounts set forth on Exhibit A
without further order or notice unless, within fourteen (14) days of the date hereof, an Exhibit A
Participant files with the Court and serves on the Trustee a Claim Response disputing the
proposed claim amount and demonstrating good cause for failure to timely respond to the Notice
of Proposed Claim Allowance.

Respectfully Submitted,
STEPHEN B. DARR,
CHAPTER 11 TRUSTEE,
By his counsel,

_____
Andrew G. Lizotte (BBO #559609)
MURPHY & KING, P.C.
One Beacon Street
Boston, MA 02108-3107
Telephone: (617) 423-0400
Facsimile: (617) 423-0498
ALizotte@murphyking.com

Dated: _____
733745

1

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| TELEXFREE, LLC, | ) | Case No. 14-40987-MSH |
| TELEXFREE, INC., | ) | Case No. 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | ) | Case No. 14-40989-MSH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## AFFIDAVIT OF CLAIM ALLOWANCE

I, Stephen B. Darr, hereby submit the following Affidavit of Claim Allowance in accordance with the order ("Order") dated _____ approving the *Motion by Chapter 11 Trustee to Establish Omnibus Procedures for the Resolution of Disputed Participant Claims*.

1.      I am the duly appointed Chapter 11 trustee (the "Trustee") in these cases, having been appointed by order of the Court dated June 6, 2014.

2.      On _____, I served Notices of Proposed Claims Allowance upon the Participants identified on Exhibit "A" hereto (the "Exhibit A Participants") in accordance with the Order.

3.      The Exhibit A Participants filed timely Claim Responses to the Proposed Claims Allowance.

4.      The Exhibit A Participants and I were able to reach a consensual resolution of the claim asserted by the respective Participants.

5.      The amounts set forth on Exhibit A hereto constitute the agreed to allowed claims of each of the respective Exhibit A Participants, without further notice or order of the Court, all in accordance with the Order.

I attest that, to the best of my knowledge, the foregoing is true and accurate.


Dated: _____                    _____
                                                 Stephen B. Darr
                                                 Chapter 11 Trustee
733749

1

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| TELEXFREE, LLC, | ) | Case No. 14-40987-MSH |
| TELEXFREE, INC., | ) | Case No. 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | ) | Case No. 14-40989-MSH |
| | ) | |
| Debtors. | ) | Jointly Administered |

NOTICE OF DEADLINE FOR PARTICIPANTS FILING STANDARD
CLAIMS TO FILE A PARTICIPANT CLAIM

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

Dear Participant:

You are receiving this Notice because you used an incorrect form when you filed a claim in the TelexFree bankruptcy cases with the electronic claims portal (the "Portal") hosted by the internet site **telexfreeclaims.com.** When completing your claim, you used the form that is to be used by creditors of TelexFree who were <u>not</u> Participants (such as vendors, utility providers, or governmental entities). In order to have your claim considered, you must file a Participant Claim.

Please be advised that you have until _____ to complete and file a Participant Claim on the **telexfreeclaims.com** website. If you fail to do so, your claim will be disallowed without further notice or order of the Court.

Participants must file the electronic proof of claim specifically designated for Participants (the "Participant ePOC") through the Portal. The Participant ePOC can be accessed by clicking the orange "File a Participant ePOC" button on the upper right hand side of the "Welcome" screen on the Portal. Detailed instructions for completing the Participant ePOC are included in the Portal.

If, at the conclusion of this process, you have an allowed Participant Claim, you will be notified at the appropriate time when funds are available for distribution.

1

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE,
By his counsel,

_____
Andrew G. Lizotte (BBO #559609)
MURPHY & KING, P.C.
One Beacon Street
Boston, MA  02108-3107
Telephone:  (617) 423-0400
Facsimile:  (617) 423-0498
ALizotte@murphyking.com

Dated: _____, 2017
733838

2