**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 11 |
| ) | |
| TELEXFREE, LLC , ) | Case No. 14-40987-MSH |
| TELEXFREE, INC., ) | Case No. 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., ) | Case No. 14-40989-MSH |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**ORDER APPROVING MOTION BY CHAPTER 11 TRUSTEE TO ESTABLISH OMNIBUS PROCEDURES FOR THE RESOLUTION OF <u>DISPUTED PARTICIPANT CLAIMS</u>**

A continued hearing having been held on this 19th day of December, 2017 on the Motion by Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "<u>Trustee</u>") of the bankruptcy estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the "<u>Debtors</u>" or "<u>TelexFree</u>") to Establish Omnibus Procedures for the Resolution of Disputed Participant Claims (the "<u>Motion</u>"), and notice of the Motion having been given to all parties in interest in accordance with the order of the Court, and an objection having been filed by Frantz Balan, Marco Puzzarini, and Sandro Paulo Freitas, as class representatives of the domestic and international classes of defendants in Adv. Proc. Nos. 16-4006 and 16-4007 (the "<u>Class Representatives</u>" and the "<u>Objection</u>", respectively),

**THE COURT HEREBY FINDS THAT:**

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     Service of the Motion was appropriate.

C.  The establishment of the claims procedures will expedite the administration of the Debtors' estates and is in the best interest of creditors and parties in interest.

**NOW THEREFORE,** taking into consideration the foregoing findings and all of the evidence before the Court, it is **HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Objection is hereby overruled, and the Motion is hereby GRANTED, as modified herein.

**I.  Proposed Claim Allowance.**

2. The Trustee is authorized to send Participants[1] who filed claims through the Portal established by the Trustee (the "Participant Claimants") a Proposed Claim Allowance substantially in the form annexed as Exhibit "A" to the Order.

3. Participant Claimants shall have thirty (30) days from the date of receipt of the Proposed Claim Allowance to file a response ("Claim Response") to the Proposed Claim Allowance. The Claim Response to a Proposed Claim Allowance shall be sent to the Trustee but not filed with the Court.

4. If a Participant Claimant fails to send to the Trustee a timely Claim Response, the Trustee shall be authorized to file with the Court a Notice of Claim Allowance ("Notice"), substantially in the form annexed as Exhibit "B" to the Order, that will constitute the Participant Claimant's allowed claim, unless the Participant Claimant files a response within fourteen (14) days of the filing of the Notice and demonstrates good cause for failure to timely file a Claim Response.

5. If a Participant Claimant timely sends a Claim Response to the Proposed Claim Allowance and the Trustee is unable to resolve the claim dispute with the Participant Claimant,

---

[1] Terms not otherwise defined herein shall have the meanings ascribed in the Motion.

the Trustee may file an objection to the claim with the Court, which shall comport with the omnibus claims procedures set forth in Section II below.

6.      If a Participant Claimant timely sends a Claim Response to the Proposed Claim Allowance and the Trustee is able to reach a consensual resolution of the claim with the affected Participant Claimant, the Trustee may file with the Court an Affidavit of Claim Allowance (an "Affidavit"), substantially in the form annexed as Exhibit "C" to the Order, which shall establish the allowed amount of the Participant Claim without further notice or order.

**II.     Omnibus Objections to Claims**

7.      In connection with the filing of any omnibus objections to Participant claims, in addition to the list of common objections set forth in FRBP 3007(d), the Trustee shall be authorized to include as an objection that the Claim does not comport with the Net Equity calculation for one or more of the following reasons:

   a. Multiple Participant Claimants claimed ownership of one or more of the same User Accounts;

   b. Participant Claimants deleted User Accounts associated with them by the Debtors' records without adequate explanation or documentation;

   c. Participant Claimants added User Accounts that were not associated with them by the Debtors' records without adequate explanation or documentation;

   d. Participant Claimants added or deleted a transaction or adjusted a transaction amount in a User Account without adequate explanation or documentation;

   e. Participant Claimants adjusted the amount of their claim based on transactions not consistent with the Net Equity formula, without adequate explanation or documentation;

3

  f. Participant Claimants asserted claims in foreign currencies or asserted punitive claims or other claims that do not qualify for allowance under the Net Equity formulation approved by the Court; and

  g. The claims are objectionable under Sections 502(d) of the Bankruptcy Code.

8. The Trustee shall be authorized to categorize Participant claims in the omnibus claims objections based upon the Participant Claimant's country of origin. The maximum number of Participant claims permitted in each omnibus objection shall be 250.

9. Claim Responses to omnibus objections to claims shall be filed with the Court and served upon the Trustee and Trustee's counsel.

**III. Electronic Noticing**

10. The Trustee shall be authorized to serve the Proposed Claims Allowance and objections to claims on Participant Claimants by electronic mail using the electronic mail address provided by Participant Claimants in their Claim.

11. The Trustee shall be authorized to provide customized notices to Participant Claimants, in lieu of attaching complete exhibits to an omnibus objection, where the use of such customized notices will, in the Trustee's judgment, provide superior notice to Participant Claimants and/or cost savings to the Debtors' estates

**IV. Service of Proposed Claim Allowance, objections to claims, and Claim Response.**

12. The Trustee shall serve the Proposed Claim Allowance and omnibus objections to claims upon Participant Claimants in English, Spanish, and Portuguese.

13. If a Claim Response is sent to the Trustee in a foreign language, the Participant Claimant shall provide with the Claim Response a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.

4

14. In accordance with the order of the Court dated June 2, 2016 [docket 749], all pleadings and notices filed with the Court, if sent in a foreign language, shall be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.

V.   **Resolution of Participant Claims filed using Standard Claim Form.**

15. The Trustee shall be authorized to send Participants who filed a Standard Claim form a Notice substantially in the form annexed as Exhibit "D" to the Order advising Participants that they need to file a Participant Claim form within thirty (30) days of the date of the Notice, failing which the Participant's claim shall be disallowed without further Court order.

VI.  **Closure of the Portal**

16. The Trustee shall be authorized to terminate access to the Portal at any time after the expiration of forty-five (45) days from the date of this Order.

VII. **Miscellaneous**

17. In connection with sending Proposed Claims Allowances and omnibus objections to claims, if a Participant Claimant did not identify their name in the "Name" column of their Claim, the Trustee may use the name indicated in the "Signature" column of the Claim form. If a Participant listed a name in a format other than the Latin alphabet, the Trustee may rely solely upon the Participant Claim number in communications with Participant Claimants and filings with the Court.

18. The foregoing Procedures shall apply with respect to the determination of Participant Claims. The Trustee reserves all rights with respect to the procedures to be established and implemented in connection with the resolution of Claims other than Participants.

### VIII. Resolution of Class Representatives' Objections

19. The Trustee shall provide a notice (the "Net Winner Bar Date Notice") to all Participants who are alleged to be members of the Defendant net winner class in either the domestic class action (Adv. Proc. No. 16-4006) or the foreign class action (Adv. Proc. No. 16-4007 and, collectively, the "Adversary Proceedings") (the "Participant Net Winners"), which notice shall provide a link ("Hyperlink") for the Participant Net Winner to view a list of User Accounts attributed to that Participant Net Winner (the "Attributed User Accounts"). The Net Winner Bar Date Notice shall be transmitted in English, Spanish, and Portuguese to the electronic mail address used by the Participant Net Winner when establishing User Accounts with TelexFree.

20. The Participant Net Winners who assert ownership of User Accounts in addition to the Attributed User Accounts (the "Additional User Accounts") shall have not less than thirty (30) days from transmission of the Net Winner Bar Date Notice (the "Bar Date") to identify the Additional User Accounts by providing the User Account (or login) and the Participant's name and address. For purposes of establishing ownership of the Additional User Accounts, the Hyperlink will request additional identifying information such as the Participant Net Winner's phone number, password, or other information used when establishing the Participant Net Winner's Additional User Accounts.

21. Except with respect to Additional User Accounts identified by a Participant Net Winner on or before the Bar Date using the Hyperlink, no Participant Net Winner shall be entitled to assert a claim of ownership as to any Participant Claimant's User Account(s). This bar order shall not preclude Participant Net Winners from asserting a claim of ownership of User Accounts other than Participant Claimant User Accounts in connection with the determination of

6

liability of such Participant Net Winners in the Adversary Proceedings. A Participant Net Winner's designation or failure to designate Additional User Accounts by the Bar Date shall not be used as evidence in the Adversary Proceedings.

22. The Trustee shall defer resolution of that portion of a claim of a Participant Claimant that is based upon an Additional User Account or an Attributed User Account pending determining of ownership of such account. The Trustee is authorized to seek a determination of the balance of a Participant Claimant's claim. Following the expiration of the Bar Date, the Trustee may request that the Court establish further procedures respecting the resolution of disputes pertaining to those Additional User Accounts or Attributed User Accounts.

23. Participant Net Winners who have filed Claims in these cases shall be subject to the provisions of paragraph 20 herein provided, however, that such Claims shall otherwise be determined in the Adversary Proceedings and provided further that the Trustee may seek to estimate for distribution purposes in the Chapter 11 cases the claims of those Participant Net Winners who timely asserted a net loss claim. No Participant Net Winner other than those who filed a timely net loss claim shall be entitled to receive any distribution in the bankruptcy cases by or through the Trustee or other estate representative. The amount of the net loss claim timely filed by a Participant Net Winner shall be determined in the Adversary Proceedings or in the Chapter 11 cases through a motion to estimate the claim filed by the Trustee.

24. The class action proofs of claim filed by the Class Representatives on behalf of the Participant Net Winners, claims numbered 132229-24113, 132229-24114, and 132229-24115 shall be adjudicated in the Adversary Proceedings and shall not be entitled to receive any distribution in the bankruptcy cases made by or through the Trustee or other estate representative.

Dated: December 26, 2017

_____
The Honorable Melvin S. Hoffman
United States Bankruptcy Judge

737163