## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **TELEXFREE, LLC,** | ) | Case No. 14-40987-MSH |
| **TELEXFREE, INC.,** | ) | Case No. 14-40988-MSH |
| **TELEXFREE FINANCIAL, INC.,** | ) | Case No. 14-40989-MSH |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

### FIRST STATUS REPORT REGARDING DETERMINATION
### OF PARTICIPANT CLAIMS

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

Stephen B. Darr, the duly appointed Chapter 11 trustee (the "Trustee") of the bankruptcy

estates (the "Estates") of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc.

(collectively, the "Debtors" or "TelexFree"), respectfully submits this Status Report regarding

the resolution of claims ("Participant Claims") filed by persons who purchased TelexFree

membership plans ("Participants") against the TelexFree Estates.

### BACKGROUND

1.     On April 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") with the

United States Bankruptcy Court for the District of Nevada.

2.     The Debtors initially operated as debtors-in-possession pursuant to Sections 1107

and 1108 of the Bankruptcy Code.

3.     On the Petition Date, the Debtors filed a motion for joint administration of the

cases, with TelexFree, LLC designated as the lead case.  By order dated April 24, 2014, the

motion for joint administration was approved.

4.      On May 6, 2014, the Nevada Bankruptcy Court allowed the motion filed by the Securities and Exchange Commission to change the venue of the cases to the United States Bankruptcy Court for the District of Massachusetts (the "Court"). The cases were transferred to the Court on May 9, 2014.

5.      On May 30, 2014, the Court allowed the motion by the Office of the United States Trustee's to appoint a Chapter 11 trustee and the Trustee was appointed on June 6, 2014.

6.      TelexFree operated one of the largest Ponzi and pyramid schemes in United States history, ensnaring more than 1,000,000 Participants who collectively lost in excess of $1,700,000,000. TelexFree used the sale of voice over internet protocol ("VoIP") plans as a subterfuge for its real business, which was the recruitment of new Participants through a multi-level marketing format and the use of membership fees paid by new Participants to pay the credits "earned" by existing Participants.

7.      The scheme was extensive, complicated, and multi-tiered. Participants were located throughout the world, with eighty percent (80%) located outside of the United States. Most of the transactions involving Participants were triangular in nature, whereby Participants were recruited into the scheme by purchasing a membership plan and paying the membership fees to the recruiting Participant, who retained the membership fee and used his/her accumulated TelexFree credits to pay the membership fee due from the recruited Participant (hereinafter referred to as a "Triangular Transaction").

8.      After reconstructing the Debtors' books and records and records procured through examinations under Federal Rule of Bankruptcy Procedure 2004 and from Homeland Security Investigations, the Trustee concluded that TelexFree was a Ponzi and pyramid scheme. Participants were promised exorbitant returns for placing advertisements on the internet which

2

were paid from fees paid by new recruits.    Revenues from the sale of VoIP plans, which was

ostensibly the product being sold by TelexFree, constituted less than one percent (1%) of total

revenues.  Less than one percent (1%) of the minutes available on VoIP plans that were sold

were actually used by Participants.

9.    On October 7, 2015, the Trustee filed his *Motion by Chapter 11 Trustee for Entry*

*of Order Finding that Debtors Engaged in Ponzi and Pyramid Scheme and Related Relief* (the

"Ponzi Motion").  In the Ponzi Motion, the Trustee sought two principal findings: first, that

TelexFree was a Ponzi and pyramid scheme and, second, that Participant Claims should be

determined based upon a "Net Equity" formula commonly employed in Ponzi scheme cases.

10.    By order dated November 25, 2015, as amended on December 21, 2015, the Court

found the Debtors had engaged in a Ponzi and pyramid scheme and that this finding was the law

of the case.

11.    By supplemental order dated January 26, 2016, the Court approved the Net Equity

formula for determining Participant Claims.  The Net Equity formula provides for the following:

(i)    in determining the amount of a Participant Claim, any claim or portion of claim

based upon accumulated credits in a Participant's account (a "User Account") as

of the Petition Date shall be disallowed;

(ii)    Participant Claims shall be computed based upon the amount paid by the

Participant to the Debtors, including amounts paid pursuant to Triangular

Transactions, less amounts received by the Participant from the Debtors including

amounts received pursuant to Triangular Transactions;

(iii)    In determining the amount of a claim of a Participant who has more than one User

Account, the activity in all of the Participant's User Accounts shall be aggregated

and netted against one another.

**I.    The Electronic Claims Portal and the Bar Date Notices**

12.    In the initial stages of these cases, Participants submitted proofs of claim in

multiple fora, including the Court, the claims agent retained by the Debtors, Kurtzman Carson

Consultants, LLC ("KCC"), the Federal Bureau of Investigation ("FBI"), and the

Commonwealth of Massachusetts, Office of the Secretary of State.    The information supplied by

Participants varied because some used the official bankruptcy claim form and some utilized

informational forms provided by governmental agencies. As discussed *infra,* none of the forms

provided the information necessary to reconcile Participant Claims with the Debtors' books and

records.

13.    Many claims did not identify the Participant's User Accounts.  This was a

fundamental omission because reconciliation of Participant claims with the activity reflected in

their User Accounts was the only available means to determining a Participant's Net Equity

claim.

14.    Many claims asserted amounts due for accumulated credits (which were

disallowed under the Net Equity formula), punitive damages and expected future profits that are

not allowed under the Net Equity formula.

15.    In order to establish a process for filing and evaluating claims that was consistent,

accessible, and efficient, on October 7, 2015, the Trustee filed his *Motion by Chapter 11 Trustee*

*for Entry of Order Fixing Bar Date for Filing Proofs of Claim, Approving Form and Manner of*

*Providing Notice, Directing that Claims be Filed Electronically, and Approving Content of Electronic Proofs of Claim* (the "Claims Motion").

16.    The Claims Motion requested approval of a process whereby Participants would use an interactive, electronic claims portal hosted on the internet ("Portal") to file a claim (a "Participant ePOC"). The Portal provided Participants with the opportunity to provide and/or confirm personal or business name(s), address(es), phone number(s), electronic mail address(es), taxpayer identification number(s), User Account name(s), password(s), and bank account information that were utilized by the Participants when establishing his/her User Account(s). Based upon the information provided by Participants, the Portal presented the Participant's User Accounts and account activity within the Participant's User Accounts. Participants had the opportunity to confirm, reject, amend, or supplement the information presented by the Portal.

17.    The establishment of the Portal was essential to the claims resolution process. The Portal was the only practical method of verifying Participant activity with the TelexFree books and records. Inasmuch as TelexFree had approximately 1,000,000 Participants who collectively opened approximately 11,000,000 User Accounts that reflected more than 1,000,000,000 transactions, a manual reconciliation of Participant Claims against the TelexFree books and records without the Portal would have been impossible.

18.    The Claims Motion requested that creditors other than Participants complete and file electronically their claim using a standard bankruptcy proof of claim form (a "Standard ePOC" and, together with the Participant ePOC, an "ePOC") through the Portal, as such claims did not have the complexity associated with the determination of Participant Claims.

19.    The Claims Motion was approved by order dated January 26, 2016 (the "Claims Order"). The Claims Order provided that submission of an ePOC was the sole and exclusive

method of filing claims in these cases. (Claim Order, ¶15). Any claims previously filed or

hereinafter filed that did not comply with the ePOC process were disallowed without further

order of the Court, including any proofs of claim previously filed with the Court, the Debtor, or

any other governmental agency. (Claim Order, ¶15).

20.     The Claims Order provided that the deadline for Participants to file claims ("Bar

Date") through the Portal would be not less than ninety (90) days after the Portal was operational

and notice of the Bar Date was served upon Participants. (Claim Order, ¶3).

21.     The Claims Order approved the form of Bar Date Notice which provided, among

other things, that any Participant who failed to timely file a Participant ePOC on the Portal on or

before the Bar Date would be barred from asserting such claim against the Debtors or their

bankruptcy estates and from participating in any distribution of funds in these cases on account

of such claim.   (Claim Order, ¶4, Claims Motion, Exhibit B).

22.     The Claims Order directed the Trustee to serve the Bar Date Notice: (i) by

electronic mail to Participants based upon available electronic mail addresses of Participants; (ii)

by regular mail, or international equivalent, to creditors who are not Participants and who were

listed on Schedules D, E, F, and G of the Debtors' schedules of liabilities and to those

Participants who filed a proof of claim with the Court or with KCC, or a victim notification form

with the FBI on or before September 30, 2015 that did not provide an electronic mail address;

(iii) by public notice on the Portal, and the KCC website; and (iv) to the extent permitted, by the

multi-level marketing websites *behindmlm.com, theponzibook.blogspot.com,* and

*Ponzitracker.com.* (Claim Order, ¶5).

23.     On May 27, 2016, and after the Portal became operational, the Trustee filed a

*Notice of Deadline for Filing Electronic Proofs of Claim and Claims Procedures* (the "Bar Date

6

Notice")[docket entry 743], directing creditors to file claims through the Portal located at

**telexfreeclaims.com**.  The Bar Date Notice established an initial bar date of September 26, 2016

(the "First Bar Date") for the filing of electronic claims.  The First Bar Date was served on all

Participants in accordance with the Claims Order [see certificate of service at docket entry 759].

24.     On September 21, 2016, in order to afford Participants with additional time to file

Participant Claims, the Trustee filed a *Motion by Chapter 11 Trustee to Extend Deadline for*

*Filing of Electronic Proofs of Claim* to December 31, 2016 (the "Second Bar Date")[docket

entry 801].  This motion was granted by order dated September 23, 2016 [docket entry 806] and

notice of the Second Bar Date was served on all Participants in accordance with the Claims

Order [see certificate of service at docket entry 811].

25.     In light of the wide publicity emanating from the anticipated entry of a guilty plea

by James Merrill, one of the Debtors' principals, and in order to afford Participants additional

time to file Participant Claims, on December 8, 2016, the Trustee filed a further *Motion by*

*Chapter 11 Trustee to Extend Deadline for Filing of Electronic Proofs of Claim* to March 15,

2017 [docket entry 827, the "Final Bar Date"].   This motion was granted by order dated

December 21, 2016 [docket entry 833] and notice of the Final Bar Date was served on all

Participants in accordance with the Claims Order [see certificate of service at docket entry 841].

II.     **Claims Resolution Process**

26.     To establish a process to address the extraordinary number of Participant Claims

and the information contained therein, on October 16, 2017, the Trustee filed a *Motion by*

*Chapter 11 Trustee to Establish Omnibus Procedures for the Resolution of Disputed Participant*

*Claims* [docket entry 921] which was approved by order dated December 26, 2017 (the "Claims

Procedure Order", docket entry 955).

27.    The Claims Procedure Order established a three-stage process for resolving

disputed Participant Claims.

28.    First, the Claims Procedure Order provided that the Trustee could send a Notice

of Proposed Resolution of Claim ("First Notice") to those Participants whose claims did not

comport with the TelexFree books and records.  The First Notice required such Participants to

respond to the Trustee within thirty (30) days at a designated electronic mail address responding

to the claim deficiencies set forth in the First Notice ("Claim Response") (Claim Procedure

Order, ¶2, 3).  The First Notice was not required to be filed with the Court.

29.    Second, the Claims Procedure Order provided that the Trustee could file with the

Court a Notice of Claim Allowance or a Notice of Claim Disallowance (together, "Second

Notice"), with a copy served electronically upon the Participant, for those Participants who did

not timely submit a Claim Response to the First Notice.   Participants were required to file a

response to the Second Notice with the Court and serve a copy of the response upon the Trustee

within fourteen (14) days of the filing of the Second Notice, demonstrating good cause for failure

to timely submit a Claim Response to the First Notice.  In the absence of compliance by the

Participant, the Participant Claim would be disallowed, or conditionally allowed in the amount

set forth in the Second Notice (Claim Procedure Order, ¶4).

30.    Third, the Claims Procedure Order provided that the Trustee could resolve claims

of Participants for which a timely response was received to the First Notice or Second Notice by

filing an Affidavit of Claim Allowance/Disallowance as to any claims resolved by agreement

with the Participant.  Upon the filing of the affidavit, the Participant's claim would be allowed

without further Court order.  (Claim Procedure Order, ¶6).  In the absence of consensual

resolution of a Participant's claim that was subject to a First Notice or Second Notice, the Claims

Procedure Order provided that the Trustee could file omnibus objections to Participant Claims, with certain modifications to Federal Rule of Bankruptcy Procedure 3007. (Claim Procedure Order, ¶7-9).

**CLAIM DETERMINATION**[1]

I.    **Conditionally Allowed Claims**

31.    There are 131,351 timely filed Participant Claims and there are 777 late filed Participant Claims as of March 22, 2019. Of the timely filed claims, there are 99,549 claims that constitute Conditionally Allowed Claims, as defined below and consisting of the following: (i) 98,118 claims which, as filed, comport with the Net Equity formula according to the TelexFree books and records; (ii) 38 claims that were resolved by agreement with the Participant after a First Notice was sent; (iii) 33 claims that were resolved by agreement with the Participant after a Second Notice was sent; and (iv) 1,360 claims for which the Trustee proposed allowance of the Participant Claim in a reduced amount in the Second Notice and the Participant did not file a response.

32.    "Conditionally Allowed Claims" are those Participant Claims which have been allowed for purposes of distributions by the Trustee unless the Trustee files a supplemental Notice of Claim Allowance or Disallowance, on or before ten (10) days prior to a scheduled distribution to Participants. The conditional allowance of the Participant Claim is necessary to allow the Trustee to consider additional information that may become available with respect to the allowance of a Participant's Conditionally Allowed Claim. Such information would include information that the User Accounts attributed to a Participant are subject to conflicting claims of ownership and/or that there are additional User Accounts that should be attributed to such Participant.

---

[1] Attached as Exhibit "A" is a status summary of Participant Claims filed.

33.    The Trustee will provide the Clerk's Office with an electronic file containing, with respect to each of the 98,118 Conditionally Allowed Claims that comport with the Net Equity formula according to the TelexFree books and records: (i) the claim number that was assigned to the Participant upon the filing by the Participant of their claim; (ii) the name of the Participant as provided by the Participant on the Participant Claim; (iii) the country of residence as identified by the Participant on their claim; and (iv) and the amount of the Conditionally Allowed Claim.  Each holder of a Conditionally Allowed Claim will be sent an email at the address provided by the Participant on their claim informing them of the conditional allowance of their claim and providing them with a link to the internet website www.kccllc.net/telexfree that contains a listing of all Conditionally Allowed Claims. The aggregate amount of these Conditionally Allowed Claims totals $339,472,924.34.

34.    There are 38 Participant Claims that have been resolved by agreement with the Participant after the First Notice was sent. *See First Affidavit of Claim Allowance and Disallowance* (the "First Darr Affidavit") at ¶4, attached as Exhibit "B" hereto.  The First Darr Affidavit includes an exhibit with: (i) the claim number that was assigned to the Participant upon filing the Participant Claim; (ii) the name of the Participant as provided by the Participant on the Participant Claim; (iii) the country of residence as identified by the Participant on the Participant Claim; and (iv) and the amount of the Conditionally Allowed Claim.  Each holder of a Conditionally Allowed Claim will be sent an email at the address listed on their Participant Claim providing them with the First Darr Affidavit and supporting exhibit that includes their claim information.  These claims can also be located on the internet website: www.kccllc.net/telexfree.  The aggregate amount of claims filed by the 38 Participants is $45,000,414.18, which have been conditionally allowed in the amount of $372,403.83.

35.     There are 33 Participant Claims that have resolved by agreement with the
Participant after the Second Notice was sent. *See First Darr Affidavit* at ¶7.   The exhibit to the
First Darr Affidavit includes: (i) the claim number that was assigned to the Participant upon
filing the Participant Claim; (ii) the name of the Participant as provided by the Participant on the
Participant Claim; (iii) the country of residence as identified by the Participant on the Participant
Claim; (iv) the amount of the Conditionally Allowed Claim; (v) the docket number of the Second
Notice; and (vi) the docket number of the response filed by the Participant with the Court.  Each
holder of a Conditionally Allowed Claim will be sent an email at the address listed on their
Participant Claim providing them with the First Darr Affidavit and supporting exhibit that
includes their claim information. These claims can also be located on the internet website:
www.kccllc.net/telexfree. The aggregate amount of claims filed by the 33 Participants is
$1,033,058.61, which have been conditionally allowed in the amount of $194,983.31.

36.     There are 1,360 Participant Claims that have been conditionally allowed in an
amount proposed by the Trustee pursuant to the Second Notice and for which no response was
filed by Participants.  Of these 1,360 Participant Claims, there were 372 Participant Claims for
which a supplemental Second Notice was provided by regular mail because it was unclear if
electronic service had been successfully effectuated.  The supplemental Second Notice had a
response deadline of March 1, 2019. *See Second Affidavit of Claim Allowance and Disallowance*
("Second Darr Affidavit") at ¶2, attached as Exhibit "C".  The Trustee will provide the Clerk's
Office with an electronic file containing the following information on each claim: (i) the claim
number that was assigned to the Participant upon filing the Participant Claim; (ii) the name of the
Participant as provided by the Participant on the Participant Claim; (iii) the country of residence
as identified by the Participant on the Participant Claim; (iv) the amount of the Conditionally

11

Allowed Claim; and (v) the docket number of the Second Notice. *See Second Darr Affidavit* at

¶2. Each holder of a Conditionally Allowed Claim will be sent an email at the address provided

by the Participant on their claim informing such Participant that they have a Conditionally

Allowed Claim and providing them with a link to the internet website www.kccllc.net/telexfree

that contains a listing of all Conditionally Allowed Claims. The aggregate amount of claims

filed by the 1,360 Participants is $54,753,636.08, which have been conditionally allowed in the

amount of $6,486,083.68.

## II.    Disputed Claims

### A. First Notice Claims

37.    There are 21,135 Participant Claims that were the subject of First Notices sent

electronically to Participants on July 24, 2018, August 13, 2018, and August 14, 2018.  *See First

Affidavit of Tina Marie Feil* ("Feil Affidavit"), at ¶5, attached as Exhibit "D"; *Second Darr

Affidavit*, at ¶3. Pursuant to the Claims Procedure Order, Participants were provided not less

than thirty (30) days to submit a Claim Response. *Feil Affidavit*, at ¶6.

38.    There are 19,136 Participant Claims for which no Claim Response was received

and, as set forth below, these Participants were sent a Second Notice electronically. *See Second

Darr Affidavit* at ¶3. In addition to these Participant Claims, there are 350 Participant Claims as

to which a supplemental First Notice was sent by regular mail because it was unclear if the First

Notice sent by electronic service had been received. *See First Affidavit of Jeffrey Miller* ("Miller

Affidavit"), at ¶5, attached as Exhibit "E" hereto. These Participants will be sent a Second

Notice. There are 1,644 Participant Claims for which a Claim Response was submitted in

response to the First Notice. As referenced above, 38 of the Participant Claims for which a

Claim Response was submitted have been resolved by agreement with the Participant.

Additionally, 55 Participant Claims for which a Claim Response was submitted have been disallowed by agreement with the Participant. *See First Darr Affidavit* at ¶4.  The Trustee is evaluating the balance of the Claim Responses, totaling 1,556, reconciling them with the TelexFree books and records, and interfacing with the Participants.  After completing his evaluation, the Trustee will either resolve the claims with the Participants, file a Second Notice, or file objections to claims.

39.     There are 4,012 Participant Claims filed through the Portal that show a balance due to the Participant of $0 based upon the Net Equity formula.  These Participants will be notified that the Participant will have no claim in these cases unless they provide additional documentation to the Trustee within thirty (30) days of the date of notification.  *See Second Darr Affidavit*, at ¶4.

40.     There are 8,086 Participant Claims submitted through the Portal that show a negative balance (that is, the claim reflects that the Participant is a Net Winner under the Net Equity formula). These Participants will be notified that the Participant will have no claim in these cases unless they provide additional documentation to the Trustee within thirty (30) days of the date of notification. *See Second Darr Affidavit*, at ¶5.

### B. Second Notice Claims

41.     As set forth in paragraph 38 above, there were 19,136 Participant Claims for which Second Notices were sent electronically to Participants on November 30, 2018.  *See* certificate of service at docket entry 1127.  Pursuant to the Claims Procedure Order, Participants were provided not less than fourteen (14) days to file a response with the Court and serve a copy of such response on the Trustee.

13

42.    There were 13,351 Participant Claims for which no timely response was received to the Second Notices and for which claim disallowance was proposed.  Pursuant to the provisions of the Claims Procedure Order, these claims are disallowed without further order of the Court.  The Trustee will provide an electronic file to the Clerk containing, with respect to each claim: (i) the claim number assigned to the Participant upon filing the Participant Claim; (ii) the name of the Participant as provided by the Participant on the Participant Claim; (iii) the country of residence as identified by the Participant on the Participant Claim; and (iv) the docket number of the Second Notice. *See Second Darr Affidavit*, at ¶6.  Each holder of a disallowed claim will be sent an email at the address listed on their Participant Claim informing them that their claim has been disallowed and providing them with a link to the internet website www.kccllc.net/telexfree that contains a listing of the disallowed claims.   The aggregate amount of claims filed by these 13,351 Participants is $464,395,777.47.

43.    There were an additional 3,802 Participant Claims for which a supplemental Second Notice was provided by regular mail because it was unclear if electronic service had been successfully effectuated and for which claim disallowance was proposed. *See Miller Affidavit*, at ¶6.  Responses to the Second Notice were required to be filed by March 1, 2019. No responses were received from 3,740 of these Participants.  Pursuant to the provisions of the Claims Procedure Order, these claims are disallowed without further order of the Court. The Trustee will provide an electronic file to the Clerk containing, with respect to each claim: (i) the claim number that was assigned to the Participant upon filing the Participant Claim; (ii) the name of the Participant as provided by the Participant on the Participant Claim; (iii) the country of residence as identified by the Participant on the Participant Claim; (iv) the docket number of the Second Notice; and (v) the date of service of the supplemental Second Notice. *See Darr*

14

*Affidavit*, at ¶7. Each holder of a disallowed claim will be sent an email at the address listed on their Participant Claim informing them that their claim has been disallowed and providing them with a link to the internet website www.kccllc.net/telexfree that contains a listing of the disallowed claims. The aggregate amount of claims filed by the 3,740 Participants is $123,419,520.38.

44.    There are 685 Participant Claims for which a response was submitted to the Second Notice (including the supplemental notice).[2] As referenced above, 33 of the Participant Claims for which a response to Second Notice was received have been resolved by agreement with the Participant with a Conditionally Allowed Amount, and 57 have been disallowed by agreement with the Participant.    There are 595 Participant Claims for which timely or untimely responses to the Second Notice were submitted or filed and which are not yet resolved.  Of these claims:

(i)    62 Participants filed timely responses with the Court;

(ii)    412 Participants submitted timely responses with the Trustee and either no response to the Court or an untimely response to the Court;

(iii)    121 Participants submitted/filed untimely responses, with the Court and/or with the Trustee.

*See Darr Affidavit*, at ¶8.  Notwithstanding the improper filings and without waiver of any rights, the Trustee is considering the responses to the Second Notice, including reasons provided by the Participant for the late filing or improper filing for purposes of considering appropriate disposition of the claims. *See Darr Affidavit,* at ¶8. After completing his evaluation, the Trustee either seek to resolve the claims with the Participants or file objections to each claim, if appropriate.

---

[2] The Second Notice required that Participants file their response with the Court and serve a copy upon the Trustee.

### C. Late Filed Claims

45.      As provided above, there were 777 Participants who submitted a Participant

ePOC after the Final Bar Date.  Pursuant to the provisions of the Claims Order and the Bar Date

Notice approved by the Court as set forth above, the late-filed claims are disallowed without

further notice or order of the Court.  The Trustee will provide an electronic file to the Clerk

containing, with respect to each disallowed claim: (i) the claim number that was assigned to the

Participant upon filing the Participant Claim; (ii) the name of the Participant as provided on the

Participant Claim; (iii) the country of residence as identified on the Participant Claim; and (iv)

the date the Participant Claim was filed.  Each holder of a disallowed claim will be sent an email

at the address listed on their Participant Claim informing them of the disallowance of their claim

and providing them with a link to the internet website www.kccllc.net/telexfree that contains a

listing of the disallowed claims. *See Darr Affidavit,* at ¶9.  The aggregate amount of claims

asserted with respect to these disallowed late filed claims is $34,394,871.25.

### Summary

46.      The claims determination process is ongoing and, as set forth above, substantial

progress has been made.  There are 99,549 Participant Claims that have been conditionally

allowed in the aggregate amount of $346,526,593.16.  There are 17,980 Participant Claims that

have been disallowed in the aggregate amount of $628,196,439.97.  The Trustee will continue to

pursue resolution of the remaining unresolved claims.  As to those Participants who filed claims

in the amount of $0 or as a Net Winner, the Trustee will pursue claim disallowance in the

absence of additional documentation from the Participant submitted within thirty (30) days of the

receipt of a letter from the Trustee.  As to those Participants who have submitted timely or

deemed timely claim responses, the Trustee intends to seek resolution of the claim (in which case

the Trustee will file supplemental Affidavits of Claim Allowance and Disallowance) or, in the

absence of resolution by agreement, the Trustee will file omnibus objections to claims with the

Court in accordance with the Claims Procedure Order.   The Trustee will submit additional status

reports as to resolution of Participant claims as circumstances warrant.[3]

### Notice

47.    The Trustee intends to have this Status Report translated into Spanish and

Portuguese and served upon all Participants who have submitted a Participant Claim through the

Portal.

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE,
By his attorneys,

*/s/ Andrew G. Lizotte*
Harold B. Murphy (BBO #362610)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108

Dated:  April 12, 2019
756304

---

[3] The claims information provided herein is as of March 31, 2019.

# *EXHIBIT A*

Exhibit A

TelexFree, LLC, et al.
Status Summary of Participant Claims Filed
As of March 31, 2019

| | Paragraph Ref | No. of Claims | Amount as Filed | Conditionally Allowed Amount |
|---|---|---|---|---|
| **Total Claims Filed** | | | | |
| Timely Filed Claims | 31 | 131,351 | $ 1,160,559,495.70 | TBD |
| Late Filed Claims | 45 | 777 | 34,394,871.25 | - |
| Total Filed claims | | 132,128 | $ 1,194,954,366.95 | $ - |
| | | | | |
| Conditionally Allowed Claims | 31 | 99,549 | $ 440,260,033.21 | $ 346,526,395.16 |
| | | | | |
| **Disallowed Claims** | | | | |
| Claims for Which No Timely Response Received to Second Notice | 42 | 13,351 | $ 464,395,777.47 | $ - |
| Claims for Which No Timely Response Received to Supplemental Second Notice | 43 | 3,740 | 123,419,520.38 | - |
| Claims Disallowed by Agreement after First Notice | 38 | 55 | 5,650,901.17 | - |
| Claims Disallowed by Agreement after Second Notice | 44 | 57 | 335,369.70 | - |
| Late filed claims | 31 | 777 | 34,394,871.25 | - |
| | | 17,980 | $ 628,196,439.97 | $ - |
| | | | | |
| **Claims Under Review** | | | | |
| Claims To Be Disallowed Unless Additional Documentation is Provided Within 30 Days of Notice | | | | |
| Claims Asserting a $-0- Amount | 39 | 4,012 | - | TBD |
| Claims Asserting a Negative Balance (Net Winner) - Note 1 | 40 | 8,086 | - | TBD |
| | | 12,098 | $ - | TBD |
| | | | | |
| Claims Asserting Net Equity Losses - In Process of Resolution | | | | |
| Claims for Which Response Received to First Notice | 38 | 1,556 | $ 73,771,787.12 | TBD |
| Claims for Which Supplemental First Notices Sent (Second Notices to be Sent) | 38 | 350 | 4,765,384.20 | TBD |
| Claims for Which Response Received to Second Notice | 44 | 595 | 47,960,722.45 | TBD |
| | | 2,501 | $ 126,497,893.77 | TBD |
| | | | | |
| Total Filed Participant Claims | | 132,128 | $ 1,194,954,366.95 | TBD |

Note 1: Claims asserting a negative balance (Net Winner) indicated net winnings of $437,346,713.40.

# *EXHIBIT B*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## FIRST AFFIDAVIT OF CLAIM ALLOWANCE AND DISALLOWANCE

I, Stephen B. Darr, hereby submit the following First Affidavit of Claim Allowance and Disallowance in accordance with the order ("Order") dated December 26, 2017 approving the *Motion by Chapter 11 Trustee to Establish Omnibus Procedures for the Resolution of Disputed Participant Claims.*

1. I am the duly appointed Chapter 11 trustee (the "Trustee") of the bankruptcy estates of TelexFree LLC, TelexFree Inc., and TelexFree Financial Inc., having been appointed by order of the Court dated June 6, 2014.

2. I caused to be served Notices of Proposed Resolution of Claim ("First Notice") upon the Participants identified on Exhibit "A" hereto (the "Exhibit A Participants") on the respective dates set forth on Exhibit "A", in accordance with the Order.

3. The Exhibit A Participants submitted timely or deemed timely Claim Responses to the First Notice and such claims were then resolved by agreement with the Participant either through electronic mail exchange or telephone conversation.

4.    Exhibit A contains the 38 Conditionally Allowed Claims[1] and 55 disallowed claims, without further notice or order of the Court, in accordance with the Order.

5.    I caused to be served Notices of Claim Allowance or Disallowance ("Second Notice") upon the Participants identified on Exhibit "B" hereto (the "Exhibit B Participants") on the respective dates set forth on Exhibit "B", all in accordance with the Order.

6.    The Exhibit B Participants filed timely or deemed timely responses to the Second Notice with the Court and/or to the Trustee and such claims were then resolved by agreement with the Participant either through electronic mail exchange or telephone conversation

7.    Exhibit B contains the 33 Conditionally Allowed Claims, and 57 disallowed claims, without further notice or order of the Court, in accordance with the Order.

I attest that, to the best of my knowledge, the foregoing is true and accurate.

Dated: _April 12, 2019_                    _Stephen Darr_
                                                              Stephen B. Darr
                                                              Chapter 11 Trustee

755743

---

[1] Terms not defined herein shall have the meaning set forth in the First Status Report Respecting Determination of Participant Claims dated on or about April 12, 2019.

**TelexFree, LLC,** *et al.*

First Status Report Regarding Determination of Participant Claims

Exhibit A - Claims Resolved After First Notice

| | | Conditionally Allowed Claims | | | |
|---|---|---|---|---|---|
| Claim Number | Participant Name | Date of First Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount |
| 00121-000 | Roberto Santos Ferreira | August 24, 2018 | PT | $ 11,840.10 | $ 5,920.10 |
| 00396-000 | Fernando Longo de Barros Souza | August 24, 2018 | BR | 2,003.20 | 1,664.20 |
| 00473-000 | Angel Reginag Griffin | August 24, 2018 | US | 4,509.90 | 1,509.90 |
| 00787-000 | Francisco Javier Arias Montoya | August 24, 2018 | PE | 24,075.90 | 19,075.90 |
| 01306-000 | Fabio Ricardo Restituyo Rodriguez Telexfree Telexfree | August 24, 2018 | DO | 2,850.00 | 1,425.00 |
| 01428-000 | JUAN SEBASTIAN JARA NIETO | August 24, 2018 | EC | 16,059.51 | 9,455.20 |
| 05642-000 | DAILCY RICHELLY FELILPE CABRAL DE MELO | August 24, 2018 | BR | 389.60 | 50.00 |
| 107664-000 | Marl Alexandrovich Lastochkin | August 24, 2018 | RU | 4,275.00 | 1,375.10 |
| 108894-000 | Claudia Patricia Falla Castellanos | July 24, 2018 | CO | 15,500,000.00 | 2,253.90 |
| 11541-000 | Jonathan Enrique Barrera | July 24, 2018 | CL | 1,026,162.00 | 1,425.00 |
| 115522-000 | Juan Coss | August 24, 2018 | US | 6,722.79 | 972.89 |
| 120019-001 | anderson pego De castro | August 24, 2018 | BR | 16,033.30 | 7,483.30 |
| 122487-000 | Jason Thomas Kenyon | August 24, 2018 | US | 29,286.90 | 23,412.50 |
| 123273-000 | Alberto Urista Cardenas | August 24, 2018 | MX | 10,959.10 | 3,832.85 |
| 128736-000 | Hezrom Rodrigues Dos Santos | August 24, 2018 | BR | 17,396.50 | 17,056.90 |
| 128758-000 | Sheila de Oliveira Tenorio | August 24, 2018 | BR | 389.60 | 50.00 |
| 13526-001 | Marco Antonio Arrarte | August 24, 2018 | PE | 14,707.90 | 10,024.90 |
| 15585-000 | Lenna A Encarnacion | August 24, 2018 | PR | 10,224.80 | 7,224.80 |
| 18804-000 | José Manuel Lopez | August 24, 2018 | DO | 5,053.90 | 1,549.60 |
| 23347-000 | Ana Milagro Torres Ana Torres | August 24, 2018 | SV | 7,866.50 | 3,139.70 |
| 25356-001 | Billy Berroa | August 24, 2018 | DO | 14,449.60 | 11,066.10 |
| 27618-000 | Carlos Javier Gomez | August 24, 2018 | US | 7,483.10 | 4,143.10 |
| 37506-000 | Esther Zigira | August 24, 2018 | RW | 34,200.00 | 30,473.90 |
| 39692-000 | Ogilda Jacqueline Mejia | August 24, 2018 | US | 4,424.70 | 2,899.90 |
| 45631-000 | gastao alberto lima | August 24, 2018 | US | 90,000.00 | 66,898.10 |
| 52063-000 | Sivam Mahalingam | August 24, 2018 | CA | 3,635.60 | 1,837.80 |
| 53405-000 | Ronasis Ramirez | August 24, 2018 | DO | 11,300.10 | 5,650.10 |
| 55480-000 | Francisco Guzman Munoz | August 24, 2018 | ES | 9,975.00 | 4,275.00 |
| 61791-001 | Leonardo Ciucci | August 24, 2018 | IT | 19,852.89 | 2,276.59 |

| Claim Number | Participant Name | Date of First Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount |
|---|---|---|---|---|---|
| 65111-000 | ANGIE CAROLINA DUARTE | July 24, 2018 | CO | 25,005,094.00 | 5,094.00 |
| 67143-000 | Berly Eduardo Espinal | August 24, 2018 | DO | 12,924.80 | 5,799.80 |
| 71436-000 | Giuseppe Casa | August 24, 2018 | US | 21,524.70 | 17,249.70 |
| 75029-000 | brian daniel carranza | August 24, 2018 | MX | 28,005.50 | 22,953.50 |
| 75472-000 | Marcos Wagner Pereira de Lima | August 24, 2018 | BR | 8,732.10 | 878.20 |
| 81862-000 | Nina Khim | August 24, 2018 | KH | 15,634.40 | 3,472.80 |
| 87805-000 | Paulo Pires Teixeira | August 24, 2018 | PT | 905.19 | 677.90 |
| 95986-000 | Rui Octávio Freitas Castro Octavio Castro | August 24, 2018 | PT | 80,466.00 | 66,430.60 |
| 98402-000 | LUIS ENRIQUE PICO UTRERA | July 24, 2018 | CO | 2,921,000.00 | 1,425.00 |

## Disallowed Claims

| Claim Number | Claimant Name | Date of First Notice | Claimant Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount |
|---|---|---|---|---|---|
| 00238-000 | Isael Rivera | August 24, 2018 | US | $ 1,495.00 | $ - |
| 00314-000 | VICENTE FERRER ALVAREZ ARRUA | August 24, 2018 | PY | 8,606.70 | - |
| 00593-000 | Telextfree | August 24, 2018 | US | 9,975.00 | - |
| 00886-001 | void null void | August 24, 2018 | DO | 1,474.90 | - |
| 01760-000 | Oscar Jaramillo | August 24, 2018 | US | 1,068.96 | - |
| 02128-000 | Luz Nereyda Ecker | August 24, 2018 | DO | 1,425.00 | - |
| 02981-001 | voip null | August 24, 2018 | DO | 1,474.90 | - |
| 04810-000 | Brenda Montoya | August 24, 2018 | US | 6,477.90 | - |
| 05092-000 | DIEGO JIMENEZ GARRIDO | August 24, 2018 | ES | 18,864.60 | - |
| 05888-001 | void null void | August 24, 2018 | DO | 2,213.70 | - |
| 06024-001 | void null void | August 24, 2018 | DO | 1,474.90 | - |
| 06653-001 | void null | August 24, 2018 | DO | 1,225.00 | - |
| 06997-001 | void null void | August 13, 2018 | DO | 3,435.88 | - |
| 07418-001 | voip null voip | August 24, 2018 | DO | 5,400.00 | - |
| 07426-001 | voip null voip | August 24, 2018 | DO | 1,425.00 | - |
| 106913-000 | Carlos Santos | August 24, 2018 | US | 14,471.51 | - |
| 110990-000 | Cristian Tomas Parreno | August 24, 2018 | EC | 400.00 | - |
| 116829-000 | SERGEY VALENTINOVICH GOFMAN | August 24, 2018 | RU | 10,132.07 | - |
| 11867-001 | void null void | August 24, 2018 | DO | 499.00 | - |

| Claim Number | Participant Name | Date of First Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount |
|---|---|---|---|---|---|
| 119941-000 | cleberson pereira de lima | August 24, 2018 | BR | 7,547.40 | - |
| 12366-001 | void null void | August 24, 2018 | DO | 2,251.20 | - |
| 12507-001 | void null void | August 24, 2018 | DO | 13,778.80 | - |
| 125455-000 | Terezinha Santos | August 24, 2018 | US | 727.90 | - |
| 12638-001 | void null void | August 24, 2018 | DO | 11,405.70 | - |
| 126715-000 | Gary Otalora canon | July 24, 2018 | CO | 5,400,000.00 | - |
| 12679-001 | void null void | August 24, 2018 | DO | 339.60 | - |
| 12719-001 | void null void | August 24, 2018 | DO | 2,285.70 | - |
| 127767-000 | Gabriela Elizabeth Paredes | August 24, 2018 | PE | 16,981.80 | - |
| 12864-002 | Void null void | August 24, 2018 | DO | 14,599.30 | - |
| 130546-000 | Mona Sherif Badr | August 13, 2018 | EG | 1,425.00 | - |
| 15681-001 | void null void | August 24, 2018 | DO | 936.30 | - |
| 19835-001 | void  null | August 24, 2018 | DO | 2,700.30 | - |
| 22940-001 | void null void | August 24, 2018 | DO | 7,125.00 | - |
| 23803-001 | Jose Aneuris Rosario Garcia | August 24, 2018 | DO | 4,839.30 | - |
| 24311-001 | void null void | August 24, 2018 | DO | 4,225.10 | - |
| 27448-000 | EDINSON ERAZO NARVAEZ | August 24, 2018 | CO | 4,275.00 | - |
| 30916-000 | Alberto  Gomez | August 24, 2018 | US | 4,425.00 | - |
| 35079-001 | void  null | August 24, 2018 | DO | 1,474.90 | - |
| 41395-001 | void null void | August 24, 2018 | DO | 1,666.90 | - |
| 41489-001 | void null void | August 24, 2018 | DO | 831.90 | - |
| 43450-000 | Richard Joseph Burnette | August 24, 2018 | US | 339.00 | - |
| 47477-001 | void null void | August 24, 2018 | DO | 2,850.00 | - |
| 51958-001 | voip null voip | August 24, 2018 | DO | 1,425.00 | - |
| 51966-001 | void null void | August 24, 2018 | DO | 1,425.00 | - |
| 55339-001 | void null void | August 24, 2018 | DO | 289.70 | - |
| 61098-000 | Janet Batista | August 24, 2018 | US | 8,000.00 | - |
| 68067-000 | Nikolai Taranenko | August 24, 2018 | BY | 1,474.65 | - |
| 68944-004 | void null void | August 24, 2018 | DO | 2,850.00 | - |
| 74725-001 | void null void | August 24, 2018 | DO | 2,750.20 | - |
| 79447-000 | Nadim J Hazoury | August 24, 2018 | US | 15,675.00 | - |
| 80793-001 | void null void | August 24, 2018 | DO | 1,474.90 | - |
| 80956-001 | void null void | August 24, 2018 | DO | 1,474.90 | - |
| 86310-000 | void full void | August 24, 2018 | DO | 13,778.80 | - |

| Claim Number | Participant Name | Date of First Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount |
|---|---|---|---|---|---|
| 90633-001 | void null void | August 24, 2018 | DO | 386.70 | - |
| 92729-001 | void null void | August 24, 2018 | DO | 1,325.20 | - |

**TelexFree, LLC,** *et al.*

First Status Report Regarding Determination of Participant Claims

Exhibit B – Claims Resolved After Second Notice

| Claim Number | Participant Name | Conditionally Allowed Claims | | | | | |
|---|---|---|---|---|---|---|---|
| | | Date of Second Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount | Docket Number of Second Notice | Docket Number of Response |
| 00299-000 | Neide Ricardi | November 26, 2018 | BR | $ 6,099.40 | $ 299.40 | 1043 | N/A |
| 01036-000 | Luca Marzotto | November 26, 2018 | IT | 16,472.00 | 8,272.00 | 1045 | N/A |
| 01386-000 | GUEVARA CRUZ CARMITA DEL ROCIO DEL ROCIO GUEVARA CRUZ | November 26, 2018 | EC | 5,720.10 | 2,850.00 | 1045 | N/A |
| 01527-000 | Adolfo Leon Dela Cruz | November 26, 2018 | US | 13,750.20 | 8,050.20 | 1048 | N/A |
| 04236-000 | Hilda Atilano Lara Hilda Atilano | November 26, 2018 | MX | 9,249.90 | 49.90 | 1046 | N/A |
| 04345-000 | Jenny Carolina Paz | November 26, 2018 | HN | 6,669.90 | 3,570.40 | 1045 | N/A |
| 04532-000 | Jessica Lynn Keeby | November 26, 2018 | US | 48,593.00 | 4,757.60 | 1047 | N/A |
| 107184-000 | Manoel Silva Neto | November 26, 2018 | US | 20,276.50 | 19,977.10 | 1048 | N/A |
| 109969-002 | VICTOR Barcellos Cavalcante SILVA | November 26, 2018 | BR | 7,005.66 | 1,700.87 | 1043 | N/A |
| 111955-000 | Mariacristina Emme Suster | November 26, 2018 | IT | 431,824.90 | 4,324.90 | 1046 | N/A |
| 11252-000 | ysidro sanchez cruz | November 26, 2018 | DO | 6,149.60 | 5,810.00 | 1044 | N/A |
| 12030-000 | raul michael rosario dilone | November 26, 2018 | DO | 61,425.00 | 1,425.00 | 1044 | N/A |
| 12405-001 | ROCIO ESTHER SALADIN | November 26, 2018 | DO | 12,825.00 | 6,325.00 | 1044 | N/A |
| 127615-000 | JOHN LENNON DOS SANTOS MOURA | November 26, 2018 | BR | 7,493.88 | 1,493.88 | 1043 | N/A |
| 130663-000 | Maria aparecida Garcia | November 26, 2018 | US | 20,000.00 | 24,225.00 | 1113 | N/A |
| 131396-000 | Peter Lawrence LaBrie | November 26, 2018 | US | 27,362.89 | 9,362.89 | 1048 | N/A |
| 13823-000 | LLIEINY NOEMI PUENTE PEGUERO | November 26, 2018 | DO | 5,270.00 | 1,322.50 | 1044 | N/A |
| 13973-000 | Cinthia Ysabel pena rojas | November 26, 2018 | US | 18,265.80 | 12,166.60 | 1048 | N/A |
| 16148-000 | ruth esther rosario | November 26, 2018 | DO | 4,776.20 | 1,018.80 | 1044 | N/A |
| 18211-000 | lyubov Yakir | November 26, 2018 | US | 14,961.90 | 7,961.90 | 1048 | N/A |
| 19488-000 | Kwan Ling Chan | November 26, 2018 | HK | 37,018.10 | 1,393.10 | 1045 | N/A |
| 33254-000 | pablo eugenio rodriguez | November 26, 2018 | DO | 3,728.80 | 2,251.20 | 1044 | N/A |
| 38249-000 | carmen velez vicente | November 26, 2018 | DO | 117,269.10 | 1,375.10 | 1044 | N/A |
| 47841-000 | Aida Anderson Formally Lima | November 26, 2018 | US | 23,991.21 | 19,700.50 | 1048 | N/A |
| 53559-000 | Alis A Montoya | November 26, 2018 | US | 5,974.90 | 1,474.90 | 1048 | N/A |
| 53945-000 | Sergio Antonio Neves Lousada | November 26, 2018 | PT | 14,008.40 | 7,916.40 | 1046 | N/A |
| 54455-000 | Willian nunes mesquita Willian Nunes mesquita | November 26, 2018 | ES | 10,964.90 | 5,749.90 | 1047 | N/A |

| Claim Number | Participant Name | Date of Second Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount | Docket Number of Second Notice | Docket Number of Response |
|---|---|---|---|---|---|---|---|
| 65376-000 | Alessandro De Carvalho | November 26, 2018 | US | 34,203.70 | 10,407.10 | 1047 | N/A |
| 65422-000 | MIGUEL SENAS PEREZ | November 26, 2018 | ES | 5,722.37 | 4,743.77 | 1047 | N/A |
| 67849-001 | Jordean Silva Faria | November 26, 2018 | US | 23,153.20 | 7,602.50 | 1047 | N/A |
| 85003-000 | Mackenson Joslyn | November 26, 2018 | US | 3,818.80 | 3,479.20 | 1048 | N/A |
| 92507-000 | Margarita Perez | November 26, 2018 | CO | 3,462.60 | 1,425.00 | 1044 | N/A |
| 95166-000 | TELEXFREE LLC | November 26, 2018 | US | 5,550.70 | 2,500.70 | 1048 | N/A |

## Disallowed Claims

| Claim Number | Claimant Name | Date of Second Notice | Claimant Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount | Docket Number of Second Notice | Docket Number of Response |
|---|---|---|---|---|---|---|---|
| 00565-000 | Rebeca Isabel Perez Mendez | November 26, 2018 | Unknown | $ 15,494.05 | $ - | 1110 | N/A |
| 00851-000 | Hortensia Rodriguez | November 26, 2018 | US | 6,279.00 | - | 1111 | N/A |
| 01272-000 | Juan Pablo Brito Nunez | November 26, 2018 | DO | 2,014.10 | - | 1073 | N/A |
| 02653-001 | Juan Carlos Holguin | November 26, 2018 | US | 4,275.00 | - | 1119 | 1150 |
| 02832-000 | JAMES ANTHONY NAMFUA | November 26, 2018 | TZ | 2,999.70 | - | 1108 | N/A |
| 03173-000 | yangshen yangshen liu | November 26, 2018 | CN | 926.00 | - | 1054 | N/A |
| 04718-000 | Albert Cabrera | November 26, 2018 | ES | 1,197.80 | - | 1106 | N/A |
| 07490-000 | Juan Carlos Holguin | November 26, 2018 | EC | 5,700.00 | - | 1092 | N/A |
| 07885-000 | Miguel Antonio Ruiz | November 26, 2018 | DO | 1,413.90 | - | 1074 | N/A |
| 08145-000 | yeffrin nunez vega | November 26, 2018 | DO | 1,323.10 | - | 1074 | N/A |
| 08494-000 | Lyubov Yakir | November 26, 2018 | US | 7,961.90 | - | 1118 | N/A |
| 105331-000 | Lowenkis Evangelista Castillo Reyes | November 26, 2018 | DO | 18,847.75 | - | 1090 | N/A |
| 108481-000 | Janete Miguel Said Rezende | November 26, 2018 | BR | 1,415.00 | - | 1052 | N/A |
| 11767-000 | JUAN ALBERTO ESPINAL MARTINEZ | November 26, 2018 | DO | 3,781.00 | - | 1074 | N/A |
| 124000-000 | Edwin Garcia rodriguez | November 26, 2018 | MX | 2,276.00 | - | 1099 | N/A |
| 125012-000 | Guido Fabian Escobar Chango | November 26, 2018 | EC | 2,100.00 | - | 1093 | N/A |
| 127430-000 | Victor Rafael Bardales | November 26, 2018 | US | 7,125.00 | - | 1120 | N/A |
| 130636-000 | Antonio Augusto DaSilva | November 26, 2018 | US | 1,425.00 | - | 1117 | N/A |
| 13663-000 | yeffrin nunez vega | November 26, 2018 | DO | 3,586.10 | - | 1075 | N/A |
| 17355-000 | eugenio rodriguez gil | November 26, 2018 | DO | 925.00 | - | 1075 | N/A |

| Claim Number | Participant Name | Date of Second Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount | Docket Number of Second Notice | Docket Number of Response |
|---|---|---|---|---|---|---|---|
| 20032-000 | JUAN ALBERTO ESPINAL MARTINEZ | November 26, 2018 | DO | 3,781.00 | - | 1076 | N/A |
| 20552-000 | Joao Filipe Henriques Pestana | November 26, 2018 | PT | 1,425.00 | - | 1103 | N/A |
| 21068-000 | CARLOS WILFREDO BARRON | November 26, 2018 | PE | 16,784.20 | - | 1100 | N/A |
| 23621-000 | julio cesar romero valdez | November 26, 2018 | ES | 4,324.90 | - | 1106 | 1283 |
| 25403-000 | SANDRA MARISOL LARA | November 26, 2018 | DO | 189.30 | - | 1078 | N/A |
| 25420-000 | SANDRA MARISOL LARA | November 26, 2018 | DO | 1,375.10 | - | 1078 | N/A |
| 25430-000 | SANDRA MARISOL LARA | November 26, 2018 | DO | 1,425.00 | - | 1078 | N/A |
| 25436-000 | SANDRA MARISOL LARA | November 26, 2018 | DO | 1,425.00 | - | 1078 | N/A |
| 26126-000 | JANICE SAMPAIO SAMPAIO | November 26, 2018 | BR | 2,800.10 | - | 1050 | N/A |
| 28441-000 | felix antonio taveras cabrera | November 26, 2018 | DO | 65,000.00 | - | 1078 | N/A |
| 29314-000 | Ismelia Delgado | November 26, 2018 | US | 12,444.30 | - | 1112 | N/A |
| 29640-000 | jhon manuel tejada | November 26, 2018 | DO | 1,425.00 | - | 1079 | N/A |
| 30586-000 | Jose Aneuris Rosario Garcia | November 26, 2018 | DO | 1,132.60 | - | 1079 | N/A |
| 31378-000 | SERGIO RICARDO SALDANHA RICARDO SALDANHA | November 26, 2018 | BR | 9,175.60 | - | 1051 | N/A |
| 31613-000 | SERGIO RICARDO SALDANHA | November 26, 2018 | BR | 9,175.60 | - | 1051 | N/A |
| 31617-000 | SERGIO RICARDO SALDANHA | November 26, 2018 | BR | 9,175.60 | - | 1051 | N/A |
| 33564-000 | Elvin Teofilo Del Rosario Busi | November 26, 2018 | DO | 1,425.00 | - | 1079 | N/A |
| 33680-000 | Carlos Wilfredo BARRON | November 26, 2018 | PE | 16,784.20 | - | 1100 | N/A |
| 35535-000 | Diana Constanza Giraldo | November 26, 2018 | US | 4,324.90 | - | 1115 | N/A |
| 38090-000 | NATALIA KOSTYUNINA ARTEMIEVA | November 26, 2018 | ES | 1,375.10 | - | 1106 | N/A |
| 44326-000 | Ivo Jessuino Wernersbach | November 26, 2018 | BR | 13,186.20 | - | 1051 | N/A |
| 45614-000 | Desiree Garcia | November 26, 2018 | US | 2,172.00 | - | 1117 | N/A |
| 46419-000 | Yonglin Shao | November 26, 2018 | CA | 7,000.00 | - | 1053 | 1241 |
| 47764-000 | Carla Xavier Rocha | November 26, 2018 | BR | 1,425.00 | - | 1051 | N/A |
| 49767-000 | Alessandro de Carvalho | November 26, 2018 | US | 21,750.10 | - | 1115 | N/A |
| 50286-000 | Eunice Esmeralda Gómez | November 26, 2018 | SV | 2,850.00 | - | 1094 | N/A |
| 50500-000 | Sergio Antonio Neves Lousada | November 26, 2018 | PT | 14,008.40 | - | 1103 | N/A |
| 50989-000 | Madeline Maria Matos | November 26, 2018 | PR | 1,425.00 | - | 1119 | 1218 |
| 53141-000 | STEPHENSON K ARINAITWE | November 26, 2018 | US | 2,445.30 | - | 1111 | N/A |
| 54316-000 | Sergei Alexandrovich Gorev | November 26, 2018 | UA | 1,425.00 | - | 1109 | N/A |
| 62612-000 | Barbara Moguche Ombasa | November 26, 2018 | KE | 1,574.70 | - | 1098 | N/A |
| 71979-000 | felix antonio taveras | November 26, 2018 | DO | 1,375.10 | - | 1083 | N/A |

| Claim Number | Participant Name | Date of Second Notice | Country of Residence | Claim Amount As Filed | Conditionally Allowed Amount | Docket Number of Second Notice | Docket Number of Response |
|---|---|---|---|---|---|---|---|
| 79426-000 | GLAUCIA REGINA CAMARGO RAPOSO CAMARGO RAPOSO | November 26, 2018 | BR | 3,000.00 | - | 1051 | N/A |
| 81775-000 | Valentin Petrovich Svyatenko | November 26, 2018 | UA | 1,425.00 | - | 1109 | N/A |
| 84785-000 | Robelho Rocha Rezende | November 26, 2018 | BR | 1,425.00 | - | 1052 | N/A |
| 86723-000 | encarnacion encarnacion | November 26, 2018 | GT | 1,425.00 | - | 1094 | N/A |
| 86761-000 | encarnacion baltazar ignacio | November 26, 2018 | GT | 1,425.00 | - | 1094 | N/A |

# *EXHIBIT C*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

### SECOND AFFIDAVIT OF CLAIM ALLOWANCE AND DISALLOWANCE

I, Stephen B. Darr, hereby submit the following Second Affidavit of Claim Allowance and Disallowance in accordance with the order ("Order") dated December 26, 2017 approving the *Motion by Chapter 11 Trustee to Establish Omnibus Procedures for the Resolution of Disputed Participant Claims*.

1.      I am the duly appointed Chapter 11 trustee (the "Trustee") of the bankruptcy estates ("Estates") of TelexFree LLC, TelexFree Inc., and TelexFree Financial Inc. (collectively, "TelexFree" or the "Debtors"), having been appointed by order of the Court dated June 6, 2014.

2.      I caused to be served Notices of Claim Allowance or Disallowance ("Second Notices") on 1,360 Participants proposing Conditionally Allowed Claims[1] and as to which no response was filed by Participants including 372 Participant Claims for which a supplemental Second Notice was provided by regular mail because it was unclear if electronic service had been successfully effectuated.  The supplemental Second Notice had a response deadline of March 1, 2019.  Pursuant to the Order, these are Conditionally Allowed Claims without further notice or order.  I will provide the Clerk's Office with an electronic file (the "Claim File")

---

[1] Terms not otherwise defined herein shall have the meaning set forth in the First Status Report Respecting Determination of Participant Claims dated on or about April 10, 2019.

containing the following information as to each claim: (i) the claim number that was assigned to

the Participant upon filing the Participant Claim; (ii) the name of the Participant as provided by

the Participant on the Participant Claim; (iii) the country of residence as identified by the

Participant on the Participant Claim; (iv) the amount of the Conditionally Allowed Claim; and

(v) the docket number of the Second Notice.

3.     I caused to be served Notices of Proposed Resolution of Claim ("First Notices")

upon 19,136 Participants and as to which no response was received.  These Participants were

sent a Second Notice electronically.  Seventy (70) of the First Notices were served by Huron

Consulting Group, LLC on July 24, 2018.

4.     There are 4,012 Participant Claims submitted through the electronic claims portal

("Portal") that show a balance owing of $0 based upon the information supplied by the

Participant.  These Participants will be sent a notice providing them with thirty (30) days in

which to provide additional information regarding their claims and, in the absence of a timely

response, the claim will be disallowed.

5.     There are 8,086 Participant Claims submitted through the Portal that show a

negative balance (that is, the claim reflects that the Participant is a Net Winner under the Net

Equity formula) based upon the information supplied by the Participant. These Participants will

be sent a notice providing them with thirty (30) days in which to provide additional information

regarding their claims and, in the absence of a timely response, the claim will be disallowed.

6.     I caused 13,351 Participants to be served with a Second Notice proposing claim

disallowance and as to which no timely response was received.  Pursuant to the Order, these

claims are disallowed without further notice or order.  The Claims File will contain, with respect

to each disallowed claim: (i) the claim number assigned to the Participant upon filing the

2

Participant Claim; (ii) the name of the Participant as provided by the Participant on the

Participant Claim; (iii) the country of residence as identified by the Participant on the Participant

Claim; and (iv) the docket number of the Second Notice.

7.    I caused an additional 3,740 Participants to be served with a supplemental Second

Notice by regular mail because it was unclear if electronic service had been successfully

effectuated and for which claim disallowance was proposed. Responses to the supplemental

Second Notice were required to be filed by March 1, 2019. No responses were received from

these Participants, and pursuant to the Order these claims are disallowed without further notice

or order. The Claims File will contain, with respect to each disallowed claim: (i) the claim

number that was assigned to the Participant upon filing the Participant Claim; (ii) the name of the

Participant as provided by the Participant on the Participant Claim; (iii) the country of residence

as identified by the Participant on the Participant Claim; (iv) the docket number of the Second

Notice; and (v) the date of service of the supplemental Second Notice.

8.    There are 685 Participant Claims for which a response was submitted to the

Second Notice (including the supplemental notice). Thirty three (33) of the Participant Claims

for which a response to Second Notice was received have been resolved by agreement with the

Participant with a Conditionally Allowed Claim, and 57 have been disallowed by agreement with

the Participant. There are 595 Participant Claims for which timely or untimely responses to the

Second Notice were submitted or filed and which are not yet resolved. Of these claims:

(i)    62 Participants filed timely responses with the Court;

(ii)    412 Participants submitted timely responses with the Trustee and either no

response to the Court or an untimely response to the Court;

(iii)    121 Participants submitted/filed untimely responses, with the Court and/or with

the Trustee.

Notwithstanding the improper filings and without waiver of any rights, I am considering

the responses to the Second Notice, including reasons provided by the Participant for late filing

or improper filing, for purposes of considering appropriate disposition of the claims.

9.    There are 777 Participants Claims that were filed after the Final Bar Date.

Pursuant to the provisions of the Claims Order and the Bar Date Notice approved by the Court,

the late-filed claims are disallowed without further notice or order of the Court.  The Claims File

will contain, with respect to each disallowed claim: (i) the claim number that was assigned to the

Participant upon filing the Participant Claim; (ii) the name of the Participant as provided on the

Participant Claim; (iii) the country of residence as identified on the Participant Claim; and (iv)

the date the Participant Claim was filed.

I attest that, to the best of my knowledge, the foregoing is true and accurate.

Dated: April _12_, 2019

Stephen B. Darr
Chapter 11 Trustee

756133

4

# *EXHIBIT D*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC ,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

### FIRST AFFIDAVIT OF TINAMARIE FEIL
### REGARDING SERVICE OF FIRST NOTICE

I, Tinamarie Feil, hereby submit the following affidavit regarding service of first notice.

1. I am employed as President of Client Services at BMC Group, Inc. ("BMC"), which serves as a claims agent for Stephen Darr, the duly appointed Chapter 11 trustee (the "Trustee") of the bankruptcy estates ("Estates") of TelexFree LLC, TelexFree Inc., and TelexFree Financial Inc. (collectively, "TelexFree" or the "Debtors").

2. I have been employed with BMC for 21 years.  My responsibilities include serving or supervising the service of mailings to creditors and other parties in interest in bankruptcy cases.

3. The statements provided herein are based upon my personal knowledge, except as otherwise provided.

4. Among the services provided by BMC in the TelexFree cases has been the electronic delivery to persons who purchased membership plans in TelexFree ("Participants") of Notices of Proposed Resolution of Claim ("First Notice") in accordance with the order dated December 26, 2017 approving the *Motion by Chapter 11 Trustee to Establish Omnibus Procedures for the Resolution of Disputed Participant Claims* (the "Claims Procedure Order").

1

5.      On August 13, 2018, and August 14, 2018, I caused BMC to serve 21,065

Participants with a First Notice.  A certificate of service for the notices served has been filed with

the Court.

6.      Pursuant to the Claims Procedure Order, Participants were provided not less than

thirty (30) days to submit a Claim Response.

I attest that, to the best of my knowledge, the foregoing is true and accurate.

Dated: April 8, 2019

*Tinamarie Feil*

_____

Tinamarie Feil

756138

2

# *EXHIBIT E*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| TELEXFREE, LLC , | ) | Case No. 14-40987-MSH |
| TELEXFREE, INC., | ) | Case No. 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | ) | Case No. 14-40989-MSH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FIRST AFFIDAVIT OF JEFFREY MILLER REGARDING SERVICE OF
SUPPLEMENTAL FIRST NOTICE AND SUPPLEMENTAL SECOND NOTICE**

I, Jeffrey Miller, hereby submit the following affidavit regarding service of supplemental

first notice and supplemental second notice.

1.      I am employed as Senior Managing Consultant with Kurtzman Carson

Consultants, LLC ("KCC"), which serves as a claims agent for Stephen Darr, the duly appointed

Chapter 11 trustee (the "Trustee") of the bankruptcy estates ("Estates") of TelexFree LLC,

TelexFree Inc., and TelexFree Financial Inc. (collectively, "TelexFree" or the "Debtors").

2.      I have been employed with KCC for 5 years.  My responsibilities include serving

or supervising the service of mailings to creditors and other parties in interest in bankruptcy

cases.

3.      The statements provided herein are based upon my personal knowledge, except as

otherwise provided.

4.      Among the services provided by KCC to the Trustee in the TelexFree cases has

been the delivery to persons who purchased membership plans in TelexFree ("Participants") of

Notices of Proposed Claim Resolution ("First Notice") and Notices of Claim Allowance or

Disallowance ("Second Notice") in accordance with the order dated December 26, 2017

1

approving the *Motion by Chapter 11 Trustee to Establish Omnibus Procedures for the Resolution of Disputed Participant Claims* (the "Claims Procedure Order").

5.    On November 30, 2018, I caused KCC to serve 350 Participants with a supplemental First Notice which was sent by regular mail because it was unclear if the First Notice that was sent to the Participants electronically had been received.

6.    On February 1, 2019, I caused KCC to serve 3,802 Participants with a supplemental Second Notice by regular mail because it was unclear if the Second Notice that was sent to the Participants electronically had been received.

I attest that, to the best of my knowledge, the foregoing is true and accurate.

Dated: April 12, 2019

Jeffrey R. Miller

756140

2