## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In Re: | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC ,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |

### ORDER CONFIRMING FIRST AMENDED LIQUIDATING PLAN OF REORGANIZATION OF STEPHEN B. DARR, CHAPTER 11 TRUSTEE OF TELEXFREE, LLC, TELEXFREE, INC., AND TELEXFREE FINANCIAL, INC.

Background

A.     On April 13, 2014 (the "Petition Date"), TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, "TelexFree" or the "Debtors") filed voluntary petitions commencing these cases (the "Chapter 11 Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Nevada.

B.     The Debtors initially operated as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

C.     On the Petition Date, the Debtors filed a motion for joint administration of the cases, with TelexFree, LLC as the lead case.  By order dated April 24, 2014, the order for joint administration was approved.

D.     On or about April 15, 2014, the Securities and Exchange Commission ("SEC") commenced an action against the Debtors and others in the United States District Court for the District of Massachusetts, alleging among other things that the Debtors were

engaged in an illegal pyramid scheme and were raising funds through the fraudulent and unregistered offering of securities.

E.    On or about April 22, 2014, the Office of the United States Trustee filed a motion for the appointment of a Chapter 11 trustee.

F.    On April 23, 2014, the SEC filed a motion to transfer venue of the cases to the United States Bankruptcy Court for the District of Massachusetts.  By order dated May 6, 2014, the motion to change venue was approved.  The cases were transferred on May 9, 2014.

G.    On May 30, 2014, this Court approved the motion to appoint a Chapter 11 trustee, and Stephen Darr (the "Chapter 11 Trustee") was appointed on June 6, 2014.

H.    On May 28, 2020, the Chapter 11 Trustee filed his First Amended Liquidating Plan of Reorganization (the "Plan") and his First Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement").[1]

I.    On May 28, 2020, the Court entered an order (the "Disclosure Statement Order") that, among other things: (i) approved the Disclosure Statement as containing adequate information within the meaning of 11 U.S.C. § 1125 and Federal Rules of Bankruptcy Procedure ("FRBP") 3017; (ii) fixed July 8, 2020 at 2:00 p.m. (prevailing Eastern time) as the date and time for the commencement of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and (iii) established certain procedures for soliciting and tabulating votes with respect to the Plan.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement.  Any term used in the Plan, the Disclosure Statement or this Confirmation Order that is not defined in the Plan, the Disclosure Statement or this Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, shall have the meaning ascribed to that term in the Bankruptcy Code or such rules.

J.      In accordance with the Disclosure Statement Order and FRBP 3017(d), the

Chapter 11 Trustee timely mailed solicitation packages and, where appropriate, a ballot

(the "Ballots") to all known creditors and parties-in-interest.

K.      The Chapter 11 Trustee has filed a Report of Plan Voting, summarizing

the results of the Ballots cast.

L.      Simultaneously herewith, the Chapter 11 Trustee has filed the Affidavit of

Stephen B. Darr in Support of Confirmation (the "Confirmation Affidavit").

M.      Objections have been filed to confirmation of the Plan by Maria Januario,

Fernanda Maria Carvalho Machado Salguerio, Mario Salguerio, Luis Vargez, Alexander

Castro, and certain Community Groups.

N.      The Court has reviewed and considered the Plan, the Confirmation

Affidavit, the Report of Plan Voting, and the evidence proffered or adduced and the

exhibits admitted into evidence at the Confirmation Hearing and the representations and

the arguments of counsel made at the Confirmation Hearing.

NOW, THEREFORE, based upon: (i) the Court's review of the Confirmation

Affidavit and the Report of Plan Voting; (ii) all of the evidence proffered or adduced at

the Confirmation Hearing; and (iii) the entire record of the Chapter 11 Cases; and after

due deliberation thereon and good cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

Findings of Fact and Conclusions of Law[2]

1.      Exclusive Jurisdiction, Venue and Core Proceeding (28 U.S.C. §§

157(b)(2) and 1334(a)).  This Court has jurisdiction over the Chapter 11 Cases pursuant

---

[2] The findings of fact and conclusions of law stated in this Confirmation Order and on the record at
the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to
FRBP 7052, made applicable to the Chapter 11 Cases by FRBP 9014.  To the extent that any finding

to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court

has exclusive jurisdiction to determine whether the Plan complies with the applicable

provisions of the Bankruptcy Code and should be confirmed.

2.     <u>Transmittal and Mailing of Solicitation Materials; Notice</u>.  All due,

adequate, and sufficient notices of the Disclosure Statement, the Plan, and the

Confirmation Hearing, along with all deadlines for voting on, or filing objections to, the

Plan, have been given to all known holders of Claims and/or Equity Interests in

accordance with the FRBP and the procedures set out in the Disclosure Statement Order.

The Disclosure Statement, the Plan, the Ballots and the Disclosure Statement Order were

transmitted and served in substantial compliance with the FRBP and the Disclosure

Statement Order, and such transmittal and service were adequate and sufficient. Adequate

and sufficient notice of the Confirmation Hearing was given in substantial compliance

with the FRBP and the Disclosure Order, and no other or further notice is or shall be

required.

3.     <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the

Plan complied with 11 U.S.C. §§ 1125 and 1126, FRBP 3017 and 3018, the Disclosure

Statement, the Disclosure Statement Order, and all other applicable provisions of the

Bankruptcy Code and the FRBP.  The Plan was transmitted to all holders of Claims

entitled to vote on the Plan, sufficient time was prescribed for such holders to accept or

reject the Plan, and the solicitation materials used and solicitation procedures followed

complied with 11 U.S.C. §§ 1125 and 1126, thereby satisfying the requirements of FRBP

---

of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent that any
conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

3018. Based upon the record before the Court in the Chapter 11 Cases, the Chapter 11

Trustee and his advisors, attorneys, and agents have acted in good faith within the

meaning of, and with respect to all of the actions described in, 11 U.S.C. § 1125(e) and

therefore are entitled to all of the protections set forth in 11 U.S.C. § 1125(e).

4.    <u>Burden of Proof</u>.  The Chapter 11 Trustee has met his burden of proving

the elements of § 1129(a) and (b) of the Bankruptcy Code as more fully set forth below

by a preponderance of the evidence, which is the applicable evidentiary standard for

confirmation of the Plan.

5.    <u>Plan Complies with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan

complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11

U.S.C. § 1129(a)(1).

     i.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  In addition
to Allowed Administrative Claims and Priority Tax Claims, which are not
classified under the Plan, the Plan designates four Classes of Claims and one Class
of Equity Interests.  The Claims or Equity Interests placed in each Class are
substantially similar to other Claims or Equity Interests in each such Class.  Valid
business, factual, and legal reasons exist for separately classifying the various
Classes of Claims and Equity Interests created under the Plan, and such
classifications do not unfairly discriminate between holders of Claims or Equity
Interests.  Thus, the Plan satisfies 11 U.S.C. §§ 1122, 1123(a)(1).

     ii.    <u>Specify Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.
The Plan specifies that Class 1 is not impaired and, thus, 11 U.S.C. § 1123(a)(2) is
satisfied.

     iii**.**    <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.
Classes 2, 3, 4, and 5 are designated as impaired under the Plan.  Article IV of the
Plan specifies the treatment of impaired Claims and Equity Interests, thereby
satisfying 11 U.S.C. § 1123(a)(3).

     iv.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for
the same treatment by the Liquidating Trustee for each Claim and Equity Interest
in each respective Class unless the holder of a particular Claim or Equity Interest
has agreed to less favorable treatment with respect to such Claim or Equity
Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

v.    Implementation of Plan (11 U.S.C. § 1123(a)(5)).  As modified by the record of the Confirmation Hearing and this Confirmation Order, the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

vi.    Required Corporate Charter Provisions (11 U.S.C. § 1123(a)(6)). The Plan does not provide for the issuance of non-voting securities, thereby satisfying 11 U.S.C. § 1123(a)(6).

vii.    Selection of Officers, Directors, and Trustees (11 U.S.C. § 1123(a)(7)).   The Plan provides for the appointment of Stephen B. Darr as Liquidating Trustee of the Reorganized Debtors. The selection of such individual is consistent with the interests of holders of Claims and with public policy and, accordingly, satisfies the requirements of 11 U.S.C. §1123(a)(7).

viii.    Additional Plan Provisions (11 U.S.C. § 1123(b)).  In accordance with 11 U.S.C. § 1123(b), the Plan does not include any provision inconsistent with the applicable provisions of the Bankruptcy Code.  The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

ix.    Fed. R. Bankr. P. 3016(a).  The Plan is dated and identifies the person filing it, thereby satisfying FRBP 3016(a).

6.    The Chapter 11 Trustee Has Complied with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Chapter 11 Trustee has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

7.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Chapter 11 Trustee has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3).  The Chapter 11 Trustee and his attorneys, agents, and financial advisors have acted in good faith, as applicable, in connection with the formulation, negotiation, proposal and implementation of the Plan and every contract, instrument, document or other agreement related thereto.

8.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Chapter 11 Trustee for services or for costs and

expenses in or in connection with the Chapter 11 Cases, including all fees and expenses incurred by Professionals, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

9.      <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.  Under the Plan, the Debtors' directors and officers are deemed to resign as of the Effective Date.  Stephen B. Darr shall serve as Liquidating Trustee in order to implement the wind-down of the Reorganized Debtors' affairs.  Such appointment is consistent with the interests of creditors and with public policy.  Therefore, the Chapter 11 Trustee has complied with 11 U.S.C. § 1129(a)(5).

10.      <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Section 1129(a)(6) is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

11.      <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.  Each holder of a Claim or Equity Interest in a Class that is impaired and that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that it would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Therefore, the Chapter 11 Trustee has complied with 11 U.S.C. § 1129(a)(7).

12.      <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  All Classes of Claims have either:  (i) voted to accept the Plan; (ii) are deemed to have accepted the Plan by not casting a ballot; or (iii) are deemed to have accepted the Plan because they

are unimpaired. Equity Interests are impaired and are deemed to have rejected the Plan.

The Plan satisfies the requirements of 11 U.S.C. § 1129(b) as set forth herein.

13.    <u>Treatment of Allowed Administrative Expense Claims and Priority Tax</u>

<u>Claims (11 U.S.C. § 1129(a)(9))</u>.  The Plan satisfies the requirements of 11 U.S.C. §

1129(a)(9) because, except to the extent the holder of a particular Claim has agreed to a

different treatment of such Claim, the Plan provides that Allowed Administrative

Expense Claims (11 U.S.C. § 507(a)(2)), Allowed Priority Claims (11 U.S.C. §

507(a)(3)-(a)(7)), and Allowed Priority Tax Claims (11 U.S.C. § 507(a)(8)), shall be

treated in accordance with the provisions of 11 U.S.C. § 1129(a)(9).

14.    <u>Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>.

Classes 2, 3, and 4 are impaired and have voted to accept the Plan or are deemed to have

accepted the Plan.  The acceptance of at least one impaired Class has been determined

without including the votes of any insiders, thus satisfying 11 U.S.C. § 1129(a)(10).

15.    <u>Need for Further Reorganization (11 U.S.C. § 1129(a)(11))</u>.  The Plan is

one of liquidation; accordingly, 11 U.S.C. § 1129(a)(11) is inapplicable.

16.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  All fees due and payable

under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date,

and the payment of any such fees after the Effective Date will be the responsibility of the

Liquidating Trustee until the entry of a final decree closing the Chapter 11 Cases

pursuant to Section 13.9 of the Plan, thereby satisfying 11 U.S.C. § 1129(a)(12).

17.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  The Debtors

are not obligated to pay retiree benefits and 11 U.S.C. § 1129(a)(13) is inapplicable.

18.     <u>Domestic Support Obligations, Individuals and Certain Transfers (11</u>

<u>U.S.C. § 1129(a)(14)-(16))</u>.  The Debtors are not required to pay any domestic support

obligations and, therefore, 11 U.S.C. § 1129(a)(14) is inapplicable.  The Debtors are not

individuals and, accordingly, 11 U.S.C. § 1129(a)(15) is inapplicable.  The Debtors are

moneyed, business or commercial corporations and, accordingly, 11 U.S.C. § 1129(a)(16)

is inapplicable.

19.     <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  The

only impaired nonaccepting Class is Class 5 Equity Interests.  All of the requirements of

§ 1129(a) of the Bankruptcy Code, other than § 1129(a)(8) with respect to such Class,

have been met, and with respect to Class 5 holders of Equity Interests, no holders of any

interest junior to the Equity Interests will receive or retain under the Plan any property on

account of such junior interest.  Accordingly, the Plan is fair and equitable and does not

discriminate unfairly, as required by 11 U.S.C. § 1129(b), and may be confirmed

notwithstanding the deemed rejection of the Plan by Class 5.

20.     <u>No Other Plan (11 U.S.C. § 1129(c))</u>.  No other plan has been filed in

connection with the Chapter 11 Cases.

21.     <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of

the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of

the Securities Act of 1933, and no governmental unit has objected to confirmation of the

Plan on any such grounds.  Therefore, the Plan satisfies the requirements of 11 U.S.C. §

1129(d).

22.     <u>Terms of Service Settlement Agreement</u>.  The Service Settlement

Agreement is the product of arm's-length, good faith negotiations between the Service

and the Chapter 11 Trustee.  The Chapter 11 Trustee exercised reasonable and appropriate business judgment in determining to enter into the Service Settlement Agreement.  In evaluating the facts and circumstances, the Chapter 11 Trustee has considered the probability of success with respect to the parties' claims, counterclaims, and defenses, the complexity of the litigation, and the attendant expense, inconvenience, and delay, as well as the paramount interests of creditors in this proceeding.  Based upon those considerations, the Court concludes that the Service Settlement Agreement is fair and reasonable and falls above the lowest point in the range of reasonableness with respect to potential litigation outcomes. The Service Settlement Agreement is in the best interests of and will confer a significant benefit upon the Estates and their creditors.

23.    <u>No Objection to Deemed Rejection of Contracts and Leases</u>.  No party to an executory contract or unexpired lease to be rejected by the Chapter 11 Trustee pursuant to the Plan has objected to such rejection.

24.    <u>Plan Conditions to Confirmation</u>.  The conditions to Confirmation set forth in Section 11.1 of the Plan have been satisfied or waived in accordance with the terms of the Plan.

25.    <u>Plan Conditions to Consummation</u>.  Each of the conditions precedent to the Effective Date, as set forth in Section 11.2 of the Plan, is reasonably likely to be satisfied or waived in accordance with the terms of the Plan.

## **<u>DECREES</u>**

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

26.    <u>Confirmation</u>.  The Plan, as the same may be modified by the record of the

Confirmation Hearing and this Confirmation Order, is hereby approved and confirmed

pursuant to 11 U.S.C. § 1129.  If there is any direct conflict between the terms of the Plan

and the terms of this Confirmation Order, the terms of this Confirmation Order shall

control.  Unless otherwise provided herein, the terms of the Plan and the exhibits thereto,

as the same may be modified hereby, are incorporated by reference into, and are an

integral part of, this Confirmation Order.

27.    Objections.  All responses to, and statements and comments regarding, the

Plan, to the extent not already resolved or withdrawn pursuant to representations made on

the record at the Confirmation Hearing, shall be, and hereby are, overruled.

28.    Service Settlement Agreement.   The Service Settlement Agreement is

approved, and the Chapter 11 Trustee is authorized to take all actions necessary to

consummate same in accordance with its terms.

29.    Implementation/Consummation of Plan Documents.  The Chapter 11

Trustee, the Liquidating Trustee, and their respective agents and attorneys are hereby

authorized, empowered and directed to issue, execute, deliver, file or record any

document, and to take all other actions necessary or appropriate, in their sole discretion,

to enter into, implement, effectuate and consummate the contracts, instruments, releases,

indentures, and other agreements or documents created in connection with the Plan, and

any such document will be legal, valid and binding in accordance with its terms.

30.    Professional Fee Claims.  All holders of Professional Fee Claims must file

a final application for payment of any Professional Fee Claims (a "Final Fee

Application") with the Court no later than twenty (20) days after the Confirmation Date.

Any award granted by the Court shall be paid by the Liquidating Trustee from Cash upon

the date such Professional Fee Claim is Allowed, or as soon thereafter as is practicable, or upon such other terms as may be mutually agreed upon between such holder of an Allowed Professional Fee Claim and the Liquidating Trustee.  The Professionals employed by the Chapter 11 Trustee shall be entitled to reasonable compensation and reimbursement of actual and necessary expenses post-Effective Date for the fees and expenses incurred in the preparation, filing and prosecution of Final Fee Applications.

31.    <u>Rejection Damages Claims</u>.  If the rejection of any of the Debtor's pre-petition executory contracts or unexpired leases pursuant to the Plan gives rise to a Claim, a *Proof of Claim* must be filed with the Court and served upon the Liquidating Trustee's counsel no later than thirty (30) days after the Confirmation Date.  Any such claim not filed and served within such time period shall be forever barred and shall not be enforceable against the Estates, the Liquidating Trustee and their respective properties, agents, successors, or assigns.

32.    <u>Exemption from Transfer Taxes</u>.  In accordance with § 1146 of the Bankruptcy Code: (a) the issuance, transfer or exchange of any security under the Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, or the re-vesting, transfer or sale of any real or personal property of the Debtors pursuant to, in implementation of, or as contemplated by the Plan, (b) the making, delivery, creation, assignment, amendment or recording of any note or other obligation for the payment of money or any mortgage, deed of trust or other security interest under, in furtherance of, or in connection with the Plan, and the issuance,

renewal, modification or securing of indebtedness by such means, and (c) the making,

delivery or recording of any deed or other instrument of transfer under, in furtherance of,

or in connection with, the Plan, shall not be subject to any document recording tax, stamp

tax, conveyance fee or other similar tax, sales tax, mortgage tax, real estate transfer tax,

mortgage recording tax or other similar tax or governmental assessment.  Each recorder

of deeds or similar official for any county, city or governmental unit in which any

instrument under the Plan is to be recorded shall, pursuant to this Confirmation Order, be

ordered and directed to accept such instrument, without requiring the payment of any

such tax or governmental assessment.

33.    <u>Claims</u>.  Final allowance of a Claim pursuant to the provisions of the Plan

or an order of this Court shall not prejudice the rights of the Debtors, the Estates or the

Liquidating Trustee to investigate or prosecute Causes of Action, or to otherwise seek

reconsideration of a Claim under 11 U.S.C. § 502(j).

34.    <u>Notice Respecting Payment Information</u>.  On or before the tenth (10th) day

following the entry of this Confirmation Order, the Liquidating Trustee shall serve the

*Important Notice Respecting Payment Information* upon all record holders of Claims or

Equity Interests as of the Distribution Record Date who have not already completed the

Payment Information by causing such notice, substantially in the form attached as <u>Exhibit</u>

<u>"A"</u> hereto, to be delivered to such parties by electronic mail where possible and

otherwise by regular mail.  No other or further notice shall be required.

35.    <u>Payment of Claims</u>.  Notwithstanding any other provision of the Plan,

Participants shall have until January 13, 2021, to complete and return the Request for

13

Payment Information by accessing the link contained in the *Important Notice Respecting Payment Information.*

36.    <u>Payment Information</u>.  Participants must complete and return the Request for Payment Information by January 13, 2021.  All Participants must complete and return the information in items (i) and (ii) below (the "<u>Domestic Payment Information</u>").  Participants located outside the United States must also complete and return the information in item (iii) below (the "<u>Foreign Payment Information</u>" and, together with the Domestic Payment Information, the "<u>Payment Information</u>"):

<u>Domestic Payment Information</u>:

(i)    Identifying the method of payment for an Allowed Participant Claim, as set forth on screen 4 of the Request for Payment Information;

(ii)    Identifying whether the Participant elects the treatment provided for in Section 4.2(d) of the Plan, as set forth on screen 2 of the Request for Payment Information, if the Participant holds a Class 2 Claim;

<u>Foreign Payment Information</u>:

(i)    Identifying the method of payment for an Allowed Participant Claim, as set forth on screen 4 of the Request for Payment Information;

(ii)    Identifying whether the Participant elects the treatment provided for in Section 4.2(d) of the Plan, as set forth on screen 2 of the Request for Payment Information, if the Participant holds a Class 2 Claim;

(iii)    Certifying compliance with the Office of Foreign Assets Control, as set forth on screen 3 of the Request for Payment Information.

37.   <u>Bar to Distributions</u>.  **If a Participant does not complete and return the Payment Information by January 13, 2021, by completing and returning the Request for Payment Information, such Participant shall not be entitled to a distribution in these Chapter 11 Cases.   Only Participants whose Claims have been timely filed and are Allowed shall be entitled to receive a distribution.**

38.   <u>Cancellation of Existing Securities and Agreements</u>; <u>Release of Liens</u>.  Except as may otherwise be provided in the Plan, on the Effective Date: (a) all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts, agreements and any other documents or instruments evidencing Claims against the Debtors, together with any and all Liens securing same, shall be canceled, discharged and released without further act or action by any Person under any applicable agreement, law, regulation, order or rule, (b) the obligations of the Debtors thereunder shall be deemed cancelled and released, and (c) all of the right, title and interest of any holder of such mortgages, deeds of trust, Liens or other security interests, including any rights to any collateral thereunder, will revert to the Reorganized Debtors.  To the extent deemed necessary or advisable by the Liquidating Trustee, any holder of a Claim shall promptly provide the Liquidating Trustee with an appropriate instrument of cancellation, discharge or release, as the case may be, in suitable form for recording wherever necessary to evidence such cancellation, discharge or release, including the cancellation, discharge or release of any Lien securing such Claim.

39.   <u>Prosecution of Causes of Action by the Liquidating Trustee</u>.  The Liquidating Trustee, as the legal representative of the Reorganized Debtors, shall be authorized without further order of the Court to investigate, prosecute and liquidate all

Causes of Action. The Liquidating Trustee shall have the exclusive right and standing in any court of competent jurisdiction to assert and enforce against any Person any and all Causes of Action, rights, claims, cross-claims, counterclaims, third-party claims, objections and defenses of the Debtors and the Estates (including but not limited to the rights and powers of a trustee and debtor-in-possession), in each case that arose before or after the Petition Date.

40.    <u>Provisions of Confirmation Order Non-Severable and Mutually Dependent</u>. The provisions of this Confirmation Order are non-severable and mutually dependent.

41.    <u>Retention of Jurisdiction</u>. From and after the occurrence of the Effective Date, this Court shall have jurisdiction over the Chapter 11 Cases as set forth in Article XII of the Plan, and for the purposes of the Plan and such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan, to the extent that this Court may legally retain jurisdiction of such matters. All injunctions or stays provided for under 11 U.S.C. §§ 105 and 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

42.    <u>Binding Effect of Prior Orders, Etc</u>. Pursuant to 11 U.S.C. § 1141, all prior orders entered in the Chapter 11 Cases, and all documents and agreements executed by the Chapter 11 Trustee during the pendency of the Chapter 11 Cases that were authorized by the Court or permitted under the Bankruptcy Code, shall be, and hereby are, binding upon and shall inure to the benefit of the Reorganized Debtors and their respective successors and assigns, including the Liquidating Trustee.

43.     <u>Binding Effect of Plan</u>.  In accordance with 11 U.S.C. § 1141(a), the Plan (including the exhibits and schedules thereto, and all documents and agreements created pursuant to the Plan) and all of its provisions shall be, and hereby are, binding upon the Debtors, any Person acquiring or receiving property or a distribution under the Plan, any lessor or lessee of property to or from the Debtors, any party to a contract with the Debtors or the Estates, any person who granted or is a beneficiary of the exculpations contained in or provided for under the Plan, any creditor or equity security holder of the Debtors or the Estates, including all governmental entities, whether or not the Claim or Equity Interest of such creditor or equity security holder is impaired under the Plan and whether or not such creditor, equity security holder or entity has accepted the Plan, any and all non-debtor parties to executory contracts and unexpired leases with the Debtors, any and all Persons that are parties to or are subject to the injunctions described herein or in the Plan, any other party in interest, and the respective heirs, executors, administrators, successors or assigns, if any, of all of the foregoing.

44.     <u>Exculpation and Limitation of Liability; Permanent Injunction</u>.  The exculpation, release and permanent injunction provisions set forth in Article X of the Plan are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved and shall be, and hereby are, effective and binding, subject to the respective terms thereof, on all persons and entities who may have had standing to assert such Claims or Causes of Action, and no person or entity shall possess such standing to assert such Claims or Causes of Action after the Effective Date.

45.     <u>Filing and Recording.</u>  This Confirmation Order is and shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of

deeds, registrars of deeds, administrative agencies, governmental departments, secretaries

of state, federal, state, and local officials, and all other persons and entities, who may be

required, by operation of law, the duties of their office, or contract, to accept, file, register,

or otherwise record or release any documents or instruments.  Each and every federal,

state and local governmental agency is hereby directed to accept any and all documents

and instruments necessary, useful, or appropriate (including, without limitation, Uniform

Commercial Code financing statements and mortgages) to effectuate, implement and

consummate the transactions contemplated by the Plan and this Confirmation Order.

46.     <u>Effect of Reference to the Plan in this Confirmation Order</u>.  The failure to

reference or discuss any particular provision of the Plan in this Confirmation Order shall

have no effect on the validity, binding effect and enforceability of such provision, and

each provision of the Plan shall have the same validity, binding effect and enforceability

as if fully set forth in this Confirmation Order.

47.     <u>Headings</u>.  Headings utilized in this Confirmation Order are for

convenience of reference only, and shall not constitute a part of the Plan or this

Confirmation Order for any other purpose.

48.     <u>Notice of Entry of Confirmation Order and Effective Date</u>.  On or before

the tenth (10th) day following the entry of this Confirmation Order, the Liquidating

Trustee shall serve notice of entry of the Confirmation Order and the Effective Date (the

"<u>Plan Notice</u>") pursuant to FRBP 2002(f)(7), 2002(k), and 3020(c) on the United States

Trustee and all record holders of Claims or Equity Interests as of the Distribution Record

Date by causing the Plan Notice, substantially in the form attached as <u>Exhibit "B"</u> hereto,

to be delivered to such parties by electronic mail where possible and otherwise by regular mail.  No other or further notice shall be required.

49.    <u>Non-Occurrence of Effective Date</u>.  In the event that the Effective Date does not occur, then:  (i) the Plan; (ii) the assumption or rejection of executory contracts or unexpired leases pursuant to the Plan; (iii) any document or agreement executed pursuant to the Plan; (iv) any actions or injunctions authorized by this Confirmation Order or any order in aid of the consummation of the Plan; and (v) this Confirmation Order shall be deemed null and void *ab initio*.  In such event, nothing contained in this Confirmation Order, any order in aid of consummation of the Plan, or the Plan, and no acts taken in preparation for consummation of the Plan, (a) shall be deemed to constitute a waiver or release of any Claims or interest by or against the Debtors, the Estates or any other persons or entities, to prejudice in any manner the rights of the Debtors or the Estates or any Person in any further proceedings involving the Debtors or Estates or otherwise, or to constitute an admission of any sort by the Debtors or Estates or any other Persons as to any issue, or (b) shall be construed as a finding of fact or conclusion of law in respect thereof.

50.    <u>Consummation of Plan</u>.  Notwithstanding the provisions of FRBP 3020(e), this Confirmation Order may take effect immediately upon its entry, and the Chapter 11 Trustee is authorized, but not directed, to consummate the Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all other conditions precedent to the Effective Date.

Dated:  July 9, 2020

Melvin S. Hoffman
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In Re: | ) |
|  | )   **Chapter 11** |
|  | ) |
| **TELEXFREE, LLC ,** | )   **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | )   **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | )   **Case No. 14-40989-MSH** |
|  | ) |
| **Debtors.** | )   **Jointly Administered** |

**IMPORTANT NOTICE REGARDING PAYMENT INFORMATION**

## I.   WHY AM I RECEIVING THIS NOTICE:

The *TelexFree First Amended Liquidating Plan of Reorganization* ("Plan") filed on May 6, 2020 by Stephen B. Darr, the Chapter 11 Trustee ("Trustee") of TelexFree was confirmed by the United States Bankruptcy Court on _____ and became effective on _____ (the "Effective Date").  Confirmation, or approval, of the Plan provides the Trustee with the authority to make distributions to holders of Allowed Claims against TelexFree.

You are receiving this Notice because you have participated in TelexFree (a "Participant"), you have timely filed a Claim in TelexFree's bankruptcy cases which has been either conditionally allowed or may be subject to an objection, **and you have not yet provided all of the information required by you to receive payment. All Participants must complete and return the Request for Payment Information which can be accessed in Section II herein and is described below.**

**Domestic Payment Information** (for those Participants located within the United States):

(i)     You must let us know how you want to receive payment, as set forth on screen 4 of the Request for Payment Information;

(ii)    If you have a Class 2 Claim (a Claim for $4,250 or less), you must let us know if you want to receive a one-time payment equal to 43% of your Allowed Claim or if you want to elect to be treated as a Class 3 Claim and receive an initial payment of approximately 39% of your Allowed Claim **and** receive additional payments as they may become available, as set forth on screen 2 of the Request

Exhibit A

for Payment Information.[1]  There is no guarantee you will get more money or how much you will get.

**Foreign Payment Information** (for those Participants located outside the United States):

(i)     You must let us know how you want to receive payment, as set forth on screen 4 of the Request for Payment Information;

(ii)    If you have a Class 2 Claim (a Claim for $4,250 or less), you must let us know if you want to receive a one-time payment equal to 43% of your Allowed Claim or if you want to elect to be treated as a Class 3 Claim and receive an initial payment of approximately 39% of your Allowed Claim and receive additional payments as they may become available, as set forth on screen 2 of the Request for Payment Information.[2]  There is no guarantee you will get more money or how much you will get;

(iii)   You must certify compliance with the Office of Foreign Assets Control, as set forth on screen 3 of the Request for Payment Information.

## II.     HOW DO I PROVIDE THE PAYMENT INFORMATION

You can provide the Payment Information for Claim number _____ **by clicking HERE or by visiting https://payment.telexfreeclaims.com** and completing and returning the Request for Payment Information. Your username is _____ and your passcode is _____ . If you have difficulty or questions regarding payment options, please contact **questions@telexfreeclaims.com**.

## III.    HOW LONG DO I HAVE TO COMPLETE THE PAYMENT INFORMATION

You have until **January 13, 2021** to complete and return the Request for Payment Information.  You are encouraged to complete and return the Request for Payment Information as soon as possible because you will not receive a distribution unless it is completed and returned.

## IV.    WHAT HAPPENS IF I DO NOT COMPLETE THE PAYMENT INFORMATION

**If you do not complete and return the Request for Payment Information by January 13, 2021, you will not be entitled to a distribution in these Chapter 11 Cases.  You are required to provide the Payment Information regardless of whether your claim has been allowed.**

---

[1] On or about May 28, 2020, you should have received a document from the Trustee entitled "Important Notice Regarding Liquidating Plan" which described the treatment and payment of Allowed Participant Claims under the Plan.  A copy of this Notice can be found on **https://payment.telexfreeclaims.com**.

[2] Please see footnote 1.

-2-

Exhibit A

## V.        WHO IS ENTITLED TO GET A DISTRIBUTION

Only holders of Allowed Claims who complete and return the Request for Payment Information will be entitled to a distribution.  **If your claim has not yet been Allowed, it must be Allowed in order for you to receive a distribution.**  If you do not know the status or the amount of your Participant Claim, you can go to the Claims Register at the website **http://registry.telexfreeclaims.com**.  You can use that link to find your Claim information by typing in your Claim number.  If you cannot find your Claim, you can send an inquiry to **ClaimResponse@TelexFreeClaims.com**.

Stephen B. Darr, Chapter 11 Trustee
By his attorneys,

_____
Harold B. Murphy (BBO #362610)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108

July __, 2020

-3-

Exhibit A

https://payment.telexfreeclaims.com





**TelexFree Request for Payment Information**

Frequently Asked Questions | Logout

1 Plan — 2 Claim — 3 OFAC Certification — 4 Payment

## Welcome  [Creditor Name]

The *TelexFree First Amended Liquidating Plan of Reorganization* ("Plan") filed on May 6, 2020 by Stephen B. Darr, the Chapter 11 Trustee ("Trustee") of TelexFree was confirmed by the United States Bankruptcy Court on _____ and became effective on _____ (the "Effective Date").  Confirmation, or approval, of the Plan provides the Trustee with the authority to make distributions to holders of Allowed Claims against TelexFree.

You have not yet provided all of the information required by you to receive payment. All Participants must complete and return the Request for Payment Information requested herein.

**FOR YOUR REFERENCE**

Notice re Plan Confirmation Order and Effective Date

Important Notice Regarding Liquidating Plan 5/28/2020

Plan

BACK   **NEXT**

Exhibit A1



**TelexFree** Request for Payment Information

Frequently Asked Questions | Logout

① Plan ——— ② Claim ——— ③ OFAC Certification ——— ④ Payment

ITEM 1. YOUR CLAIM NO. _____ IN THE AMOUNT OF $_____ IS A CLASS ___ CLAIM.

ITEM 2. MAKE ELECTION REGARDING TREATMENT AND PAYMENT OF CLAIM

☐ YES, ELECT TO BE TREATED AND PAID AS A CLASS 3 GENERAL PARTICIPANT CLAIM HOLDER

☐ NO, YOU DO NOT ELECT THE TREATMENT ABOVE, YOU WISH TO REMAIN A CLASS 2 CONVENIENCE CLAIM PARTICIPANT

ITEM 3. AUTHORIZATION

By completing this Request for Information, I certify that I have full power and authority to direct payment selections for this claim.

ELECTRONICALLY SIGN

Type Full Name Here

_____

To electronically sign, please type in your name above.

IF THIS REQUEST IS MADE BY AN AGENT

Name of Signatory                                    Title

E-Mail                        Address                City, State and Zip

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS,
PLEASE EMAIL QUESTIONS@TELEXFREECLAIMS.COM

Language: ENGLISH  ESPAÑOL  PORTUGUÊS          BACK  SUBMIT

Exhibit A1



Exhibit A1

NOTE THAT DISPLAYED PAYMENT OPTIONS VARY BY COUNTRY



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 11** |
| | ) | |
| **TELEXFREE, LLC ,** | ) | **Case No. 14-40987-MSH** |
| **TELEXFREE, INC.,** | ) | **Case No. 14-40988-MSH** |
| **TELEXFREE FINANCIAL, INC.,** | ) | **Case No. 14-40989-MSH** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

## NOTICE OF (A) CONFIRMATION OF FIRST AMENDED LIQUIDATING PLAN OF REORGANIZATION, (B) EFFECTIVE DATE, AND (C) DEADLINES FOR FILING PROFESSIONAL FEE CLAIMS, AND LEASE AND CONTRACT REJECTION CLAIMS

**PLEASE TAKE NOTICE THAT**:

1.     *Confirmation of Plan*.  By order dated _____ (the "Order"), the United States Bankruptcy Court for the District of Massachusetts (the "Court") confirmed the *First Amended Liquidating Plan of Reorganization of Stephen B. Darr, Chapter 11 Trustee of TelexFree* (the "Plan") [doc. no. _____].  The Order is available for inspection at the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, and/or copies of the Order may be obtained upon request to the Trustee's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, Massachusetts, 02108, Attn: Andrew G. Lizotte, Esq., Email: ALizotte@murphyking.com.

2.     *Effective Date; Distribution*.  The Effective Date (as defined in the Plan) occurred on _____.  Creditors holding Allowed Claims against the Debtors' estates as of the distribution record date for purposes of the Plan will be entitled to receive distributions in accordance with the terms of the Plan.

3.     *Professional Fee Claims*.  In accordance with Paragraph 30 of the Order, all applications for final compensation and reimbursement of Professional Fee Claims incurred before the Effective Date shall be filed on or before twenty (20) days after the Confirmation Date, *i.e.*, _____, (the "Professional Fee Claim Bar Date"), unless otherwise ordered by the Court, and must be filed with the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, and served upon the undersigned counsel to the Trustee, so as to be received by the Professional Fee Claim Bar Date.

4.     *Contract/Lease Rejection Claims*.  All Claims arising from the rejection of executory contracts or unexpired leases under the Plan must be filed with the Office of the Clerk, United States

Exhibit B

Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, and served upon the undersigned counsel to the Trustee on or before thirty (30) days following the Confirmation Date, or _____.  Any such Rejection Claim that is not filed and served within such time shall be forever barred, and shall not share in any distributions under the Plan.  The Reorganized Debtors and the Liquidating Trustee shall have the right to object to any such Rejection Claim.


                                        Stephen B. Darr, Chapter 11 Trustee
                                        By his attorneys,


                                        _____
                                        Harold B. Murphy (BBO #362610)
                                        Andrew G. Lizotte (BBO #559609)
                                        Murphy & King, Professional Corporation
                                        One Beacon Street
                                        Boston, MA  02108
July __, 2020


                                    -2-


Exhibit B