**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 14-40987-MSH |
| TELEXFREE, LLC, et al. | ) | Case No. 14-40988-MSH |
| | ) | Case No. 14-40989-MSH |
| Reorganized Debtors | ) | Substantively Consolidated |
| | ) | |

**ORDER REGARDING EVIDENTIARY HEARING BY VIDEO**
**OF CONTESTED MATTER**

**Matter: Trustee's Third Omnibus Objection (ECF No. 2227) as to Claims of Brandon Zagarella (Claim No. 131729) and Joseph Zagarella Jr. (Claim No. 131732); Trustee's Seventh Omnibus Objection (ECF No. 2900) as to Claim of Joseph Zagarella (Claim No. 131730)**

To expedite and facilitate the evidentiary hearing in the above-referenced matters (the "Matter"), in accordance with the Court's September 10, 2020 Orders (ECF Nos. 3577, 3578), the Court orders as follows:

I. **GENERAL PROVISIONS**

1. **Evidentiary Hearing**. The evidentiary hearing on the Matter shall be held by video on **December 2, 2020, commencing at 10:00 AM** (the "Hearing"). No individual will be admitted into the courtroom for the Hearing or permitted to participate in the Hearing in any way not contemplated by this Order. This Order provides requirements related to the format of the Hearing.

2. **Service of Order.** Counsel and any pro se party shall promptly serve a copy of this Order on all witnesses they intend to call at the Hearing, and counsel shall promptly serve a copy of this Order on the party they represent in the Matter. Counsel and any pro se party shall file a certificate of service thereof certifying service as required by this Order prior to the Hearing. Service under this section does not replace any requirement to subpoena a non-party witness. *See* Fed. R. Civ. P. 45, made applicable to the Matter by Fed. R. Bankr. P. 9016.

3. **Hearing By Video**  As a result of the dangers presented by the COVID-19 pandemic, compelling circumstances exist that constitute good cause to require that all aspects of the Hearing, including witness testimony in the Matter, proceed by video transmission rather than in person. *See* Fed. R. Civ. P. 43(a), made applicable to the Matter by Fed. R. Bankr. P. 9017. The Court finds that the procedures adopted herein will provide adequate and "appropriate safeguards" for purposes of Rule 43(a) of the Federal Rules of

1

Civil Procedure and ensure due process of law. These procedures will: (i) enable the Court to identify, communicate with, and assess the demeanor of all witnesses in real time; (ii) enable counsel for the parties or a pro se party to see and hear the testimony of witnesses, interpose objections, and communicate with the Court in real time; (iii) enable the parties, the witnesses, and the Court to have simultaneous access to an identical set of pre-marked proposed exhibits; (iv) avoid any undue influence or interference with witnesses in connection with their testimony; and (v) preserve the ability of the parties to communicate with their counsel during the Hearing off the record, as the Court deems appropriate.

4. **The Video Platform.** The Hearing shall take place remotely using Zoomgov.com videoconference technology ("Zoom"). Zoom is available without charge for persons attending the Hearing. All counsel and witnesses who participate in the Hearing must undertake appropriate setup and testing of Zoom. Instructions for use of Zoom (the "Participant Guide for Video Hearings") and links to its tutorials can be found on the Court's website at:
http://www.mab.uscourts.gov/pdfdocuments/mab_participant_video_guide.pdf

5. **Required Equipment**. The Participant Guide for Video Hearings provides information on what equipment counsel and interested parties must have to participate in the Hearing, as well as helpful tips. By participating in the Hearing, counsel and interested parties affirm that they:

    a. Have reviewed the Participant Guide for Video Hearings;
    b. Have viewed Zoom tutorials as required by the Participant Guide for Video Hearings; and
    c. Understand that the Court will not provide technical support.

## II. INFORMATION REGARDING HEARING PARTICIPANTS

1. **Limit on Participation by Video.** Parties and counsel are encouraged to limit video participation to those who are necessary to the conduct of the Hearing. If the number of individuals wishing to participate in the Hearing, in the Court's view, exceeds the number which would permit the efficient, stable, and reliable transmission of the Hearing by video, the Court may require that certain individuals participate in the Hearing only by telephone. The Court will provide to each individual participating by telephone separate dial-in instructions, which may be used with any telephone equipment. See ¶ V.3. below for information on General Public Access.

2. **Notice of Participation.** Counsel and pro se parties (collectively "Participants") who will be actively participating in the Hearing **shall notify Courtroom Deputy Regina Brooks, at Regina_Brooks@mab.uscourts.gov, no later than 4:30 PM on November 25, 2020**. The notification shall include the name and email address of each of the Participants as well as their respective roles in the Hearing. The notification must include the telephone number at which the Participants may be reached during the Hearing and what type of device they will be using. Each of the Hearing Participants

must make reasonable efforts to be available for a test of Zoom when/if notified by the Courtroom Deputy.

Prior to the Hearing, the Courtroom Deputy will send an email to each Participant providing the login information to appear at the Hearing. Those who receive the Hearing login information from the Court may not forward or otherwise share that invitation with any other persons except that counsel may share the login information with their client and members of their firm and staff as necessary. Prior to the Hearing, the Courtroom Deputy will provide Hearing login information to all witnesses designated by the parties as set forth in ¶ III.2. below.

3. **Participation at Hearing.** All Participants expecting to participate in the Hearing and question a witness must attend the Hearing by video unless expressly exempted by the Court.

III. **WITNESSES**

1. **Remote Witness Testimony.** Each witness called to testify or be subjected to cross-examination at the Hearing must testify by contemporaneous video transmission using Zoom, as provided in this Order. The Court will administer the oath to each witness during the Hearing, and witness testimony will have the same effect and be binding upon each witness in the same manner as if such witness was sworn in by the Court in person in open court.

2. **Witness Information.** To provide additional safeguards for the acceptance of testimony from witnesses who are not physically present in the courthouse during the Hearing, the Participant calling a witness must submit to Courtroom Deputy Regina Brooks, at Regina_Brooks@mab.uscourts.gov, no later than **4:30 PM on November 25, 2020**, with a copy by email to all Participants, a list of witnesses who are reasonably anticipated to testify at the Hearing which must contain:

    a. The name and title of each witness;
    b. The place from which the witness will testify (e.g., "home," "office"), including city, state, and country (no addresses are required);
    c. The email address to which the Courtroom Deputy can send login information to the witness; and
    d. Whether anyone will be in the room with the witness during the testimony, and if so, who (name, title, relationship to the witness) and for what purpose.

3. **Responsibility for Remote Witnesses.** A Participant calling a witness shall be responsible for:

    a. serving each witness with a copy of this Order and filing a Certificate of Service to that effect prior to the Hearing;
    b. ensuring that the witness has received the login information from the Courtroom Deputy; and

    c.    ensuring that the witness has or has been offered access to: (i) all relevant exhibits prior to the Hearing; (ii) Zoom; and (iii) internet service and required hardware at a suitable location sufficient to participate in the Hearing.

Witnesses must make reasonable efforts to be available for a test of Zoom when/if notified by the Courtroom Deputy.

4. **Non-Party Witnesses Who Are Subject to a Subpoena.**  Non-party witnesses whose appearance has been compelled by a subpoena or who have agreed to appear without service of a subpoena ("Non-party Witnesses") shall promptly provide to the Participant who intends to call them as a witness all of the information contemplated in ¶ III.2. Non-Party Witnesses shall make reasonable efforts to ensure their participation by video as contemplated by this Order, including, if a Non-Party Witness is unable to ensure access and a stable connection as recommended by the Participant Guide for Video Hearings, *see* http://www.mab.uscourts.gov/pdfdocuments/mab_participant_video_guide.pdf, by appearing at a location offered by the Participant at which appropriate equipment has been provided.

5. **Conduct of the Witness During Testimony**.  When called to testify, a witness must be situated in such a manner as to be able to view the video screen and be seen by the Court. The Court and the Participants must be able to see clearly the entire face and shoulders of the witness.  Unless otherwise permitted by the Court, while a witness is testifying at the Hearing, the witness shall not communicate with any person by any means, such as email, text, or handwritten notes, other than through the witness's sworn testimony. During testimony, the witness will not access any exhibits, notes, documents, emails, texts, or other electronically stored information or exhibits, except as directed by counsel or the Court.

6. **Witness Responsibilities During Testimony.**  Any witness who testifies during the Hearing is bound by the provisions of this Order and is subject to the imposition of sanctions for failure to comply with this Order as set forth in ¶ V.6.

## IV.    EXHIBITS

1. **Marking Exhibits**.  Each Participant must pre-mark copies of the proposed exhibits that the Participant reasonably anticipates offering at the Hearing.  The Participants shall identify the proposed exhibits using designations agreed to by the Participants or ordered by the Court.

2. **Organizing Exhibits**.  All pre-marked proposed exhibits must be aggregated into a PDF file or files, with a table of contents and bookmarks for each individual exhibit contained in the file(s) ("PDF Exhibits").

In addition, exhibits must be organized in a physical binder or set of binders (the "Exhibit Books") for the Court, with a table of contents and tabs for each individual exhibit

contained in the Exhibit Books.  The Exhibit Books shall contain cover labels conspicuously identifying the contents (to help the Court to locate quickly the appropriate binder during the Hearing).

3. **Delivering Exhibits to Opposing Participants and the Court**.  Each Participant must send, by email or other electronic means as may be approved by the Court, the PDF Exhibits **by 4:30 PM on November 25, 2020**, to: (i) opposing Participants; and (ii) the Courtroom Deputy Regina Brooks, at Regina_Brooks@mab.uscourts.gov.

   In addition, each party must deliver the Exhibit Books to the Court at the John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109, **by 4:30 PM on November 25, 2020**.  Please contact the Courtroom Deputy Regina Brooks, at Regina_Brooks@mab.uscourts.gov, in advance to arrange for delivery.

4. **Delivering Exhibits to Witnesses.**  Each Participant must provide, via email or other electronic means, the PDF Exhibits to each witness who may testify at the Hearing and ensure that the PDF Exhibits are actually received by the witnesses prior to the day of the trial/evidentiary hearing.  By agreement of the parties, a Participant may provide the Exhibit Books to a witness, in lieu of providing the PDF Exhibits, by the deadline set forth above.

5. **Presenting Exhibits at the Hearing**.  Participants will use the Share Screen option on Zoom for the presentation of exhibits.  Prior to the Hearing, the Participants must ensure that they are able to use Share Screen to enable the Court to identify and, if permitted, enter into evidence their proposed exhibits.

6. **Impeachment/Rebuttal Exhibits.**  If a Participant wishes to use a document solely for impeachment or rebuttal purposes and such document was not contained in the PDF Exhibits or Exhibit Books, the Participant must be prepared to simultaneously email a PDF copy of the document to the Court and the witness during the Hearing.

## V. <u>ADDITIONAL PROVISIONS</u>

1. **Courtroom Formalities**.  Although it will be conducted by video, the Hearing constitutes a court proceeding, and all formalities of a court proceeding must be observed in all respects, including proper decorum and attire.  Unless otherwise ordered by the Court, the Participants must keep their video on at all times during the Hearing.

2. **Recesses**.  Parties may request a private Zoom breakout room or confer during recess by telephone or by other means provided that there is no communication with a witness who has been called to the stand before that witness's testimony is concluded.

3. **General Public Access**.  The Hearing is open to the public.  The public is invited to listen to the Hearing by telephone.  Any person wishing to listen to the Hearing by telephone must email the Courtroom Deputy.  Please note that if a request is not made at

least one business day before the Hearing, the Courtroom Deputy may not be able to respond.

4. **Recording Prohibited; Official Record**. No person may record or capture images during the Hearing from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the Hearing.

5. **Share Screen.** The Share Screen function can only be used as permitted by the Court.

6. **Failure to Comply with This Order.** Failure to appear at the Hearing or to comply with any terms of this Order, including the deadlines set forth herein, may result in further orders including the imposition of sanctions on a witness, party, or counsel by, *inter alia*, reprimand, fine, award of attorneys' fees, exclusion of proposed exhibits, prohibition against a party from offering testimony, and/or the entry of a dismissal or default, all as the circumstances warrant.

Dated: October 28, 2020

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

6