# EXHIBIT A

## SETTLEMENT AGREEMENT

This Agreement is intended to set forth the terms of a settlement by and between Stephen B. Darr, the Liquidating Trustee (the "Trustee") of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, "TelexFree") and the Class Representatives on behalf of all Class Defendants in Adversary Proceeding Nos. 16-4006 and 16-4007.

Upon execution of this Settlement, the parties will jointly move for preliminary approval of the Settlement. In accordance with Fed. R. Civ. P. 23(e), upon approval of the Motion for Preliminary Approval of Class Settlement, a further hearing will be requested for final approval of the Settlement.

| I. Defined Terms | Capitalized Terms not otherwise defined in this Term Sheet shall have the following meanings:<br><br>1. "Cash" shall mean lawful currency of the United States of America, whether paid by check, credit card, wire transfer, cashier's check drawn on a financial institution, certified check, money order, eWallet, paypal, or other third party payment provider.<br><br>2. "Class Defendant" shall mean a Participant who is the owner of a User Account Cluster with Presumed Net Winnings.<br><br>3. "Credit Transfer" shall mean a transaction in which a Participant transfers credits from his/her User Account to another Participant's User Account.<br><br>4. "Debtors" shall mean the bankruptcy estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc.<br><br>5. "Defendant Classes" shall mean the classes certified under Fed. R. Civ. P. 23(a) and 23(b)(1) in the *Class Certification Order and Approval of Class Counsel* [A.P. No. 16-04006, Doc. 194] and the *Class Certification Order and Approval of Class Counsel* [A.P. No. 16-04007, Doc. 479].<br><br>6. "Direct Transaction" shall mean a transaction in which a Participant: (a) paid Cash to the Debtors to satisfy an invoice; (b) paid Cash to the Debtors to purchase credits; or (c) received Cash from the Debtor for the redemption of credits.<br><br>7. "Electronic Portal" shall mean an online portal for providing the Class Defendants with detailed account information for each User Account Cluster. |
|---|---|

1

8. "Freer Report" shall mean the Expert Report of Dr. Cameron E. Freer.

9. "Lowest Rep ID" shall mean the lowest numbered Rep ID within a User Account Cluster.

10. "Maximum Liability" shall mean, for each Participant, Presumed Net Winnings modified as set forth in Section IV(II)(d).

11. "Motion for Preliminary Approval of Class Settlement" shall mean a joint motion filed by the Trustee and the Class Representatives with the Court in accordance with Fed. R. Civ. P. 23(e).

12. "Net Credit Transfers" shall mean the balance of Credit Transfers for each User Account Cluster, calculated as the total of credits transferred out of the User Account Cluster, reduced by the total of credits transferred into the User Account Cluster.

13. "Net Winnings" shall mean the aggregate amount of Cash allegedly received by a Participant through Direct Transactions and Triangular Transactions in excess of the aggregation amount of Cash allegedly paid by that Participant in Direct Transactions and Triangular Transactions.

14. "Net Losses" shall mean the aggregate amount of Cash allegedly paid by a Participant in Direct Transactions and Triangular Transactions in excess of the aggregate amount of Cash allegedly received by that Participant in Direct Transactions and Triangular Transactions.

15. "Participant" shall mean any person who established a User Account with TelexFree.

16. "Presumed Net Winnings" shall mean the amount of Net Winnings attributed to a User Account Cluster of a Participant as set forth on Exhibits 6 and 7 to the Freer Report.

17. "Rep ID" shall mean the unique User Account identifier in the TelexFree database that auto-incremented as new User Accounts were created.

18. "Settlement Order" shall mean a final order of the Bankruptcy Court approving the Class Settlement.

19. "Triangular Transaction" shall mean a transaction in which a recruiting Participant used his/her credits to purchase a membership

| | |
|---|---|
| | plan for a recruited Participant, and the recruited Participant paid Cash to the recruiting Participant in an amount equal to the cost of the membership plan.<br><br>20. "TelexFree" shall mean TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc.<br><br>21. "Trustee" shall mean Stephen B. Darr, the duly appointed Chapter 11 trustee and now Liquidating Trustee for the Debtors.<br><br>22. "User Account" shall mean an account established by a Participant.<br><br>23. "User Account Cluster" shall mean the aggregation of all User Accounts attributed to a Participant, as identified in the Freer Report. |
| **II. Agreed Findings** | The Motion for Preliminary Approval of Class Settlement shall request that the Court enter the following agreed findings of fact and conclusions of law:<br><br>a. The payments made to Participants, as reflected in the Presumed Net Winnings, were made within two years of the Petition Date.<br><br>b. An amount equal to a Participant's Maximum Liability, as calculated pursuant to this Settlement, constitutes transfers of assets of the Debtor that are avoidable by the Trustee under the Bankruptcy Code, subject to the right of a Participant to rebut the presumptions set forth in (g), (h), and (i) below.<br><br>c. The Debtors were insolvent at all relevant times.<br><br>d. The Trustee has established his *prima facie* case that, in determining the monetary value of a Participant's Presumed Net Winnings, a Credit is equal to a US Dollar, and the burden shall be on the Participant to offer evidence to rebut the Trustee's *prima facie* case.<br><br>e. The three class action proofs of claim filed by the Defendant Classes on March 15, 2017 with the Bankruptcy Court shall be deemed withdrawn with prejudice.<br><br>f. Except for the rights expressly reserved herein, all other defenses to a Participant's liability to the Trustee for a Participant's Presumed Net Winnings are waived.<br><br>g. The Trustee has established his *prima facie* case that ownership of a User Account Cluster is ascribed to the person identified by the Lowest |

Rep ID, subject to the right of a Participant to challenge the ownership of the User Account Cluster based upon the Lowest Rep ID.

h.  The Trustee has established his *prima facie* case that the User Account Clusters in Exhibits 6 and 7 to the Freer Report correctly aggregate User Accounts by Participant, subject to the right of a Participant to challenge the ownership of individual User Accounts within a User Account Cluster.

i.  The Trustee has established his *prima facie* case that the Presumed Net Winnings for each User Account Cluster are accurate, and that the Net Credit Transfers as calculated by Huron Consulting Group from SIG using the User Account Clusters in the Freer Report are accurate, subject to the right of a Participant to challenge Cash payment amounts identified as being received by that Class Defendant in a Triangular Transaction or Credit Transfer.

j.  Nothing herein shall be deemed as an admission by any Participant of an intent to engage in a fraudulent act.

k.  No Participant who is part of the Defendant Class shall have liability to the Trustee greater than their respective Maximum Liability.

l.  The above prima facie findings can be overcome with credible testimonial or documentary evidence, as determined by the finder of fact.

m.  Participants may not assert any defenses to the Maximum Liability other than those articulated in this Settlement.

n.  All notices required for this Settlement shall be made, at the election of the Trustee, by electronic mail. If such notice is not returned as undeliverable, the Participant shall be presumed to have received notice. If such notice is returned as undeliverable, the Participant shall be presumed to have not received notice. This presumption shall not apply to any Participant who changed their electronic mail address on or after January 1, 2024. Nothing herein shall prohibit the Trustee from seeking approval of alternate notice in the event of an undeliverable electronic notice.

o.  The Order of Notice with respect to the Settlement shall provide that Class Defendants will be given: (a) a courtesy link to the Complaints, as Amended; (b) the amount of Maximum Liability attributed to the Participant pursuant to the Settlement; (c) the Settlement Amount (defined below); and (d) instructions for use of the Electronic Portal.

| | |
|---|---|
| **III. Electronic Portal** | a. The Electronic Portal shall be established by the Trustee.<br><br>b. The Electronic Portal shall make available detailed User Account data for each User Account Cluster to the Class Defendants.<br><br>c. The Electronic Portal shall provide Class Defendants with the mechanism to contest their Presumed Net Winnings in accordance with sections II(g), (h), and (i), or to elect the Settlement Option and pay the Settlement Amount.<br><br>d. Class Defendants will receive notification by electronic mail of the activation of the Electronic Portal, as well as instructions for use of the portal.<br><br>e. The Electronic Portal shall provide the Class Defendants with a portal link for Class Defendants to contact MRDK to obtain assistance reviewing the Presumed Net Winnings and determining whether to accept the settlement or contest the Presumed Net Winnings.<br><br>f. All Class Defendants who enter into a settlement with the Trustee shall receive a full release from the Trustee of claims held by the Trustee or the TelexFree estates. |
| **IV. Individual Assessment of Damages** | Within one hundred twenty (120) days from the notice of activation of the Electronic Portal, each Class Defendant shall access the Electronic Portal and either: (i) contest the Presumed Net Winnings; or (ii) elect the Settlement Option and pay the Settlement Amount, as described below. The Class Defendants who elect to contest the Presumed Net Winnings waive the rights to the discounts of the Maximum Liability set forth in IV((II)(e).<br><br>I. **Contesting Presumed Net Winnings**<br><br>a. The Class Defendant may submit a response ("Response") to challenge only those matters set forth in sections II (g), (h), and (i). These presumptions can be overcome with credible testimonial or documentary evidence, as determined by the finder of fact.<br><br>b. The Response must set forth in detail the basis for any challenge and provide such supporting documentation upon which the Class Defendant intends to rely and identify any witnesses whom the Class Defendant intends to call at any hearing regarding this matter. |

5

c. Any challenge to an individual Triangular Transaction payment or Credit Transfer payment shall be applied, first, against the total amount of Triangular Transactions and Credit Transfers attributable to a Participant and shall not reduce the Maximum Liability until the existing discount is exceeded. For example, if a Participant had $100,000 in Triangular Transaction receipts, the Maximum Liability computation would reduce this amount by 15%, to $85,000. If the Participant successfully challenged $15,000 of Triangular Transaction receipts, there would be no reduction in Maximum Liability. The Participant's challenge would need to exceed the 15% discount already provided in order for there to be any reduction in Maximum Liability and the reduction would be only to the extent the discount is exceeded.

d. If a timely Response is submitted and the Trustee is unable to resolve the dispute, the Trustee may request that the Court enter a pretrial scheduling order. If a timely Response is submitted and the Trustee is able to reach a consensual resolution of the claim with the Class Defendant, the Trustee may file a Notice of Settlement with notice provided only to ECF parties.

e. If no timely Response is filed by a particular Class Defendant, the Trustee may file with the Court an Affidavit of No Response and request entry of judgment against the Class Defendant in the amount of the Maximum Liability amounts, as calculated pursuant to IV(II)(d) below.

II. **Settlement Option**

a. A Participant may settle their liability in lieu of exercising their rights under II (g), (h), and (i) by electing the Settlement Option on the Electronic Portal. In such event, the Participant shall pay: (1) the Settlement Amount, discounted by 20% if paid within 90 days of accessing the Electronic Portal; or (2) the Settlement Amount in installments, with interest, provided that a payment plan is made that is acceptable to the Trustee. If no payment plan is made acceptable to the Trustee, the Settlement Option shall consist only of (1) above.

b. If a Participant elects the Settlement Option in IV(II)(a)(1) and fails to timely pay the Settlement Amount, the Trustee may file an Affidavit of noncompliance and judgment shall enter against the Participant in the amount of the Maximum Liability, with notice only to ECF parties and the affected Participant.

|  | |
|---|---|
|  | c. If a Participant elects the Settlement Option in IV(II)(a)(2) after reaching terms acceptable to the Trustee and fails to timely pay the Settlement Amount, the following provisions shall apply:<br><br>1. If the Participant has paid less than 75% of the principal balance of the Settlement Amount, the Trustee may file an Affidavit of noncompliance and judgment shall enter against the Participant in an amount equal to: (x) one-half of the Maximum Liability less (y) the amount of principal payments made on the Settlement Amount (but excluding interest payments), with notice only to ECF parties and the affected Participant.<br><br>2. If a Participant has paid 75% or more of the principal balance of the Settlement Amount, the Trustee may file an Affidavit of noncompliance and judgment shall enter against the Participant in an amount equal to: (w) the original Settlement Amount plus (x) interest accrued on the original Settlement Amount at the rate of 18% per annum without deduction for any payments made, plus (y) attorneys' fees equal to 20% of the original Settlement Amount, less (z) the amount of principal payments made on the Settlement Amount (but excluding interest payments), with notice only to ECF parties and the affected Participant.<br><br>d. For purposes of Settlement, the Maximum Liability will be recalculated as follows.<br><br>(1) 100% of Direct Transactions;<br>(2) 85% of Triangular Transactions; and<br>(3) 85% of Net Credit Transfers.<br><br>e. The Settlement Amount of the Maximum Liability shall be computed as follows:<br><br>(1) 0% of Maximum Liability between $0 and $24,999;<br>(2) 33% of Maximum Liability between $25,000 and $99,999;<br>(3) 25% of Maximum Liability between $100,000 and $249,999; and<br>(4) 20% of Maximum Liability greater than $250,000.<br><br>The Class Representatives shall be entitled to a $15,000 credit against their Settlement Amount, after the discounts in this Section IV have been applied. |
| V. Class Counsel Fees | The Trustee agrees to pay reasonable Class Counsel fees for accrued and unpaid fees and expenses, and for the resolution of this litigation, not to exceed $100,000.00. Class Counsel irrevocably waives any right to seek |

7

|  | further payment of fees from the TelexFree estates. StoneTurn shall not be entitled to any additional compensation from the TelexFree estates. |
|---|---|

 

         Respectfully submitted,

         STEPHEN B. DARR, LIQUIDATING
         TRUSTEE,
         By his counsel:

Dated: August 15, 2024    /s/ Andrew G. Lizotte
         Charles R. Bennett, Jr. (BBO #037380)
         Andrew G. Lizotte (BBO #559609)
         Alexandra M. Papas
         MURPHY & KING,
         Professional Corporation
         28 State Street, 31st Floor
         Boston, MA 02109
         Telephone: (617) 423-0400
         ALizotte@murphyking.com

         DEFENDANT CLASS REPRESENTATIVE
         FRANTZ BALAN
         By his counsel,

         /s/ Ilyas J. Rona
         Ilyas J. Rona, Esq. (BBO #642964)
         Michael J. Duran, Esq. (BBO #569234)
         MILLIGAN RONA DURAN & KING LLC
         28 State Street, Suite 802
         Boston, Massachusetts 02109
         (617) 395-9570
         ijr@mrdklaw.com

DEFENDANT CLASS REPRESENTATIVES
MARCO PUZZARINI AND SANDRO PAULO
FREITAS,
By counsel,

/s/ Ilyas J. Rona
Ilyas J. Rona, Esq. (BBO #642964)
Michael J. Duran, Esq. (BBO #569234)
MILLIGAN RONA DURAN & KING LLC
28 State Street, Suite 802
Boston, Massachusetts 02109
(617) 395-9570
ijr@mrdklaw.com

835014